IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

AMBER HATCHER, and GREGORY
HATCHER, by her next friend
    Plaintiffs,

vs.                          Case Number: 2:13-cv-138-Ftm-99DNF

DESOTO COUNTY SCHOOL DISTRICT
BOARD OF EDUCATION, SHANNON
FUSCO, ERMATINE JONES and ADRIAN
CLINE,
    Defendants.

## DEFENDANT'S, SHANNON FUSCO, DISPOSITIVE MOTION TO DISMISS

COMES NOW, Defendant, SHANNON FUSCO, by and through her undersigned counsel and files her Dispositive Motion to Dismiss, and as good cause in support thereof, Defendant would show:

1. Plaintiff has brought a § 1983 claim against SHANNON FUSCO in her individual and official capacity.

2. The allegations of the Complaint do not state a cause of action upon which relief can be granted, and should be dismissed pursuant to Rule 12(b)(6).

3. Insofar as SHANNON FUSCO has been sued in her official capacity, the claim is duplicitous of the claim against her governmental employer, DESOTO COUNTY SCHOOL DISTRICT.

4. Insofar as SHANNON FUSCO has been sued in her individual capacity, this Defendant is entitled to qualified immunity.

5. Insofar as SHANNON FUSCO has been sued in her individual capacity, injunctive relief is not available to Plaintiff.

WHEREFORE, Defendant, SHANNON FUSCO, respectfully requests that this Honorable Court enter an Order dismissing her as a defendant in this action, along with such other relief as the Court deems just and proper.

## INCORPORATED MEMORANDUM OF LAW

For the reasons set forth below, Defendant, SHANNON FUSCO, respectfully requests that she be dismissed from this action with prejudice.

### I. Standard of Review for Motion to Dismiss

The standard for review of a motion to dismiss is discussed by this District in the case of Rosy Blue, NV v. Davis, 2007 WL 1247154 (M.D. Fla. 2007):

> In ruling on a motion to dismiss, this Court must view the complaint in the light most favorable to the Plaintiff. Scheuer v. Rhodes, 416 U.S. 232, 94 S.Ct. 1683, 40 L. Ed. 2d 90 (1974), and must limit its consideration to the pleadings and any exhibits attached thereto. Fed. R. Civ. P. 10(c); *see also* GSW, Inc. v. Long County, Ga., 999 F.2d 1508, 1510 (11th Cir. 1993). The Court will liberally construe the complaint's allegations in the Plaintiff's favor. Jenkins v. McKeithen, 395 U.S. 411, 421, 89 S.Ct. 1843, 23 L.Ed.2d 404 (1969). Plaintiff must plead "enough facts to raise a reasonable expectation that discovery will reveal evidence of illegal [conduct]." Bell Atlantic Corp. v. Twombly, 550 U.S. ----, ----, 127 S.Ct. 1955, 1965, 167 L. Ed. 2d 929 (2007). In ruling on a motion to dismiss, "conclusory allegations, unwarranted factual deductions or legal conclusions masquerading as facts will not prevent dismissal." Davila v. Delta Air Lines, Inc., 326 F.3d 1183, 1185 (11th Cir. 2003).

Id.

Under the federal rules, while notice pleading may not require the pleader to allege a specific fact to cover every element or allege with precision each element of a claim, it is necessary that a complaint contain either direct or inferential allegations

respecting the material elements to sustain a recovery under some viable theory. Fed.R.Civ.P. 8(a); Roe v. Aware Woman Center for Choice, Inc., 253 F.3d 678, 684 (11th Cir. 2001). In addition, a defendant is entitled to know the extent of the claim being made against it, as well as the nature. United States v. Classified Parking System, 213 F.2d 631, 633 (5th Cir. 1954).

Therefore, in order to survive a motion to dismiss, a plaintiff may not merely label his claims, but at a minimum, is required to provide a short and plain statement that will give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests. Mayle v. Felix, 545 U.S. 644 (2005); Lamar Advertising of Mobile, Inc. v. City of Lakeland, Florida, 980 F. Supp. 1455, 1455-1457 (N.D. Fla. 1997). In addition, a court should not accept conclusory allegations or legal conclusions masquerading as factual conclusions. Desai v. Tire Kingdom, Inc., 944 F. Supp. 876, 878 (M.D. Fla. 1996).

## II. Factual Allegation of Complaint

Plaintiff asserts a § 1983 claim against SHANNON FUSCO in her official and individual capacities. (Complaint, ¶ 9). FUSCO is the Principal of Desoto County High School. (Id., ¶ 6). HATCHER provided information to FUSCO and asked permission to participate in the "Day of Silence" event. (Id., ¶ 19). FUSCO refused to provide HATCHER with "assurances," informed her that protests were against District policy, and that the School Superintendent "denied permission" to students to participate. (Id., ¶ 20). HATCHER appealed an unspecified decision of FUSCO to the Superintendent. (Id., ¶ 21). The Superintendent informed FUSCO that he would not approve the activity on the District's campuses. (Id. ¶ 26). FUSCO relayed to

