IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

AMBER HATCHER, and GREGORY
HATCHER, by her next friend
    Plaintiffs,

vs.                                             Case Number: 2:13-cv-138-Ftm-99DNF

DESOTO COUNTY SCHOOL DISTRICT
BOARD OF EDUCATION, SHANNON
FUSCO, ERMATINE JONES and ADRIAN
CLINE,
    Defendants.

---

### **DEFENDANT'S, DESOTO COUNTY SCHOOL BOARD, DISPOSITIVE MOTION TO DISMISS**

COMES NOW, Defendant, Desoto County School Board, by and through its undersigned counsel and files its Dispositive Motion to Dismiss, and as good cause in support thereof, Defendant would show:

1. Plaintiff has sued the Desoto County School Board under the misnomer DESOTO COUNTY SCHOOL DISTRICT BOARD OF EDUCATION for an alleged violation of Plaintiff's First Amendment Rights.

2. The Complaint fails to allege a factual basis sufficient to show that the actions of the Desoto County School Board were directly responsible for the alleged constitutional violation.

3. The Complaint fails to allege a basis to impute liability upon the Desoto County School Board due to the actions of others.

4. As there is no basis in which to impose liability on the Desoto County School Board, this Defendant should be dismissed from this action.

5. The Complaint contains allegations against this Defendant which are wholly without merit and contrary to established law. As such, the Complaint as it applies to this Defendant was not brought in good faith and this Defendant should be awarded reasonable attorney's fees and costs incurred in defense of this action pursuant to 42 U.S.C. § 1988.

WHEREFORE, Defendant, DESOTO COUNTY SCHOOL DISTRICT BOARD OF EDUCATION, respectfully requests that this Honorable Court enter an order dismissing this Defendant from this action, along with such other relief as the Court deems just and proper.

## INCORPORATED MEMORANDUM OF LAW

Defendant, Desoto County School Board, respectfully requests that it be dismissed from these actions for the forgoing reasons:

### I.  Standard of Review

The standard for review of a motion to dismiss is discussed by this District in the case of Rosy Blue, NV v. Davis, 2007 WL 1247154 (M.D. Fla. 2007):

> In ruling on a motion to dismiss, this Court must view the complaint in the light most favorable to the Plaintiff. Scheuer v. Rhodes, 416 U.S. 232, 94 S.Ct. 1683, 40 L. Ed. 2d 90 (1974), and must limit its consideration to the pleadings and any exhibits attached thereto. Fed. R. Civ. P. 10(c); *see also* GSW, Inc. v. Long County, Ga., 999 F.2d 1508, 1510 (11th Cir. 1993). The Court will liberally construe the complaint's allegations in the Plaintiff's favor. Jenkins v. McKeithen, 395 U.S. 411, 421, 89 S.Ct. 1843, 23 L.Ed.2d 404 (1969). Plaintiff must plead "enough facts to raise a reasonable expectation that discovery will reveal evidence of illegal [conduct]." Bell Atlantic Corp. v. Twombly, 550 U.S. ----, ----, 127 S.Ct.

1955, 1965, 167 L. Ed. 2d 929 (2007). In ruling on a motion to dismiss, "conclusory allegations, unwarranted factual deductions or legal conclusions masquerading as facts will not prevent dismissal." Davila v. Delta Air Lines, Inc., 326 F.3d 1183, 1185 (11th Cir. 2003). Id.

Under the federal rules, while notice pleading may not require the pleader to allege a specific fact to cover every element or allege with precision each element of a claim, it is necessary that a complaint contain either direct or inferential allegations respecting the material elements to sustain a recovery under some viable theory. Fed.R.Civ.P. 8(a); Roe v. Aware Woman Center for Choice, Inc., 253 F.3d 678, 684 (11th Cir. 2001). In addition, a defendant is entitled to know the extent of the claim being made against it, as well as the nature. United States v. Classified Parking System, 213 F.2d 631, 633 (5th Cir. 1954).

Therefore, in order to survive a motion to dismiss, a plaintiff may not merely label his claims, but at a minimum, is required to provide a short and plain statement that will give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests. Mayle v. Felix, 545 U.S. 644 (2005); Lamar Advertising of Mobile, Inc. v. City of Lakeland, Florida, 980 F. Supp. 1455, 1455-1457 (N.D. Fla. 1997). In addition, a court should not accept conclusory allegations or legal conclusions masquerading as factual conclusions. Desai v. Tire Kingdom, Inc., 944 F. Supp. 876, 878 (M.D. Fla. 1996). When an exhibit contradicts a conclusory allegation, the exhibit governs. Crenshaw v. Lister, 556 F.3d 1283, 1292 (11th Cir. 2009).

