IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

AMBER HATCHER, by and through her
next friend, GREGORY HATCHER

    Plaintiff,

v.                                       Case Number: 2:13-cv-138-Ftm-99DNF

DESOTO COUNTY SCHOOL DISTRICT
BOARD OF EDUCATION and ADRIAN CLINE,
as Superintendent of DeSoto County School District,
SHANNON FUSCO, as DeSoto County High
School Principal, and ERMATINE JONES, as DeSoto
County High School Dean of Students, in their personal
and official capacities, and their successors in office,

    Defendants.
_____/

## **DEFENDANT'S RESPONSE TO PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION**

COMES NOW, Defendants, DESOTO COUNTY SCHOOL DISTRICT BOARD OF EDUCATION, SHANNON FUSCO, ERMATINE JONES, and ADRIAN CLINE, by and through their undersigned counsel, and file their response to Plaintiff's Motion for Preliminary Injunction, and state as follows:

1. Plaintiff's Motion for Preliminary Injunction should be denied on its face without a hearing, as the "Verified Complaint" is legally insufficient to serve as an affidavit. Plaintiff is therefore without evidence to support the entry of an injunction.

2. The Court is without personal jurisdiction as to the claims against ADRIAN CLINE in his official capacity. ADRIAN CLINE no longer serves as the DeSoto County School Superintendent, and had left this office prior to being served with the Complaint. As this action was not pending when there was a change in this office, the automatic substitution of parties provided by Fed.R.Civ.P. 25(d) does not apply. The current Superintendent has not been served with process.

3. Injunctive relief is not available against the individual defendants in their personal capacities.

4. Contrary to Plaintiff's claims, she was not disciplined for participating in the "Day of Silence." Plaintiff was placed in the intervention room due to her belligerent and insubordinate behavior towards the Dean of Students and her use of profanity.

5. Defendants' policies do not obstruct Plaintiff's participation in the "Day of Silence."

6. As Plaintiff cannot show a substantial likelihood of success on the merits, a preliminary injunction is not appropriate.

WHEREFORE, Defendants, DESOTO COUNTY SCHOOL DISTRICT BOARD OF EDUCATION, SHANNON FUSCO, ERMATINE JONES, and ADRIAN CLINE, respectfully request that the Plaintiff's Motion for Preliminary Injunction be denied.

## INCORPORATED MEMORANDUM OF LAW

Defendants do not dispute most of the law cited in Plaintiff's Motion. Defendant's policies are consistent with Plaintiff's cited law. Defendants contend that the factual allegations and conclusions in Plaintiff's Complaint are a patent misrepresentation of what occurred.

Plaintiff's Motion for Preliminary Injunction should be denied. Contrary to the claims made in her Complaint and the Motion for Preliminary Injunction, AMBER HATCHER was not disciplined for her expressive activity as it relates to the "Day of Silence." The official policies of the DeSoto County School District do not interfere with a student's First Amendment rights. AMBER HATCHER was placed into the school's intervention room because she was belligerent and insubordinate to the Dean of Students and used profanity.

### I. Standard for Granting a Preliminary Injunction

"To obtain a preliminary injunction, the moving party must show: (1) substantial likelihood of success; (2) irreparable harm; (3) that the balance of equities favors granting the injunction; and (4) that the public interest would not be harmed by the injunction." Mesa Air Grp., Inc. v. Delta Air Lines, Inc., 573 F.3d 1124, 1128 (11th Cir. 2009). Failure to prove any one of these four elements is dispositive. Jernard v. Commissioned, Ga. Dep't of Corr., 457 Fed.Appx 837, 839 (11th Cir. 2012).

### II. Plaintiff has not Presented Sufficient Evidence to Support the Granting of a Preliminary Injunction.

Plaintiff's "Verified Complaint" is not a legally sufficient affidavit, Plaintiff merely attested that she is familiar with the Complaint and that it is "true to the best of her information and belief." *See* Verified Complaint; Leedom Mgmt. Grp., Inc. v. Perlmutter, 2012 WL 909322 (M.D. Fla. 2012)(holding that an affidavit based upon information and belief is generally insufficient to support a motion for preliminary injunction); Touchston v. McDermott, 120 F.Supp.2d 1055, 1059 (M.D. Fla. 2000)("When the primary evidence introduced is an affidavit made on information and belief rather than on personal knowledge, it generally is considered insufficient to support a motion for preliminary injunction").

