UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

AMBER HATCHER, by and through her
next friend, GREGORY HATCHER,

                Plaintiff,

vs.                                    Case No.  2:13-cv-138-FtM-99DNF

DESOTO COUNTY SCHOOL DISTRICT BOARD
OF EDUCATION and ADRIAN CLINE, as
Superintendent of DeSoto County
School District, SHANNON FUSCO, as
DeSoto County High School Principal,
and ERMATINE JONES, as DeSoto County
High School Dean of Students, in
their personal and official
capacities, and their successors in
office,

                Defendants.
_____

**OPINION AND ORDER**

    This matter comes before the Court on Defendant Shannon Fusco's Dispositive Motion to Dismiss (Doc. #17), filed on March 13, 2013, and Defendant Desoto County School Board's Dispositive Motion to Dismiss (Doc. #25), filed on March 18, 2013. Plaintiff filed a Memorandum in Opposition (Docs. #44, 45) to each motion on March 29, 2013.

**I.**

    Plaintiff Amber Hatcher (plaintiff or Hatcher) is a student at Desoto County High School who asserts that the Desoto County School

Board (the School Board), the Principal at her high school (defendant Shannon Fusco), and other school officials have engaged and are engaging in conduct which violates her First Amendment rights. In April, 2012 plaintiff sought to organize and participate in the National Day of Silence at her high school in an effort to bring attention to the harms associated with bullying and harassment directed at lesbian, gay, bisexual and transgender students. Plaintiff asserts that defendants interfered with her First Amendment right to do so, and have asserted again this year that plaintiff will not be allowed to participate as she proposes.

The Complaint (Doc. #1) sets forth the following ten claims as they relate to the two defendants involved in the pending motions. Count I alleges a claim for damages under 42 U.S.C. § 1983 against the School Board and Fusco in her official capacity for violation of the First Amendment to the United States Constitution. Count II alleges a claim for damages under 42 U.S.C. § 1983 against Fusco in her personal capacity for violation of the First Amendment. Count III alleges a claim for damages under 42 U.S.C. § 1983 against the School Board and Fusco in her official capacity for retaliation in violation of the First Amendment. Count IV alleges a claim for damages under 42 U.S.C. § 1983 against Fusco in her personal capacity for retaliation in violation of the First Amendment. Count V alleges a claim for damages against the School Board for failure to train in violation of the Fourteenth Amendment and §

1983.  Count VI alleges a claim for damages against the School Board for failure to supervise in violation of the Fourteenth Amendment and § 1983.  Count VII alleges a claim for damages for failure to supervise against Fusco in her personal capacity in violation of the Fourteenth Amendment and § 1983.  Count VIII alleges a claim for damages against the School Board and Fusco in her official capacity for violation of equal protection under the Fourteenth Amendment and § 1983.  Count IX alleges a claim for damages against Fusco in her personal capacity for violation of equal protection under the Fourteenth Amendment and § 1983.  Count X sets forth a claim for injunctive relief against "all defendants" for violation of the First and Fourteenth Amendments and § 1983.

Defendant Sharon Fusco (Fusco or Principal Fusco) seeks dismissal of the Complaint because (1) the allegations of the Complaint fail to state a cause of action upon which relief may be granted, (2) the official capacity claim against her is duplicitous of the claim against the Desoto County School District, (3) the individual capacity claims against her are barred by qualified immunity, and (4) the individual capacity claim against her for injunctive relief is not available to plaintiff.  The School Board seeks dismissal of the Complaint because (1) the Complaint fails to allege a sufficient factual basis to show it was directly responsible for the alleged constitutional violations, (2) the Complaint fails to allege a basis to impute liability upon it due

to the actions of others, and (3) some allegations are wholly without merit and contrary to law, and therefore not brought in good faith.

## II.

Under Federal Rule of Civil Procedure 8(a)(2), a Complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). This obligation "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)(citation omitted). To survive dismissal, the factual allegations must be "plausible" and "must be enough to raise a right to relief above the speculative level." Id. at 555. See also Edwards v. Prime Inc., 602 F.3d 1276, 1291 (11th Cir. 2010). This requires "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)(citations omitted).

