IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

AMBER HATCHER, by and through her
next friend, GREGORY HATCHER

    Plaintiff,

v.                                  Case Number: 2:13-cv-138-Ftm-38DNF

DESOTO COUNTY SCHOOL DISTRICT
BOARD OF EDUCATION and ADRIAN CLINE,
as Superintendent of DeSoto County School District,
SHANNON FUSCO, as DeSoto County High
School Principal, and ERMATINE JONES, as DeSoto
County High School Dean of Students, in their personal
and official capacities, and their successors in office,

    Defendants.
_____/

## DEFENDANT ADRIAN CLINE'S DISPOSITIVE MOTION FOR SUMMARY JUDGMENT AND INCORPORATED MEMORANDUM OF LAW

COMES NOW, Defendant, ADRIAN CLINE, by and through his undersigned counsel and files its Dispositive Motion for Summary Judgment and Incorporated Memorandum of Law, and as good cause in support thereof, Defendant would show:

1. Plaintiff has filed suit against ADRIAN CLINE for alleged violations of Plaintiff's First and Fourteenth Amendment rights.

2. Plaintiffs' Verified Complaint makes the following allegations regarding ADRIAN CLINE:

    a. CLINE would not approve HATCHER's request regarding "Day of Silence" activities. (Verified Complaint, ¶ 26).

b. CLINE did not take any effort to ensure HATCHER's rights were not infringed. (Id., ¶¶ 31, 129).

   c. CLINE violated HATCHER's rights by "imposing, approving, ratifying, and enforcing" disciplinary actions against her. (Id., ¶¶ 96, 113).

3. As ADRIAN CLINE was a government official when this incident occurred, he is entitled to assert the defense of qualified immunity.

4. Plaintiff's barebones, conclusory allegations are insufficient to pierce this Defendant's entitlement to qualified immunity.

5. Furthermore, on June 25, 2013, Plaintiff was deposed and testified that:

   a. She did not have contact with ADRIAN CLINE with regard to this incident. (Deposition of Hatcher, p. 7, line 17 to p. 8, line 11).

   b. As part of her planned protest, she would remain silent in class. (Id., p. 12, lines 14-15).

   c. When Principal Fusco informed her that the Superintendent disapproved, Plaintiff was not told of any specific activity that she could not do. (Id., p 15, lines 19-23).

   d. That despite the allegation in her Verified Complaint, she is aware of no information that would lead her to believe ADRIAN CLINE approved of the disciplinary action taken against her. (Id., p. 57, lines 10-13).

   e. That other than the fact that she sent ADRIAN CLINE information from a GLSEN website, she did not know of anything else that would indicate that he knew Principal Fusco would engage in unconstitutional conduct. (Id., p.64, lines 10-20).

- f. She did not know whether ADRIAN CLINE would know that Dean Jones would engage in unconstitutional conduct. (Id., p. 64, line 21 to p, 65, line 1).
- g. She is not aware of any facts that would indicate that Principal Fusco made the decision to discipline her. (Id. p. 126, lines 17-21).

6. Plaintiff's deposition testimony refutes many of the relevant allegations made in her Verified Complaint as it relates to ADRIAN CLINE.

7. ADRIAN CLINE has previously submitted an affidavit to this Court. (Doc. 32). His affidavit indicates:
   - a. He received an e-mail from Plaintiff requesting permission to participate in a day-long protest which would include in-class conduct, which he believed could disrupt the educational process. (Id., Affidavit of Cline, ¶ 4).
   - b. He did not approve her request, but he did not instruct Principal Fusco or any other employee to deviate from the established school policy, as codified by the Student Rights and Responsibilities publication and Section 210.03 of the School Board policy manual. (Id., ¶ 5).
   - c. He did not instruct any employee to take disciplinary action for conduct consistent with the District's written policies. (Id., ¶ 6).

8. At the time that ADRIAN CLINE disapproved Plaintiff's request, there was no clearly established authority that would have provided him fair notice that his actions were a violation of Plaintiff's rights.

