UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

AMBER HATCHER, by and through her
next friend, Gregory Hatcher,

    Plaintiffs,

v.                                            Case No: 2:13-cv-138-FtM-38DNF

DESOTO COUNTY SCHOOL
DISTRICT BOARD OF EDUCATION,
SHANNON FUSCO, ERMATINE
JONES and ADRIAN CLINE,

    Defendants.
_____/

## ORDER[1]

This matter comes before the Court on Plaintiff's Motion to Strike Second Affirmative Defense from Defendant's Amended Answer (Doc. #122) filed on November 20, 2013. Defendant DeSoto County School Board's Response in Opposition (Doc. #129) was filed on November 27, 2013. Thus, the Motion is now ripe for review.

Plaintiff Amber Hatcher, by and through her next friend, Gregory Hatcher, moves to strike Defendant DeSoto County School Board's Amended Second Affirmative Defense, which alleges that Plaintiff and/or her counsel have committed a fraud upon the Court. The Court previously granted a motion to strike this affirmative defense finding that it had not properly been pled. (Doc. #108). In that Order, the Court allowed

---

[1] Disclaimer: Documents filed in CM/ECF may contain hyperlinks to other documents or Web sites. These hyperlinks are provided only for users' convenience. Users are cautioned that hyperlinked documents in CM/ECF are subject to PACER fees. By allowing hyperlinks to other Web sites, this court does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites. Likewise, the court has no agreements with any of these third parties or their Web sites. The court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the court.

Defendant DeSoto School Board a period of time to file an amended answer to include the amended second affirmative defense in accordance with that Order. (Id.). Thereafter, Defendant DeSoto School Board filed their Amended Answer and Affirmative Defenses (Doc. #109) on November 4, 2013.  Plaintiff has now filed the instant Motion, moving to strike the amended second affirmative defense.  Plaintiff argues that the amended affirmative defense is prejudicial, an insufficient defense, and not supported by the evidence in this case.

Under Fed. R. Civ. P. 12(f), "the Court may order stricken from any pleading any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Motions to strike are disfavored, and will be denied unless the allegations have no possible relation to the controversy, may confuse the issues, or may cause prejudice to one of the parties.  Reyher v. Trans World Airlines, Inc., 881 F. Supp. 574, 576 (M.D. Fla. 1995).

"An affirmative defense is generally a defense that, if established, requires judgment for the defendant even if the plaintiff can prove his case by a preponderance of the evidence."  Wright v. Southland Corp., 187 F.3d 1287, 1302 (11th Cir. 1999).  An affirmative defense is one that admits to the complaint, but avoids liability, wholly or partly, by new allegations of excuse, justification or other negating matters.  Royal Palm Sav. Ass'n v. Pine Trace Corp., 716 F. Supp. 1416, 1420 (M.D. Fla. 1989).  Accordingly, motions to strike are usually "denied unless the allegations have no possible relation to the controversy and may cause prejudice to one of the parties."  Falzarano v. Retail Brand Alliance, Inc., No. 07-81069-CIV, 2008 WL 899257, at *1 (S.D. Fla. Mar. 31, 2008) (citations and internal quotations omitted).

The Eleventh Circuit has affirmed dismissal of an action as an appropriate sanction for fraud upon the court. Martin v. Automobili Lamborghini Exclusive, Inc., 307 F.3d 1332, 1335-36 (11th Cir. 2002). As the former Fifth Circuit Court of Appeals explained: "Generally speaking, only the most egregious misconduct, such as bribery of a judge or members of a jury, or the fabrication of evidence by a party in which an attorney is implicated, will constitute a fraud on the court." Rozier v. Ford Motor Co., 573 F.2d 1332, 1338 (5th Cir. 1978).[2] The Eleventh Circuit has further stated, "We have consistently held that a fraud between parties is not a fraud on the court." Patterson v. Lew, No. 07-13227, 2008 WL 382658, at *1 (11th Cir. Feb.13, 2008). The Eleventh Circuit explained of a previous case, "We even declared in that case that perjury does not constitute fraud on the court." Id. (citing Sec. & Exch. Comm'n v. ESM Group, Inc., 835 F.2d 270, 273 (11th Cir. 1988)). Fraud on the court is an unconscionable plan or scheme which is designed to improperly influence the court in its decisions. Cresswell v. Sullivan Ft Cromwell, 922 F.2d 60, 70 (2d Cir. 1990).

Federal Rule of Civil Procedure 8(c) lists fraud as an affirmative defense but fraud on the court is a special species of fraud that affects the integrity of the judicial process itself. As the Court noted in its previous Order, it assumes that as an officer of the court, counsel for the Defendant has a good faith basis for bringing such an affirmative defense for which it will have the burden to prove. As fraud on the court is a basis for dismissal, and Defendant has asserted it has a good faith basis for the defense based upon the record in this case, the Court will allow the affirmative defense as pled in the Amended

---

[2] The Eleventh Circuit Court of Appeals adopted as binding precedent all prior decisions of the former Fifth Circuit Court of Appeals issued prior to October 1, 1981. Bonner v. City of Prichard, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc).

Answer. The Court notes that Plaintiff's arguments and citations to the record would be more properly made in a dispositive motion.

Accordingly, it is now

**ORDERED:**

Plaintiff's Motion to Strike Second Affirmative Defense from Defendant's Amended Answer (Doc. #122) is **DENIED**.

**DONE** and **ORDERED** in Fort Myers, Florida this 17th day of December, 2013.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies:  All Parties of Record