HATCHER that the Superintendent denied permission for students to participate in the Day of Silence. (Id., ¶ 27). FUSCO informed the Superintendent that she had relayed the message to HATCHER. (Id., ¶ 28). FUSCO informed the Superintendent that HATCHER had twice provided "documentation" on why the Day of Silence should be allowed, and that FUSCO would clarify the matter with her in the morning." (Id., ¶¶ 29-30). FUSCO informed HATCHER of disciplinary consequences if HATCHER "was quiet" the next day. (Id., ¶ 32). FUSCO discussed the matter with HATCHER's parents. (Id., ¶ 33). FUSCO sent an email informing teachers that if there was disruptive activity, to inform administration, which would handle the matter. (Id., ¶ 39). HATCHER was sent to the Dean of Student's office because she wore a shirt promoting Day of Silence, kept silent, passed out information, and communicated via a dry-erase board. (Id., ¶¶ 40, 41, 43). HATCHER became belligerent and refused to answer questions. (Id., Exhibit G). Hatcher received an in school suspension. (Id., ¶ 46).

Paragraph 52 indicates that Exhibit H indicates that HATCHER was disciplined for wearing a shirt, however, this is a conclusion unsupported by Exhibit H.

### III. <u>Argument</u>

#### A. <u>The Official Capacity Claim is Duplicitous</u>

Plaintiff has sued FUSCO in her official capacity. Lawsuits against a government official in their official capacity are suit against the governmental entities they represent. Kentucky v. Graham, 473 U.S. 159, 165 (1985). *See also* Howell v. Douglas County School District, 2008 WL 1815587 at *3 (N.D. Ga. 2008) ("Where, as here, a government employee is sued in his official capacity and the government entity is

also a named defendant, courts have held that a plaintiff should name the entity itself, rather than an individual official in his official capacity"). The official capacity claim against FUSCO should be dismissed as duplicitous of the claim against the DESOTO COUNTY SCHOOL DISTRICT.

### B. Plaintiff's Fourteenth Amendment Claim

Because the Supreme Court has "always been reluctant to expand the concept of substantive due process" it has held that "where a particular Amendment provides an explicit textual source of constitutional protection against a particular sort of governmental behavior, that Amendment, not the more generalized notion of substantive due process, must be the guide for analyzing" a claim. County of Sacramento v. Lewis, 523 U.S. 833, 841 (1998). Plaintiff's alleged cause of action is clearly within the realm of the First Amendment.

Plaintiff, in Counts VIII and IX, attempts to assert an equal protection claim, however, the allegations of the Complaint fall short of a cognizable claim. The Complaint fails to demonstrate that Plaintiff was subjected to unequal treatment by the Defendants. There is no allegation that Defendants permitted protests of causes that Defendants supported while suppressing protests of causes Defendants disfavored, as suggested in Paragraph 135. Plaintiff has failed to demonstrate that others were allowed opportunities to express themselves that she was denied. In any event, it is well established that schools have some control over the speech rights of its students on campus during school hours. In Heinkel v. School Board of Lee County, Florida, 194 Fed. Appx. 604 (11th Cir. 2006), the Eleventh Circuit decided a case strikingly similar to

the instant matter. Heinkel wanted to commemorate a "Day of Remembrance" which had been "set aside to remember the 40 million children who have been lost to elective abortion." Id. at 605. "To observe the 2004 Day of Remembrance, Heinkel wished to wear a Day of Remembrance t-shirt, take a vow of silence during non-instructional time, and distribute materials about abortion and abortion alternatives to her classmates during non–instructional time." Id. at 606. Heinkel's request was denied. Id. In finding for the School Board, the Eleventh Circuit held "the balancing of expression and discipline is an exercise in judgment for school administrations and school boards, subject only to the constitutional requirement of reasonableness under the circumstances." Id. at 610.

Because Plaintiff's alleged claim is textually supported by the First Amendment and no cognizable equal protection claim has been made, Fourteenth Amendment analysis is not appropriate.

### C. Injunctive Relief is not Appropriate Against this Defendant

Injunctive relief against a government official defendant in their individual capacity is inappropriate with regard to that defendant's official duties. Evans v. Bayer, 684 F.Supp.2d 1365, 1369 (S.D. Fla. 2010). The present case is indistinguishable from Bayer, injunctive relief is not available against FUSCO in her individual capacity, and the request for injunctive relief in her official capacity is duplicitous of the injunction sought against the School District.

### D. FUSCO is Entitled to Qualified Immunity

FUSCO is entitled to qualified immunity because she was operating in her discretionary capacity and she did not violate a clearly established constitutional right of the Plaintiff. Id. at 1369. FUSCO acted within her discretionary capacity if she was "performing a legitimate job related function…through a means that were within [her] power." Id. As Evans instructs, a principal's duties include the administration of discipline; and suspending a student falls within a principal's "arsenal of powers" in the administration of discipline. Id.

Having established that FUSCO was acting in her discretionary capacity, the burden has shifted to HATCHER to demonstrate that FUSCO violated a clearly established right. Id. She cannot do so.