## II. Applicable Law

The Middle District, in Mouton v. School Board of Collier County, 2012 WL 3639004 (M.D. Fla. 2012), discussed the basis upon which a school board may be liable pursuant to § 1983:

> Section 1983 imposes liability on any person who, under color of state law, deprives a person "of any rights, privileges, or immunities secured by the Constitution and laws." 42 U.S.C. § 1983. "A municipality may only be held liable under § 1983 when one of its policies causes a constitutional injury." Amer. Fed. of Labor and Cong. of Indus. Org. v. City of Miami, 637 F.3d 1178, 1187 (11th Cir.2011) (citing Monell v. Dep't of Social Servs., 436 U.S. 658, 694, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978). This requires that the policy be the "moving force" behind the constitutional injury. Amer. Fed. of Labor and Cong. of Indus. Org., 637 F.3d at 1187; Sewell v. Town of Lake Hamilton, 117 F.3d 488, 489 (11th Cir.1997). The government entity "must be found to have *itself* caused the constitutional violation at issue; it cannot be found liable on a vicarious liability theory." Skop v. City of Atlanta, 485 F.3d 1130, 1145 (11th Cir.2007) (emphasis in original) (citing Monell, 436 U.S. at 694–95). It is only when the execution of a policy or custom inflicts the injury that the government entity may be held liable. McDowell v. Brown, 392 F.3d 1283, 1289 (11th Cir.2004) (citations omitted). "School boards constitute branches of local government and thus may be subject to liability under *Monell*." Denno v. School Bd. of Volusia Cnty., 218 F.3d 1267, 1276 n. 9 (11th Cir.2000) (citing Arnold v. Board of Educ., 880 F.2d 305, 310 (11th Cir.1989)). See also K.M. v. School Board of Lee County, Fla., 150 F. App'x 953, 957 (11th Cir.2005).

Id. With regard to liability for customs or policies, the Middle District, in Gennusa v. Shoar, 879 F. Supp.2d 1337 (M.D. Fla. 2012) noted:

> "[A] plaintiff seeking to impose liability on a municipality under § 1983 [must] identify a municipal 'policy' or 'custom' that caused the plaintiff's injury." Board of Cnty. Comm'rs of Bryan Cnty., Okla. v. Brown, 520 U.S. 397, 403, 117 S.Ct. 1382, 137 L.Ed.2d 626 (1997). A plaintiff may establish liability pursuant to a municipal policy when "a deliberate choice to follow a course of action is made from among various alternatives by the official or officials responsible for establishing final policy with respect to the subject matter in question." Pembaur v. City of Cincinnati, 475 U.S. 469, 483, 106 S.Ct. 1292, 89 L.Ed.2d 452 (1986). "To prove § 1983 liability against a municipality based on custom, a plaintiff must establish a widespread

practice that, although not authorized by written law or express municipal policy, is so permanent and well settled as to constitute a 'custom or usage' with the force of law." Griffin v. City of Opa–Locka, 261 F.3d 1295, 1308 (11th Cir.2001) (quotation omitted).

Id.

School superintendents are not final policymaking officials in Florida, final policymaking authority lies with school boards. Mouton at * 3. In Florida, school boards and school superintendents are distinct and separate constitutional offices. Hollis v. School Board of Leon County, 384 So. 2d 661, 666 (Fla. 1st DCA 1980). *See also* Florida Constitution, Article IX.

### III. Alleged Facts

The Complaint makes the following factual allegations relevant to the claim against the School Board:

The School District has a policy which allows students the right to peacefully assemble. (Complaint, ¶ 23). This policy includes the right to "hear, examine, and express divergent points of view, including freedom of speech, written expression, and symbolic expression," so long as the educational process is not disrupted. (Id., Exhibits A-C). Plaintiff wanted to participate in an event called "Day of Silence." (Id., ¶ 11). Plaintiff requested permission to participate in the event in order to "minimize the chance of encountering problems." (Id., ¶ 19). The Complaint makes no allegation that the School Board requires a pre-approval before a student engages in expressive activity, nor does the Complaint allege that a student need obtain a license or permission to engage in such expressive activity. Plaintiff was not given assurances that she would not be subject to discipline for participating in the "Day of Silence" event. (Id. ¶ 20). The School

00182699.DOCX

Superintendent would not approve the activity. (Id. ¶ 26). It is alleged that the School District has an "absolute policy against protests" and a "practice of disapproving" activities such as the day of silence, as evidenced by Exhibit G. (Id. ¶ 107). Plaintiff participated in the event by keeping silent, passing out information regarding the reasons for doing so, and communicating by using a dry erase board. (Id. ¶ 41). Plaintiff was sent to the office by her third period teacher and was disciplined by Dean Jones (Id. ¶¶ 43, 46).