The other evidence submitted by the Plaintiff merely indicates that: (1) Plaintiff requested permission to participate in the "Day of Silence," (2) Superintendent Cline would not approve the activity and asked Principal Fusco to discuss the issue with Plaintiff, (3) Principal Fusco requested school employees to notify administration of disruptive behavior, and (4) Plaintiff was belligerent to the Dean of Students and was placed into IR for the day. *See* Exhibits to Motion for Preliminary Injunction. Plaintiff has not provided evidence which establishes what caused her to be sent to the Dean; nor has she proven that her activity was non-disruptive and constitutionally protected. She has presented no evidence that her constitutionally protected rights would be infringed by the Defendants this year. Without consideration of any rebuttal evidence, Plaintiff has not met the necessary burden to obtain a preliminary injunction.

## III. Facts

Defendants have filed affidavits in response to the Motion for Preliminary Injunction. SHARON FUSCO was the Principal of DeSoto High School when this alleged incident occurred. (Affidavit of Fusco, ¶ 3). As Principal, she did not have final policymaking authority; her decisions were always subject to review by the School Superintendent and School Board. (Id. ¶ 5). She is familiar with the policies of the DeSoto County School District. (Id. ¶ 4). With regard to student expression, it is the policy of the DeSoto County School District that students have a right to "hear, examine, and express divergent points of view, including freedom of speech, written expression, and symbolic expression." (Id., ¶ 6). Plaintiff approached her regarding an organized event, the "Day of Silence," which would include activity in-class during instructional time. (Id. ¶ 8). Plaintiff did not provide notice of the literature Plaintiff planned to hand out. (Id. ¶ 8, Complaint, ¶ 41). FUSCO forwarded the request to the Superintendent, who did not approve the activity. (Affidavit of Fusco, ¶ 9). FUSCO was not given any instructions as to what activities would be permitted and what activities would be prohibited. (Id., ¶ 9). In the absence of instructions to the contrary, FUSCO would follow the published school policies. (Id.) FUSCO would not take any action against Plaintiff for behavior that was consistent with school policy. (Id., ¶ 13).

Plaintiff was aware of the District's policy regarding student's rights. (Complaint, Exhibit A ("Thankfully, I've been able to find out District Policy, which specifically *gives us* the right to peacefully assemble." (emphasis in original))). Plaintiff communicated the fact that she knew the District's policy and quoted it to the

Superintendent in detail. (Id.) FUSCO did not witness any of Plaintiff's activity during the "Day of Silence." (Affidavit of Fusco, ¶ 14). FUSCO was later advised that there had been disciplinary action taken against Plaintiff for belligerent and insubordinate behavior to the Dean of Students, but was not advised of any discipline as it related to Plaintiff's "Day of Silence" activities. (Id., ¶¶ 15, 16). FUSCO is not aware of any decision by the School Superintendent or the Board to handle this year's "Day of Silence" in a manner contrary to the published school policies. (Id., ¶ 17).

Rodney Word Hollingsworth, the Chairman of the Desoto County School Board, attested that the School Board was not aware of the incident involving HATCHER until February 2013. (Affidavit of Hollingsworth, ¶ 4). The Board is the District's final policymaking authority. (Id., ¶ 6). The official policies of the District allow for non-disruptive expressive conduct. (Id., ¶ 5, Exhibits A, B). The School Superintendent is an elected official separate from the School Board. (Id., ¶ 7).

ADRIAN CLINE, the School Superintendent at the time of the alleged incident, received an email from Plaintiff requesting permission to participate in a protest that would involve in-class conduct which he understood could disrupt the educational process. (Affidavit of Cline, ¶ 4). Although he would not approve the request, he did not instruct FUSCO or any other employee to take any action against Plaintiff that would be inconsistent with established school policy regarding expressive conduct of students. (Id., ¶ 5). No disciplinary action would have been taken for activity consistent with school policy, and no such action was taken or threatened. (Id., ¶ 6). CLINE no longer

holds the office of School Superintendent, nor did he hold the office when he was served with the Complaint. (Id., ¶ 7).