In deciding a Rule 12(b)(6) motion to dismiss, the Court must accept all factual allegations in a complaint as true and take them in the light most favorable to plaintiff, Erickson v. Pardus, 551 U.S. 89 (2007), but "[l]egal conclusions without adequate factual support are entitled to no assumption of truth," Mamani v. Berzain, 654 F.3d 1148, 1153 (11th Cir. 2011)(citations omitted). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Iqbal,

-4-

556 U.S. at 678.   Thus, the Court engages in a two-step approach:
"When there are well-pleaded factual allegations, a court should
assume their veracity and then determine whether they plausibly
give rise to an entitlement to relief."   Iqbal, 556 U.S. at 679.

### III.

#### A.   Defendant Fusco

Defendant Fusco argues that the official capacity claims
against her are duplicitous of the claims brought against her
employer, the School Board.   (Doc. #17, p. 4.)   It is true that an
official capacity claim may be redundant when the entity is also a
named defendant.   Busby v. City of Orlando, 931 F.2d 764, 776 (11th
Cir. 1991).   The School Board, however, is contesting any liability
based on Fusco's conduct, and therefore it remains plausible at
this stage of the proceedings that a separate official capacity
claim can be maintained against Fusco.   This aspect of the motion
to dismiss is denied.

Defendant Fusco next argues that the Fourteenth Amendment
counts fail to state a claim because the cause of action is
"clearly within the realm of the First Amendment."   (Doc. #17, p.
5.)   Stating First Amendment claims does not necessarily mean there
can be no Fourteenth Amendment claims stated as well.   E.g.,
Cantwell v. Connecticut, 310 U.S. 296, 303 (1940).   This aspect of
the motion to dismiss is denied.

Defendant Fusco also argues that Counts VIII and XI fail to contain sufficient allegations to state equal protection claims because they fail to show plaintiff was subjected to unequal treatment. (Doc. #17, p. 5.)  The Court agrees.

To establish an equal protection claim, a plaintiff must demonstrate that (1) she is similarly situated to others who received more favorable treatment, and (2) her discriminatory treatment was based on some constitutionally protected interest. Jones v. Ray, 279 F.3d 944, 946–47 (11th Cir. 2001).  Plaintiff must allege that similarly situated persons have been treated disparately through state action.  DeYoung v. Owens, 646 F.3d 1319, 1327 (11th Cir. 2011); Thigpen v. Bibb Cnty., Ga., Sheriff's Dep't., 223 F.3d 1231, 1237 (11th Cir. 2000).  "Our cases have recognized successful equal protection claims brought by a 'class of one,' where the plaintiff alleges that she has been intentionally treated differently from others similarly situated and that there is no rational basis for the difference in treatment."  Village of Willowbrook v. Olech, 528 U.S. 562, 564 (2000).

The equal protection counts fail to allege that plaintiff was treated differently from others who were similarly situated.  While plaintiff argues she was treated differently than students who did not join in the National Day of Silence, these are not similarly situated persons.  "Different treatment of dissimilarly situated

-6-

persons does not violate the Equal Protection Clause." <u>Strickland v. Alderman</u>, 74 F.3d 260, 265 (11th Cir. 1996)(quotation marks omitted).  The Complaint actually alleges that those persons who were similarly situated -other students who participated in National Day of Silence activities- were treated in a similar fashion to plaintiff.  The motion to dismiss Counts VIII and IX is granted for failure to state a claim upon which relief may be granted, and these counts are dismissed without prejudice.

Defendant Fusco asserts that the claim for injunctive relief must be dismissed because injunctive relief against a government official in her individual capacity is not appropriate with regard to that defendant's official duties. (Doc. #17, p.6.)  The Court is unconvinced.  Personal liability under 42 U.S.C. § 1983 is available when an official's allegedly unconstitutional actions are "within the official's authority and necessary to the performance of governmental functions." <u>Young Apartments, Inc. v. Town of Jupiter, Fl</u>, 529 F.3d 1027, 1048 (11th Cir. 2008), quoting <u>Hafer v. Melo</u>, 502 U.S. 21, 28 (1991).  The Court sees no reason why such personal liability cannot be remedied by injunctive relief.  This portion of the motion is denied.

Finally, defendant Fusco argues the Complaint must be dismissed because she is entitled to qualified immunity. (Doc. #17, pp. 7-10.)  The Court disagrees.