9. The allegations of the Verified Complaint as it regards a failure to train or supervise are not sufficient to impose personal liability on this Defendant.

WHEREFORE, Defendant, ADRIAN CLINE, respectfully requests that this Honorable Court enter final summary judgment in its favor, along with such other relief as the Court deems just and proper.

## INCORPORATED MEMORANDUM OF LAW

Defendant, ADRIAN CLINE, seeks final summary judgment in his favor in this matter because there are no genuine disputes of material fact as to whether this Defendant's actions were the "moving force" behind Plaintiff's alleged constitutional violation.

### I. Legal Standard for Motions for Summary Judgment.

"Summary judgment is appropriate where there 'is no genuine issue as to any material fact' and the moving party is 'entitled to a judgment as a matter of law.'" Alabama v. North Carolina, 560 U.S. 330 (2010)(*citing* Fed. R. Civ. P. 56). "A factual dispute alone is not enough to defeat a properly pled motion for summary judgment; only the existence of a genuine issue of material fact will preclude a grant of summary judgment." Lynch v. City of Largo, Florida, 2011 WL 4634020 at *4 (M.D. Fla. 2011). "A fact is material if it may affect the outcome of the suit under the governing law." Id. "The moving party bares the initial burden of showing the court, by reference to materials on file, that there are no genuine issues of material fact that should be decided at trial." Id. "When a moving party has discharged its burden, the non-moving party must then 'go beyond the pleadings,' and by its own affidavits, or by 'depositions, answers to interrogatories, and admissions on file,' designate specific facts showing that there is a genuine issue for trial.'" Id. (*quoting* Jeffery v. Sarasota White Sox, Inc., 64 F.3d 590, 593-594 (11th Cir. 1995)). "[I]f the non-movant's response consists of nothing 'more than a repetition of his conclusional allegations,' summary judgment is not only proper, but required." Id. (*citing* Morris v. Ross, 663 F.2d 1032, 1034 (11th Cir. 1981)).

## II. Adrian Cline is Entitled to Qualified Immunity.

"Qualified immunity offers complete protection for individual public officials performing discretionary functions insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known" Leslie v. Hancock Cnty. Bd. of Educ., 2013 WL 3481398 at *4 (11th Cir. 2013). "The inquiry whether a constitutional violation is clearly established is undertaken in light of the specific context of the case, not as a broad general proposition." Id. "The relevant, dispositive inquiry in determining whether a right is *clearly* established is whether it would be *clear* to a reasonable state official that his conduct was unlawful in the situation he confronted." Id. (emphasis added). When deciding whether a right is clearly established, the inquiry is focused "to law as decided by the Supreme Court, the Eleventh Circuit or the [Florida] Supreme Court." Id.

"An official is acting in his discretionary capacity if he was (a) performing a legitimate job-related function (that is, pursuing a job-related goal), (b) through a means that were within his power to utilize." Evans v. Bayer, 684 F.Supp.2d 1365, 1369 (S.D. Fla. 2010). In this case, it is alleged that Plaintiff requested approval of her "Day of Silence" plans, and that the Superintendent disapproved of the plans and asked the school's principal to explain it to HATCHER. Obviously, this is a job-related function performed through a means that were within his power to utilize.

Having demonstrated that CLINE was acting within his discretionary authority, the next inquiry is whether it was clearly established at the time of the alleged violation that his actions were unlawful.

As indicated by Plaintiff's deposition testimony, she did not have direct contact with CLINE. She sent him an email, which was attached to the Verified Complaint as Exhibit A.

00188897.DOCX 5
00188568.DOCX

The email requested two things, "the cooperation of administration" and to "be allowed to put up posters." Plaintiff's email was very vague as to what "cooperation" was requested, or what would be the specific content of the posters. CLINE did not approve this request and asked the Principal to explain the school's practices to HATCHER. Additionally, Plaintiff makes conclusory allegations that CLINE imposed, approved, ratified, and endorsed the disciplinary action taken against her, however, her deposition demonstrates that she has no factual basis to make these claims. The affidavit of CLINE indicates that he did not instruct any employee to deviate from established school policy.