Heinkel instructs that "the balancing of expression and discipline is an exercise in judgment for school administrations and school boards subject only to the constitutional requirement of reasonableness under the circumstances." Heinkel, 194 Fed. Appx at 610. Whether a topic is "a very emotional issue" or can "create some anger" or "become disruptive to the educational setting" are valid considerations. Id. The Eleventh Circuit has previously held that the expression of sexuality is one of the issues that a school may constitutionally regulate. Virgil v. School Board of Columbia County, 862 F. 2d 1517, 1523 (11th Cir 1989). HATCHER's representation that students may "speak out" against their antagonists creates valid concerns of anger. Furthermore, as this was an in-classroom protest during instructional time, refusing to speak or communicating through a dry erase board is disruptive to the educational setting.

Plaintiff's claim is about more than the mere wearing of an expressive shirt. The exhibits to the Complaint reveal that Plaintiff was attempting to organize an on-campus protest involving numerous students (Complaint, Exhibit A). The participants planned to hang posters on walls, regardless of whether the posters were approved by the school administration. (Id.). Plaintiff anticipated that students would "speak out" against other students. (Id.). Plaintiff was also belligerent to the Dean of Students and refused to answer questions or follow directions. (Complaint, Exhibit G).

A school administrator has the right to maintain order on a campus, which includes guarding against a disruption caused by student speech. Heinkel, 194 Fed. Appx at 610. "The educational process is thwarted by the milling, mooing, and haranguing, along with the aggressiveness that often accompanies a constitutionally-protected exchange of ideas on the street corner." Shaney v. Northeastern Independent School District, 462 F.2d 960, 968 (5th Cir. 1972). "Because high school students and teachers cannot easily disassociate themselves from expressions directed towards them on school property and during school hours…the exercise of rights of expression in the high schools…is subject to reasonable constraints more restrictive than those constraints that can normally limit First Amendment freedoms." Id. at 968-969. "[E]xpression by high school students can be prohibited altogether if it materially and substantially interferes with school activities or with the rights of other students or teachers, or if the school administration can demonstrate reasonable cause to believe that the expression would engender such material and substantial interference."

Id. at 970. "[E]xpression by high school students may be limited in manner, place, or time by means of reasonable and equally-applied regulations." Id.

The Desoto School District administration can reasonably believe that an organized school protest, which would take place in the classroom while the teacher instructs, regarding a topic related to human sexuality could disrupt the educational process. Further disruption can reasonably be predicted if, as Plaintiff suggested to the Superintendent, students began speaking out against other students in the school. (Complaint, Exhibit B). When there is a reasonable basis to infer that a disruption of the educational process could be caused by the expressive act, qualified immunity is appropriate. *See* Denno v. School Board of Volusia County, 218 F.3d 1267 (11th Cir. 2000)(holding that school administrator who prohibited student from displaying Confederate flag was entitled to qualified immunity).

According to the allegations of the Complaint, FUSCO did nothing more than explain a policy to HATCHER and relay messages between HATCHER and the School Superintendent. There is no allegation that FUSCO personally took any action against HATCHER which caused her claimed damages. A clearly established right of a student is not violated by a principal merely explaining a policy to a student and warning that the student may be disciplined for violating the policy. Similarly, no constitutional violation occurs when a principal communicates these facts to a student's parents. FUSCO's communications did not prevent Plaintiff from performing her protest, as the Complaint clearly indicates that she observed the "Day of Silence."

Plaintiff's attempt to impose liability upon FUSCO for failing to supervise Dean JONES is inadequate. As an initial matter, the Complaint does not allege that FUSCO was even aware of the events between JONES and HATCHER. Even if she were, there is nothing inappropriate in imposing an in school suspension to a belligerent and uncooperative student, as described in Exhibit G.

IV.     **Conclusion**

FUSCO should be dismissed from this action. The claims against her in her official capacity are duplicitous of those made against the School Board. FUSCO enjoys qualified immunity against Plaintiff's claim for damages, and injunctive relief is not available against her in her personal capacity.

**CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY** that on March 13, 2013, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to **Nancy J. Faggianelli, Esquire** (nfaggianelli@carltonfields.com), CARLTON FIELDS, P.A., 4221 West Boy Scout Boulevard, Suite 1000, Tampa, Florida 33601 and **Elizabeth Lynn Littrell, Esquire** (BLittrell@lambdalegal.org), LAMBDA LEGAL EDUCATION AND DEFENSE FUND, Southern Regional Office, 730 Peachtree Street N.E., Suite 1070, Atlanta, Georgia 30308.

/s/JEFFREY D. JENSEN
**T.R. UNICE, JR., ESQUIRE**
Florida Bar Number: 358169 - trunice@unicesalzman.com
**JEFFREY D. JENSEN, ESQUIRE**
Florida Bar Number: 0021017 - jjensen@unicesalzman.com

**UNICE SALZMAN, P.A.**
2570 Coral Landings Boulevard, Suite 201
Palm Harbor, Florida 34684
Phone (727)723-3772
Fax (727)723-1421
Attorneys for Defendants

00182468.DOCX