IV.     **Argument**

Plaintiff's Complaint does not state a cognizable claim against the Desoto County School Board. The Complaint does not allege that the School Board participated in the events surrounding the claim, and fails to allege that the School Board was even aware of these events. The only persons who are alleged to have participated are the school's Superintendent, Principal, and Dean of Students.

As indicated by the Florida Constitution, Article IX, Sections 4 and 5, the School Board and the Superintendent are separate constitutional officers. *See also* Hollis v. School Board of Leon County, 384 So. 2d 661, 666 (Fla. 1st DCA 1980). The Complaint makes no factual allegation that would impute vicarious liability on the School Board for the actions of the Superintendent, Principal, or Dean of Students.

The Complaint alleges an "absolute no protest policy," however, this allegation conflicts with Plaintiff's own admission as contained in Exhibits A, B, and C. When such a conflict exists, the exhibits govern. Crenshaw v. Lister, 556 F.3d 1283, 1292 (11th Cir. 2009). Exhibits D indicates that the Superintendent did not approve Plaintiff's request, however, Plaintiff is not constitutionally entitled to have her plans endorsed by the school

administration. There is no allegation that Plaintiff was not free to express herself within the permissible confines of Tinker jurisprudence without the express permission of school officials. In fact, Exhibits A, B, and C indicate that the school policy specifically provided for such activity.

The Complaint makes conclusory allegations that the School Board ratified the discipline and appointed the school Principal and the Superintendent as final policymaking officials, however, no factual allegations are made to support these conclusions. The conclusory allegations that the Superintendent and Principal are final policymaking officials are contrary to Florida Statute § 1001.41, which clearly vests the School Board with final policymaking authority. The Complaint is silent as to what the School Board did to "ratify" the complained-of discipline. In order to prevail on a claim based upon ratification, Plaintiff "must demonstrate that local government policymakers had an opportunity to review the subordinate's decision and agreed with both the decision and the decision's basis." Garvie v. City of Ft. Walton Beach, Fla, 366 F.3d 1186, 1189 (Fla. 11th Cir. 2004). Not only did Plaintiff fail to allege that this review occurred, Plaintiff alleged that such a review could not occur. (Complaint, ¶ 103).

Because Plaintiff has not alleged a sufficient basis to show that the School Board was the "moving force" behind the alleged constitutional violation, Plaintiff's Complaint should be dismissed.

V. **Defendant Should Be Awarded Reasonable Costs and Fees**

Plaintiff's claim against the School Board is wholly without merit. Not only did Plaintiff fail to allege sufficient facts to support her claim against this Defendant, the

Plaintiff ignored facts known to her, such as the School Board's policy promoting free speech, as described in her correspondence to the Superintendent. Despite her citations to Chapter 1001, she claims that the Superintendent and Principal are final policymaking officials when the statute and caselaw clearly hold that the School Board has that power. Finally, Plaintiff alleges that the School Board ratified the alleged disciplinary decision, and then alleges elsewhere that it did not review the decision. An award of fees pursuant to 42 U.S.C. § 1988 and <u>Hughes v. Rowe</u>, 449 U.S. 5 (1980) is appropriate.

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on March 18, 2013, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to **Nancy J. Faggianelli, Esquire** (nfaggianelli@carltonfields.com), CARLTON FIELDS, P.A., 4221 West Boy Scout Boulevard, Suite 1000, Tampa, Florida 33601 and **Elizabeth Lynn Littrell, Esquire** (BLittrell@lambdalegal.org), LAMBDA LEGAL EDUCATION AND DEFENSE FUND, Southern Regional Office, 730 Peachtree Street N.E., Suite 1070, Atlanta, Georgia 30308.

/s/JEFFREY D. JENSEN
**T.R. UNICE, JR., ESQUIRE**
Florida Bar Number: 358169 -  trunice@unicesalzman.com
**JEFFREY D. JENSEN, ESQUIRE**
Florida Bar Number: 0021017 - jjensen@unicesalzman.com
**UNICE SALZMAN, P.A.**
2570 Coral Landings Boulevard, Suite 201
Palm Harbor, Florida 34684
Phone (727)723-3772
Fax (727)723-1421
Attorneys for Defendants