ERMATINE JONES is the Dean of Students, whose function it is to monitor student conduct and when appropriate, to impose discipline. (Affidavit of Jones, ¶ 3). On April 23, 2012 she arrived at her office to find HATCHER and several other students at her door. (Id., ¶ 4). When she inquired why HATCHER was there, she responded in a belligerent, profane manner, and claimed that she was sent to the Dean because of her shirt. (Id., ¶¶ 5, 6). HATCHER also refused to follow the Dean's instructions. (Id., ¶ 7). Plaintiff spent the remainder of the day in the school's intervention room due to her conduct towards the Dean, not because of her activity during the "Day of Silence." (Id., ¶¶ 8, 9).

## IV. Injunctive Relief Against the Various Defendants is not Appropriate

For the reasons set forth below, a preliminary injunction against these Defendants would be inappropriate.

### A. Adrian Cline

CLINE is no longer the School Superintendent. Injunctive relief is not available against a defendant in their individual capacity to prevent actions taken in that defendant's official capacity. Evans v. Bayer, 684 F.Supp.2d 1365, 1369 (S.D. Fla. 2010). Plaintiff's Motion should be denied as to her official capacity claim against CLINE because he no longer holds a public office, and therefore cannot prevent HATCHER from performing expressive conduct, disruptive or otherwise. Because the Complaint was not served on CLINE when he held public office, Fed.R.Civ. P. 25(d) does

not automatically substitute the current Superintendent as Plaintiff claims. Rule 25(d) only applies when the served official was holding office while the action was pending. Under Plaintiff's theory (Complaint, ¶ 7) a court can currently obtain personal jurisdiction for official capacity claims against President Barack Obama by serving a complaint on Former President George W. Bush. This is inconsistent with the plain wording of the Rule.

### B. DeSoto County School Board

Plaintiff has provided no justification for injunctive relief against the DeSoto County School Board. The Complaint does not describe any factual basis which would show that School Board policy was the moving force behind the violation. In fact, Plaintiff, in Exhibit A to the Complaint, uses School Board policy as justification for her actions. Complaint, Exhibit A ("According to Student Rights And Responsibilities . . . students have the right to 'hear, examine, and express divergent points of view, including freedom of speech, written expression, and symbolic expression.'"). Plaintiff attempts to justify her claims against the School Board by using conclusory allegations that the School Board either ratified HATCHER's discipline or delegated its final policymaking authority. Not only are these conclusory allegations based upon "information and belief" legally insufficient on their face, but the Board Chairman attested that it is the Board who has final policymaking authority, and that the Board was not aware of the HATCHER incident until it was briefed about it at the February 26, 2013 board meeting. (Affidavit of Hollingsworth, ¶¶ 4, 6).

Plaintiff has not demonstrated that she has a substantial likelihood of success with regard to her claim against the School Board. Nor has she shown that the School Board's policies will cause her irreparable harm. The official School Board policies, as described in the Student's Rights and Responsibilities and Section 210.03 of the School Board Policy Handbook, expressly provide that Plaintiff may express herself in the manner that the Complaint and Motion for Preliminary Injunction claims Plaintiff plans to do. The balancing of equities does not favor the granting of an injunction in this case, nor is the injunction in the public's interest. Plaintiff is asking this Court to broadly enjoin the School Board from unspecified "policies and/or practices" that prohibit or expose students to disciplinary sanctions for unspecified acts of expression. (Plaintiff's Proposed Preliminary Injunction, ¶ b). The School Board has a compelling state interest in providing a safe environment for its students, and must not be enjoined from preventing demonstrations which may threaten the safety of students. The School Board, pursuant to Tinker, may also prevent conduct which is obscene, or causes a substantial disruption to the educational process. Plaintiff's requested broad injunction would give her and other students a blank check to do whatever they want, regardless of the effect of their expressive conduct. Insofar as their proposed conduct is constitutionally protected, Plaintiff has not demonstrated that such conduct will be inhibited by the School Board's policies.

Plaintiff has also failed to demonstrate why school records documenting her belligerent and unbecoming conduct towards the Dean of Students should be expunged prior to a final disposition of this matter, or why public documents concerning her

requests pertaining to the "Day of Silence" should be exempt from Florida's public records laws.