Qualified immunity provides "complete protection for individual public officials performing discretionary functions insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." Sherrod v. Johnson, 667 F.3d 1359, 1363 (11th Cir. 2012) (quotation marks omitted).  The familiar two-step qualified immunity analysis involves first determining whether the defendant's conduct amounted to a constitutional violation, and second determining whether the right violated was clearly established at the time of the violation. Edwards v. Shanley, 666 F.3d 1289, 1294 (11th Cir. 2012); Saucier v. Katz, 533 U.S. 194, 201 (2001).  In the context of a motion to dismiss, the Court determines whether the Complaint alleges a clearly established constitutional violation, accepting the facts alleged in the complaint as true, drawing all reasonable inferences in the plaintiff's favor, and limiting its review to the four corners of the complaint.  Keating v. City of Miami, 598 F.3d 753, 762 (11th Cir. 2010).[1]

The Complaint alleges facts showing Fusco was operating in her discretionary capacity as Principal of the high school.  The Complaint also alleges facts, viewed in the light most favorable to

---

[1]The Court notes that plaintiff attached exhibits to her Complaint.  Attachments to a complaint constitute a part of the pleading.  Crenshaw v. Lister, 556 F.3d 1283, 1291 (11th Cir. 2009)(citing Fed. R. Civ. P. 10(c)).

plaintiff, showing that Fusco violated plaintiff's clearly established First Amendment rights. "To establish a First Amendment retaliation claim, the plaintiff must show 'first, that his speech or act was constitutionally protected; second, that the defendant's retaliatory conduct adversely affected the protected speech; and third, that there is a causal connection between the retaliatory actions and the adverse effect on speech.'" Keeton v. Anderson-Wiley, 664 F.3d 865, 878 (11th Cir. 2011) (quoting Bennett v. Hendrix, 423 F.3d 1247, 1250 (11th Cir. 2005)).

The Supreme Court has summarized its First Amendment decisions in the context of school speech as follows: "Our cases make clear that students do not shed their constitutional rights to freedom of speech or expression at the schoolhouse gate. At the same time, we have held that the constitutional rights of students in public school are not automatically coextensive with the rights of adults in other settings, and that the rights of students must be applied in light of the special characteristics of the school environment." Morse v. Frederick, 551 U.S. 393, 396 (2007)(internal citations and punctuation omitted). See also Keeton v. Anderson-Wiley, 664 F.3d 865, 871 (11th Cir. 2011); Boim v. Fulton Cnty. Sch. Dist., 494 F.3d 978, 982 (11th Cir. 2007). The Eleventh Circuit has stated that within nonpublic school fora "there are four clear categories of expression: vulgar expression, pure student expression, government expression, and school-sponsored expression." Bannon v.

School Dist. of Palm Beach Cnty., 387 F.3d 1208, 1213 (11th Cir.

2004).  Different standards apply to each category of expression.

> Vulgar expression is student expression that is lewd,
> offensive, or indecent, and schools may freely curtail
> it. Pure student expression is student expression that
> merely happens to occur on the school premises, and
> schools must tolerate such expression unless they can
> reasonably forecast that the expression will lead to
> substantial disruption of or material interference with
> school activities.  Government expression is expression
> delivered directly through the government or indirectly
> through private intermediaries, and the government is
> free to make subject-matter-based choices. Finally,
> between the spectrum of pure student expression and
> government expression is the intermediate category of
> school-sponsored expression: when students, parents, and
> members of the public might reasonably perceive
> [students' expressive activities] to bear the imprimatur
> of the school, schools may censor student expression so
> long as their actions are reasonably related to
> legitimate pedagogical concerns.

Bannon, 387 F.3d at 1213-14 (internal citations and punctuation

omitted).  Even in a pure student expression case as we have here,

school officials

> must have the flexibility to control the tenor and
> contours of student speech within school walls or on
> school property, even if such speech does not result in
> a reasonable fear of immediate disruption. Nevertheless,
> student speech must at least be likely to cause a
> material and substantial disruption, ... and more than a
> brief, easily overlooked, *de minimis* impact, before it
> may be curtailed. . . . [S]tudent expression may
> unquestionably be regulated when doing so contributes to
> the maintenance of order and decorum within the
> educational system.

Boim, 494 F.3d at 982-83 (citations, footnote and internal

punctuation omitted).

It is alleged that Principal Fusco refused to allow plaintiff
to engage in any of her requested activities relating to that
year's National Day of Silence.  At least some of these proposed
activities were well within the First Amendment and required no
approval by any school official, e.g., remaining silent outside of
class, communicating in writing or by dry erase board outside of
class, non-vulgar conversations about the upcoming National Day of
Silence.