In Heinkel v. Sch. Bd. of Lee Cnty., Florida, 194 Fed. Appx. 604 (11th Cir. 2006), the Eleventh Circuit decided a case strikingly similar to the instant matter. Heinkel wanted to commemorate a "Day of Remembrance" which had been "set aside to remember the 40 million children who have been lost to elective abortion." Id. at 605. "To observe the 2004 Day of Remembrance, Heinkel wished to wear a Day of Remembrance t-shirt, take a vow of silence during non-instructional time, and distribute materials about abortion and abortion alternatives to her classmates during non–instructional time." Id. at 606. Heinkel's request was denied. Id. In finding for the School Board, the Eleventh Circuit held "the balancing of expression and discipline is an exercise in judgment for school administrations and school boards, subject only to the constitutional requirement of reasonableness under the circumstances." Id. at 610.

In this case, HATCHER wanted to do even more, she wished to perform her activities during instructional time as well. (Deposition of Hatcher, p.12). CLINE did not act in a clearly unlawful manner when he refused to approve Plaintiff's vague requests. CLINE could not reasonably be expected to approve the display of posters without being informed of the content of the posters, nor could he direct school employees to cooperate with Plaintiff's plan

without specifics of what cooperation was being requested. The record evidence does not suggest that CLINE did anything to encourage disciplining HATCHER for the act of wearing a t-shirt. Despite her sworn assertions to the contrary, HATCHER admits that she is aware of no facts which would lead her to believe he approved of her discipline. Summary Judgment in CLINE's favor is appropriate for Counts II and IV.

Count VII alleges that CLINE is liable for failing to supervise, however, Count VII does not provide a factual basis for such a claim. Plaintiff provides nothing more than mere threadbare recitals of elements of the cause of action, which should not be accorded a presumption of truth. Ashcroft v. Iqbal, 556 U.S. 662, 663 (2009). "A supervisory official may be liable under section 1983 when the supervisor participates in the constitutional violation or there is a causal connection between the actions of the supervisor and the violation." Heard v. Comm'r, GA DOC, 486 Fed. Appx 780, 782 (11th Cir. 2012). At most, Plaintiff has demonstrated that CLINE directed the school Principal to explain a school's polices and practices, nothing more. Assuming, *arguendo,* that Principal Fusco or Dean Jones committed a violation of HATCHER's constitutional rights, there is no support in the record for the contention that the violation is chargeable to CLINE.

### III. Conclusion

There are no genuine issues of material fact regarding Plaintiff's claims against ADRIAN CLINE, and the record evidence supports final summary judgment in this Defendant's favor.

### CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on August 20, 2013, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to **Amanda A. Sansone, Esquire** (asansone@carltonfields.com), **Nancy J. Faggianelli, Esquire**

(nfaggianelli@carltonfields.com), CARLTON FIELDS, P.A., 4221 West Boy Scout Boulevard, Suite 1000, Tampa, Florida 33601 and **Elizabeth Lynn Littrell, Esquire** (BLittrell@lambdalegal.org), LAMBDA LEGAL EDUCATION AND DEFENSE FUND,Southern Regional Office, 730 Peachtree Street N.E., Suite 1070, Atlanta, Georgia 30308.

/s/ **Jeffrey D. Jensen**
**T.R. UNICE, JR., ESQUIRE**
Florida Bar Number: 358169 - trunice@unicesalzman.com
**JEFFREY D. JENSEN, ESQUIRE**
Florida Bar Number: 0021017 - jjensen@unicesalzman.com
**DAVID M. ROSENBAUM, ESQUIRE**
Florida Bar Number: 0083856 - drosenbaum@unicesalzman.com
**UNICE SALZMAN RADEL, P.A.**
2570 Coral Landings Boulevard, Suite 201
Palm Harbor, Florida 34684
Phone (727)723-3772
Fax (727)723-1421
Attorneys for Defendants