### C. Ermatine Jones

Plaintiff has not presented evidence that ERMATINE JONES has taken any action contrary to her constitutionally protected rights. Plaintiff's allegations based upon "information and belief" are clearly contrary to evidence submitted in this case. Exhibit G to Plaintiff's Complaint indicated that she was belligerent to the Dean of Students and refused to follow her directions. JONES' affidavit clearly indicates that HATCHER was disciplined for her belligerent and insubordinate conduct and use of profanity, not because she participated in the "Day of Silence." Plaintiff has provided no evidence that JONES would act contrary to the established School Board policy outlined in 210.03 and the Student's Rights and Responsibilities publication.

Plaintiff has not demonstrated a likelihood of success in this case, nor has she demonstrated that JONES is likely to cause her irreparable harm. The balancing of equities does not support injunctive relief against her in her official capacity. Insofar as her individual capacity is concerned, injunctive relief is not available. Evans, 684 F. Supp. 2d at 1369.

### D. Shannon Fusco

Plaintiff has not alleged that FUSCO took any action against her in response to her expressive activity. The evidence submitted by Plaintiff merely indicates that she was a "go between" for the Superintendent and HATCHER prior to the "Day of Silence." (Complaint, Exhibits E, F). There is no evidence that FUSCO's conversations with

HATCHER violated her rights. FUSCO may constitutionally explain school policy to HATCHER. Plaintiff has presented no evidence that the policies explained to HATCHER were unconstitutional. As the affidavits of CLINE and FUSCO demonstrate, no instructions were given to deviate from established school policies codified by the Student's Rights and Responsibilities publication and Section 210.03, and absent such instruction, FUSCO would follow those policies.

Plaintiff has made no allegation that FUSCO personally took any action against her in response to her activity, and FUSCO has averred that she did not witness any conduct. (Affidavit of Fusco, ¶ 14). There is no evidence that FUSCO ratified any decision to discipline HATCHER, or for that matter, evidence that HATCHER was in fact disciplined for her conduct as it relates to the "Day of Silence." Plaintiff has not demonstrated that FUSCO plans to take any action against her this year. FUSCO indicated that absent instructions to the contrary, she follows District policy. (Affidavit of Fusco, ¶ 9).

Plaintiff has not demonstrated a likelihood of success in this case, nor has she demonstrated that FUSCO is likely to cause her irreparable harm. The balancing of equities do not support injunctive relief against her in her official capacity. Insofar as her individual capacity is concerned, injunctive relief is not available. Evans, 684 F. Supp. 2d at 1369.

## V. Plaintiff's Factual Allegations and Evidence are Insufficient to Warrant an Injunction

Plaintiff's Motion extensively cites legal authority which the Defendants do not dispute. What is in dispute is the facts. The Motion is long on law and short on facts. Plaintiff, who certainly should have personal knowledge of her interactions with the various Defendants, distances herself from the factual allegations by merely attesting that her Complaint is based upon "information and belief" and not personal knowledge. Plaintiff should not be permitted to use "information and belief" as a sword to attack Defendants, and a shield to protect herself from adverse consequences when her misrepresentations are discovered. The factual allegations in Plaintiff's Motion are not verified.

Plaintiff's evidence is vague as to what she was told she could do, and what she was told she could not do. There is evidence that discussions took place regarding school polices, however, Plaintiff has not provided a detailed, verified description of those discussions, such as what conduct would be permitted and what conduct would be prohibited. Even Plaintiff admits that her right to expressive conduct is not absolute, but subject to reasonable limitations. (Plaintiff's Motion for Preliminary Injunction, pp. 10-12). Plaintiff alleges in her Complaint that she merely requested permission to participate in the "Day of Silence," however, outside of this litigation forum she claims her goal was to talk "her former principal and superintendent into participating in a National Day of Silence." (Exhibit 1). She wanted them to "kind of lend a hand to support people I know have to be quiet about themselves who are bullied every day."

(Id.). No violations occur to HATCHER's rights when school officials disapprove a request that the officials personally participate in an expressive event. Nor does the First Amendment require that she receive an official endorsement of her unhindered expressive conduct.