Plaintiff has also satisfactorily alleged, based upon the
emails of the defendants, that there is an established unwritten
policy or practice absolutely banning all "protest" speech at the
Desoto County schools that is contrary to the School District's
written policy and the First Amendment.  The Superintendent of the
School District instructed the Principal to inform plaintiff that
"[i]t is inconsistent with the district's past practice to approve
student protests on any of our campuses.  The attached [request
from plaintiff] is disapproved."  (Doc. #1-5, p. 2.)   The
Superintendent also told Principal Fusco that he "did not refer to
a specific policy.  Since this is classified as a protest, as
evidenced by the submitted documents, I will not approve the
activity on our campuses.  This *past practice* position needs to be
discussed with Miss Hatcher on April 13, 2012." (Id., emphasis in
original.)  The Principal Fusco reported back to the Superintendent
that she had "addressed the issue" with plaintiff, had told her

-11-

several times she could not participate in the activities, and had told her "what the ramifications would be if the protest occurred." (Doc. #1-6, p. 2.) Principal Fusco sent an email to all teachers on the day of the proposed activities stating that a group of students "have an intention of protesting. The district has an absolute policy against protesting on school campuses." (Doc. #1-8, p. 2.) Principal Fusco stated that the Dean or Administration should be notified if students "are wearing placard in protest of an issue" or disrupting the hallways or classrooms, which included refusal to participate in class by taking part in a silent protest. (Id.)

It is well established that "an absolute policy against protesting on school campuses" violates the First Amendment. For ninety years the Supreme Court has recognized that students do not "shed their constitutional rights to freedom of speech or expression at the schoolhouse gate." Tinker v. Des Moines Indep. Comm. Sch. Dist., 393 U.S. 503, 506 (1969)(citing two cases decided in 1923). "In order for the State in the person of school officials to justify prohibition of a particular expression of opinion, it must be able to show that its action was caused by something more than a mere desire to avoid the discomfort and unpleasantness that always accompany an unpopular viewpoint." Id. at 509. As the Eleventh Circuit has stated, Tinker stands for the proposition that a school may not prohibit expressive activity

unless there are "facts which might reasonably have led school authorities to forecast substantial disruption of or material interference with school activities." <u>Holloman ex rel. Holloman v. Harland</u>, 370 F.3d 1252, 1271 (11th Cir. 2004). A blanket policy against "protest" speech of any description is incompatible with longstanding First Amendment principles.

The events of April 20, 2012, viewed in the light most favorable to plaintiff, support the First Amendment claims. Plaintiff wore a non-vulgar t-shirt and remained silent at school. There were no incidents until after plaintiff was removed from her third period class. Plaintiff alleges she was pulled out of class and subsequently disciplined because of her First Amendment activities. A post-event email from Principal Fusco suggests that plaintiff's discipline was in fact related to her "protest" activities. The email stated that "only two students received any consequences from protesting for LGBT day of silence." (Doc. #1-9, p. 3). Plaintiff was identified as being "dressed in a shirt protesting the occasion," and as one of those receiving consequences. (<u>Id.</u>) This email also stated that two other students were asked to remove their protest tags and answer questions, and both did so. (<u>Id.</u>)

The Court concludes that the Complaint is sufficient to establish that plaintiff's First Amendment claims against Principal

Fusco are not barred by qualified immunity.  The motion to dismiss is denied as to this issue.

**B.   The School Board**

The School Board asserts the Complaint fails to allege a factual basis sufficient to show the actions of the School Board were directly responsible for the alleged constitutional violations and fail to allege a basis on which to impute liability to the School Board based on the actions of others.  With the exception of the equal protection counts, the Court agrees with plaintiff that the School Board's arguments are without merit at this stage of the proceedings.  The Complaint alleges sufficient facts to establish plausible causes of action against the School Board as to all counts except the equal protection counts.  The motion will be granted as to those counts and otherwise denied.

Accordingly, it is now

**ORDERED:**

1.  Defendant Shannon Fusco's Dispositive Motion to Dismiss (Doc. #17) is **GRANTED** in part and **DENIED** in part.  Counts VIII and IX of the Complaint are dismissed without prejudice as to Shannon Fusco.  The Motion is otherwise denied.

2.  Defendant Desoto County School Board's Dispositive Motion to Dismiss (Doc. #25) is **GRANTED** in part and **DENIED** in part. Counts VIII and IX of the Complaint are dismissed without prejudice

as to the Desoto County School Board.  The motion is otherwise denied.

**DONE AND ORDERED** at Fort Myers, Florida, this __5th__ day of April, 2013.

JOHN E. STEELE
United States District Judge


Copies:

Counsel of record