Defendant's emails offered as evidence are very brief and provide no guidance to the Court as to what was discussed between HATCHER and FUSCO, other than the general topic. FUSCO's email to CLINE reporting HATCHER's discipline does not provide specifics. Insofar as past school practices regarding protests are concerned, the exact nature of the practice and how it had been used in the past is not evident. It is far from established that this practice is "so pervasive and well-settled that it assumes the force of law," as required to impose liability pursuant to § 1983. M.R. v. Bd. of Sch. Comm'rs of Mobile Cnty., 2012 WL 2931263 (S.D. Ala. 2012).

Defendants' evidence establishes that the School's policies permit individual expression. Plaintiff in her email to CLINE admits that school policy allows the activity she allegedly participated in. (Complaint, Exhibit A). This policy was not suspended or deviated from regarding the "Day of Silence." (Affidavit of Fusco, ¶ 9). Plaintiff was not disciplined for her expressive conduct relating to the "Day of Silence." (Affidavit of Jones, ¶¶ 8, 9). Accordingly, Plaintiff has no well-founded fear of interference with her expressive conduct this year.

## VI. Conclusion

Plaintiff's Motion for a Preliminary Injunction should be denied due to her failure to prove all four elements necessary to establish entitlement to a preliminary injunction.

**CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY** that on March 19, 2013, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to **Nancy J. Faggianelli, Esquire** (nfaggianelli@carltonfields.com), CARLTON FIELDS, P.A., 4221 West Boy Scout Boulevard, Suite 1000, Tampa, Florida 33601 and **Elizabeth Lynn Littrell, Esquire** (BLittrell@lambdalegal.org), LAMBDA LEGAL EDUCATION AND DEFENSE FUND, Southern Regional Office, 730 Peachtree Street N.E., Suite 1070, Atlanta, Georgia 30308.

/s/JEFFREY D. JENSEN
**T.R. UNICE, JR., ESQUIRE**
Florida Bar Number: 358169 - trunice@unicesalzman.com
**JEFFREY D. JENSEN, ESQUIRE**
Florida Bar Number: 0021017 - jjensen@unicesalzman.com
**UNICE SALZMAN, P.A.**
2570 Coral Landings Boulevard, Suite 201
Palm Harbor, Florida 34684
Phone (727)723-3772
Fax (727)723-1421
Attorneys for Defendants

**EXHIBIT 1**



- SITE SEARCH    WEB SEARCH BY Google

**MEMBER CENTER:** Create Account | Log In    Connect



SEARCH



## Teen files federal suit against DeSoto School District

*Posted: Feb 26, 2013 5:42 PM EST*
*Updated: Feb 26, 2013 7:40 PM EST*

Tonight a Southwest Florida high school student is suing the DeSoto County School District. The 16-year-old, who is openly gay, claims her former principal and the former superintendent threatened her because she wanted to raise awareness about bullying.

This started with the National Day of Silence—a day aimed at raising awareness about bullying and the gay community. But the teen looking for help from school administrators says they're the ones that bullied her.

"It's something you see all the time and you become desensitized to it," said Amber Hatcher, a sophomore at DeSoto High School.

The openly gay student works hard to spread her message of anti-hate and anti-bullying.

But she says last year she was the victim.

"I was upset because they were trying to take away our individuality and our rights with it," she said.

Hatcher claims she tried talking her former principal and superintendent into participating in a National Day of Silence—a day aimed at bringing awareness to anti bullying efforts.

"Kind of lend a hand of support to people I know have to be quiet about themselves who are bullied every day," she said.

In a federal lawsuit filed today, Hatcher claims DeSoto High School Principal Shannon Fusco refused to let her participate without disciplinary consequences.

The lawsuit goes on to say Amber was told that peaceful protests are against district policy. But Amber did it anyway—wearing a shirt and remaining silent in the halls.

An act she says got her suspended and sent home from school.

"It was more disappointment. It wasn't anger. I wasn't wanting to get back at them. It was the fact they could be that terrible to other people," Hatcher said.

While Amber's lawsuit doesn't say how much money she is seeking - she says she simply wants the school and the district to respect her rights

"I will drive myself to the fullest to make a change for my community—a change for my school," she said.

The high school's principal was removed a few weeks ago as part of an investigation. No word if it is related to this lawsuit. The district also has a new superintendent after the last one, Adrian Cline, lost his seat in an election—we were the first to tell him about this lawsuit today. He had no immediate comment.

The district's new superintendent, Dr. Karyn Gary, isn't commenting until she gets more information.