**Cline, Adrian**

| | |
|---|---|
| **From:** | Amber Hatcher <amberh720@hotmail.com> |
| **Sent:** | Thursday, April 12, 2012 7:24 AM |
| **To:** | Cline, Adrian |
| **Subject:** | [Urgent] National Day Of Silence |

**Importance:** High

From: amberh720@hotmail.com
To: adrian.cline@desoto.k12.fl.us
Subject: National Day Of Silence
Date: Tue, 10 Apr 2012 11:36:47 +0000

Dear Mr. Cline,

This year, the National Day Of Silence (DOS), an anti-bullying campaign and peaceful protest, falls on April 20th, 2012. I, despite being a student (and a Freshman at that!), have been attempting to organize the DOS with Mrs. Fusco for about a week. Unfortunately, Mrs. Fusco informed me that peaceful protests are against District Policy and that you denied permission for us to participate at DHS. Thankfully, I've been able to find out District Policy, which specifically *gives us* the right to peacefully assemble.

According to Student Rights And Responsibilities: (http://desotoschools.com/Home/school_info/Student%20Rights%20and%20Responsibilities.pdf), students have the right to " Hear, examine, and express divergent points of view, including freedom of speech, written expression, and symbolic expression," granted that we, "consider and respect the divergent point of view of others," and," Be sure that personal expressions (speech, written, or symbolic) do not infringe on the rights of others." We also have the right to, "assemble peacefully on school grounds," as long as we," assemble do as not to disrupt the educational process." Also, According to Lambada Legal (The attorney's office that has dealt with the legal side of DOS); " Under the Constitution, public schools must respect students' right to free speech. The right to speak includes the right not to speak, as well as the right to wear buttons or T-shirts expressing support for a cause.
This does not mean students can say—or not say—anything they want at all times. There are some limits on free speech rights at school. For example, schools have some control over students' speech in the classroom or during other supervised, school-sponsored activities. If a teacher tells a student to answer a question during class, the student generally doesn't have a constitutional right to refuse to answer. Students who want to remain silent during class on the Day of Silence are less likely to encounter problems if they seek permission from their teachers beforehand. However, school officials are NOT allowed to discriminate against you based on your message. In other words, school officials may not censor a student just because they disapprove of the student's ideas because the student's speech makes them uncomfortable or because they want to avoid controversy Outside of the classroom, in areas like hallways and cafeterias, students have a much broader right to free speech. Schools can't censor students unless they use lewd or foul language, promote illegal drug use, harass other students or substantially disrupt the school environment."

Mr. Cline, allowing us to participate in the DOS will do no harm. Our goal is to make students aware of bullying and try to stop it. Here are seven reasons that allowing us the participate in the DOS would be beneficial to you:
1.) Allowing students to participate on April 20th, which coincidentally falls on National Marijuana Appriciation Day, removes the day's theme of drug appriciation and replaces it with a theme of acceptance.
2.) Allowing students to participate will make them more aware of bullying, and also gives a message that *any* type of bullying is unacceptable.
3.) Allowing students to participate gives members of our community a sense that the administration cares.
4.) Allowing students to participate will give the school a sense of unity.
5.) Allowing students to participate on that day will make classes quieter. We may even be able to deter disruption!
6.) Allowing students to participate gives a chance to spread awareness.

1.





7.) Participants may be a "sounding board," a non-judgemental party for students to relate to and speak out against their antagonists.

Honestly, we aren't asking for much. All that we desire is the cooperation of administration and to be allowed to put up posters. Many of the students who plan to participate will do so, whether administration approves or not. I just want to save myself and my peers from disciplinary action and help our school. Thank you for your time.

Sincerely, Amber Hatcher,
A hopeful student.

DESOTO/CLINE/FUSCO/JONES000087

## Cline, Adrian

| | |
|---|---|
| **From:** | Cline, Adrian |
| **Sent:** | Thursday, April 12, 2012 8:15 PM |
| **To:** | Fusco, Shannon |
| **Subject:** | National Day Of Silence |
| **Attachments:** | Adrian H Cline.vcf |
| **Signed By:** | adrian.cline@desoto.k12.fl.us |
| | |
| **Importance:** | High |



Principal Fusco:

Please clarify my position with Miss Hatcher. I indicated the following in an email to you on April 2, 2012:

- It is inconsistent with the district's past practice to approve student protests on any of our campuses. The attached is disapproved.

I did not refer to a specific policy. Since this is classified as a protest, as evidenced by the submitted documents, I will not approve the activity on our campuses. This *past practice* position needs to be discussed with Miss Hatcher on April 13, 2012.



Adrian H. Cline
Superintendent
School District of DeSoto

(863) 494-4222 x130
adrian.cline@desoto.k12.fl.us

Post Office Drawer 2000
Arcadia, Florida 34265

**From:** Amber Hatcher [mailto:amberh720@hotmail.com]
**Sent:** Thursday, April 12, 2012 7:24 AM
**To:** Cline, Adrian
**Subject:** [Urgent] National Day Of Silence
**Importance:** High



EXHIBIT

16

DESOTO/CLINE/FUSCO/JONES003100

From: amberh720@hotmail.com
To: adrian.cline@desoto.k12.fl.us
Subject: National Day Of Silence
Date: Tue, 10 Apr 2012 11:36:47 +0000

Dear Mr. Cline,

This year, the National Day Of Silence (DOS), an anti-bullying campaign and peaceful protest, falls on April 20th, 2012. I, despite being a student (and a Freshman at that!), have been attempting to organize the DOS with Mrs. Fusco for about a week. Unfortunately, Mrs. Fusco informed me that peaceful protests are against District Policy and that you denied permission for us to participate at DHS. Thankfully, I've been able to find out District Policy, which specifically *gives us the right to peacefully assemble.*

According to Student Rights And Responsibilities
(http://desotoschools.com/Home/school_info/Student%20Rights%20and%20Responsibilities.pdf); students have the right to " Hear, examine, and express divergent points of view, including freedom of speech, written expression, and symbolic expression," granted that we, "consider and respect the divergent point of view of others," and," Be sure that personal expressions (speech, written, or symbolic) do not infringe on the rights of others." We also have the right to, "assemble peacefully on school grounds," as long as we," assemble do as not to disrupt the educational process." Also, According to Lambada Legal (The attorney's office that has dealt with the legal side of DOS); " Under the Constitution, public schools must respect students' right to free speech. The right to speak includes the right not to speak, as well as the right to wear buttons or T-shirts expressing support for a cause.
This does not mean students can say—or not say—anything they want at all times. There are some limits on free speech rights at school. For example, schools have some control over students' speech in the classroom or during other supervised, school-sponsored activities. If a teacher tells a student to answer a question during class, the student generally doesn't have a constitutional right to refuse to answer. Students who want to remain silent during class on the Day of Silence are less likely to encounter problems if they seek permission from their teachers beforehand. However, school officials are NOT allowed to discriminate against you based on your message. In other words, school officials may not censor a student just because they disapprove of the student's ideas because the student's speech makes them uncomfortable or because they want to avoid controversy Outside of the classroom, in areas like hallways and cafeterias, students have a much broader right to free speech. Schools can't censor students unless they use lewd or foul language, promote illegal drug use, harass other students or substantially disrupt the school environment."

Mr. Cline, allowing us to participate in the DOS will do no harm. Our goal is to make students aware of bullying and try to stop it. Here are seven reasons that allowing us participate in the DOS would be beneficial to you:
1.) Allowing students to participate on April 20th, which coincedentally falls on National Marijuana Appriciation Day, removes the day's theme of drug appriciation and replaces it with a theme of acceptance.
2.) Allowing students to participate will make them more aware of bullying, and also gives a message that *any* type of bullying is unacceptable.
3.) Allowing students to participate gives members of our community a sense that the administration cares.
4.) Allowing students to participate will give the school a sense of unity.
5.) Allowing students to participate on that day will make classes quieter. We may even be able to deter disruption!
6.) Allowing students to participate gives a chance to spread awareness.
7.) Participants may be a "sounding board," a non-judgemental party for students to relate to and speak out against their antagonists.

Honestly, we aren't asking for much. All that we desire is the cooperation of administration and to be allowed to put up posters. Many of the students who plan to participate will do so, whether administration approves or not. I just want to save myself and my peers from disciplinary action and help our school. Thank you for your time.

Sincerely, Amber Hatcher,
A hopeful student.

DESOTO/CLINE/FUSCO/JONES003101

## Cline, Adrian

| | |
|---|---|
| **From:** | Fusco, Shannon |
| **Sent:** | Thursday, April 12, 2012 8:38 PM |
| **To:** | Cline, Adrian; Fusco, Shannon |
| **Subject:** | RE: National Day Of Silence |

Mr. Cline,

I addressed this issue with Miss Hatcher immediately after you responded to my email on the matter. She has come to me twice since with documentation on why it should be allowed, and I have each time told her no and what the ramifications would be if the protest occurred.

I don't think she plans to disobey, but she was insistant that she could convince you otherwise and was making an appointment.

I will clarify the matter with her again tomorrow morning.

Thank you,
Shannon Fusco

**From:** Cline, Adrian
**Sent:** Thursday, April 12, 2012 8:14 PM
**To:** Fusco, Shannon
**Subject:** National Day Of Silence



Principal Fusco:

Please clarify my position with Miss Hatcher.  I indicated the following in an email to you on April 2, 2012:

- It is inconsistent with the district's past practice to approve student protests on any of our campuses.  The attached is disapproved.

I did not refer to a specific policy.  Since this is classified as a protest, as evidenced by the submitted documents, I will not approve the activity on our campuses.  This *past practice* position needs to be discussed with Miss Hatcher on April 13, 2012.



1



/7

DESOTO/CLINE/FUSCO/JONES003097



Adrian H. Cline
Superintendent
School District of DeSoto

(863) 494-4222 x110
adrian.cline@desoto.k12.fl.us

Post Office Drawer 2000
Arcadia, Florida 34265

**From:** Amber Hatcher [mailto:amberh720@hotmail.com]
**Sent:** Thursday, April 12, 2012 7:24 AM
**To:** Cline, Adrian
**Subject:** [Urgent] National Day Of Silence
**Importance:** High

---

. From: amberh720@hotmail.com
To: adrian.cline@desoto.k12.fl.us
Subject: National Day Of Silence
Date: Tue, 10 Apr 2012 11:36:47 +0000

Dear Mr. Cline,

This year, the National Day Of Silence (DOS), an anti-bullying campaign and peaceful protest, falls on April 20th, 2012. I, despite being a student (and a Freshman at that!), have been attempting to organize the DOS with Mrs. Fusco for about a week. Unfortunately, Mrs. Fusco informed me that peaceful protests are against District Policy and that you denied permission for us to participate at DHS. Thankfully, I've been able to find out District Policy, which specifically *gives us* the right to peacefully assemble.

According to Student Rights And Responsibilities (http://desotoschools.com/Home/school_info/Student%20Rights%20and%20Responsibilities.pdf); students have the right to " Hear, examine, and express divergent points of view, including freedom of speech, written expression, and symbolic expression," granted that we, "consider and respect the divergent point of view of others," and," Be sure that personal expressions (speech, written, or symbolic) do not infringe on the rights of others." We also have the right to, "assemble peacefully on school grounds," as long as we," assemble do as not to disrupt the educational process." Also, According to Lambada Legal (The attorney's office that has dealt with the legal side of DOS); " Under the Constitution, public schools must respect students' right to free speech. The right to speak includes the right not to speak, as well as the right to wear buttons or T-shirts expressing support for a cause.
This does not mean students can say—or not say—anything they want at all times. There are some limits on free speech rights at school. For example, schools have some control over students' speech in the classroom or during other supervised, school-sponsored activities. If a teacher tells a student to answer a question during class, the student generally doesn't have a constitutional right to refuse to answer. Students who want to remain silent during class on the Day of Silence are less likely to encounter problems if they seek permission from their teachers beforehand. However, school officials are NOT allowed to discriminate against you based on your message. In other words, school officials may not censor a student just because they disapprove of the student's ideas because the student's speech makes them uncomfortable or because they want to avoid controversy Outside of the classroom, in areas like hallways and cafeterias, students have a much broader right to free speech. Schools can't censor students unless they use lewd or foul language, promote illegal drug use, harass other students or substantially disrupt the school environment."

Mr. Cline, allowing us to participate in the DOS will do no harm. Our goal is to make students aware of bullying and try to stop it. Here are seven reasons that allowing us the participate in the DOS would be beneficial to you:
1.) Allowing students to participate on April 20th, which coincedentally falls on National Marijuana Appriciation Day, removes the day's theme of drug appriciation and replaces it with a theme of acceptance.
2.) Allowing students to participate will make them more aware of bullying, and also gives a message that *any* type of bullying is unacceptable.

2

DESOTO/CLINE/FUSCO/JONES003098

3.) Allowing students to participate gives members of our community a sense that the administration cares.
4.) Allowing students to participate will give the school a sense of unity.
5.) Allowing students to participate on that day will make classes quieter. We may even be able to deter disruption!
6.) Allowing students to participate gives a chance to spread awareness.
7.) Participants may be a "sounding board," a non-judgemental party for students to relate to and speak out against their antagonists.

Honestly, we aren't asking for much. All that we desire is the cooperation of administration and to be allowed to put up posters. Many of the students who plan to participate will do so, whether administration approves or not. I just want to save myself and my peers from disciplinary action and help our school. Thank you for your time.

Sincerely, Amber Hatcher,
A hopeful student.

3

DESOTO/CLINE/FUSCO/JONES003099

Re: National Day Of Silence

## Re: National Day Of Silence
**Pella, Karen**
**Sent:** Friday, April 13, 2012 1:48 PM
**To:** Barnwell, Melba

Sorry I didn't get back to you sooner.  She is absent today.

Sent from my iPhone

On Apr 13, 2012, at 8:10 AM, "Barnwell, Melba" <melba.barnwell@desoto.k12.fl.us> wrote:

> Karen,
>
> Shannon may have already sent this to you, but wanted to be sure.  Please let me know once you have met with Amber.
> Thanks,
> Mel
>
> **From:** Cline, Adrian
> **Sent:** Thursday, April 12, 2012 8:15 PM
> **To:** Fusco, Shannon
> **Subject:** National Day Of Silence
> **Importance:** High
>
> <image001.gif>
>
> Principal Fusco:
>
> Please clarify my position with Miss Hatcher.  I indicated the following in an email to you on April 2, 2012:
>
> > ~~It is inconsistent with the district's past practice to approve student protest on any of our campuses.  The attached is disapproved!~~
>
> I did not refer to a specific policy.  Since this is classified as a protest, as evidenced by the submitted documents, I will not approve the activity on our campuses.  This *past practice* position needs to be discussed with Miss Hatcher on April 13, 2012.
>
>
> <image005.jpg>
>
> <image004.jpg>
>
>
> **From:** Amber Hatcher [mailto:amberh720@hotmail.com]
> **Sent:** Thursday, April 12, 2012 7:24 AM
> **To:** Cline, Adrian
> **Subject:** [Urgent] National Day Of Silence
> **Importance:** High

EXHIBIT

*18*

DESOTO/CLINE/FUSCO/JONES000097

Re: National Day Of Silence

---

From: <u>amberh720@hotmail.com</u>
To: <u>adrian.cline@desoto.k12.fl.us</u>
Subject: National Day Of Silence
Date: Tue, 10 Apr 2012 11:36:47 +0000

Dear Mr. Cline,

This year, the National Day Of Silence (DOS), an anti-bullying campaign and peaceful protest, falls on April 20th, 2012. I, despite being a student (and a Freshman at that!), have been attempting to organize the DOS with Mrs. Fusco for about a week. Unfortunately, Mrs. Fusco informed me that peaceful protests are against District Policy and that you denied permission for us to participate at DHS. Thankfully, I've been able to find out District Policy, which specifically *gives us* the right to peacefully assemble.

According to Student Rights And Responsibilities (http://desotoschools.com/Home/school_info/Student%20Rights%20and%20Responsibilities.pdf); students have the right to " Hear, examine, and express divergent points of view, including freedom of speech, written expression, and symbolic expression," granted that we, "consider and respect the divergent point of view of others," and," Be sure that personal expressions (speech, written, or symbolic) do not infringe on the rights of others." We also have the right to, "assemble peacefully on school grounds," as long as we," assemble do as not to disrupt the educational process." Also, According to Lambada Legal (The attorney's office that has dealt with the legal side of DOS); " Under the Constitution, public schools must respect students' right to free speech. The right to speak includes the right not to speak, as well as the right to wear buttons or T-shirts expressing support for a cause.
This does not mean students can say—or not say—anything they want at all times. There are some limits on free speech rights at school. For example, schools have some control over students' speech in the classroom or during other supervised, school-sponsored activities. If a teacher tells a student to answer a question during class, the student generally doesn't have a constitutional right to refuse to answer. Students who want to remain silent during class on the Day of Silence are less likely to encounter problems if they seek permission from their teachers beforehand. However, school officials are NOT allowed to discriminate against you based on your message. In other words, school officials may not censor a student just because they disapprove of the student's ideas because the student's speech makes them uncomfortable or because they want to avoid controversy Outside of the classroom, in areas like hallways and cafeterias, students have a much broader right to free speech. Schools can't censor students unless they use lewd or foul language, promote illegal drug use, harass other students or substantially disrupt the school environment.¶

Mr. Cline, allowing us to participate in the DOS will do no harm. Our goal is to make students aware of bullying and try to stop it. Here are seven reasons that allowing us the participate in the DOS would be beneficial to you:
1.) Allowing students to participate on April 20th, which coincedentally falls on National Marijuana Appriciation Day, removes the day's theme of drug appriciation and replaces it with a theme of acceptance.
2.) Allowing students to participate will make them more aware of bullying, and also gives a message that *any* type of bullying is unacceptable.
3.) Allowing students to participate gives members of our community a sense that the administration cares.
4.) Allowing students to participate will give the school a sense of unity.
5.) Allowing students to participate on that day will make classes quieter. We may even be able to deter disruption!
6.) Allowing students to participate gives a chance to spread awareness.
7.) Participants may be a "sounding board," a non-judgemental party for students to relate to and speak out against their antagonists.

Honestly, we aren't asking for much. All that we desire is the cooperation of administration and to be allowed to put up posters. Many of the students who plan to participate will do so, whether administration approves or not. I just want to save myself and my peers from disciplinary action and help our school. Thank you for your time.

Sincerely, Amber Hatcher,

DESOTO/CLINE/FUSCO/JONES000098

Re: National Day Of Silence

A hopeful student.

<image001.gif>

<image004.jpg>

<image005.jpg>

<Adrian H Cline.vcf>

DESOTO/CLINE/FUSCO/JONES000099

**Cline, Adrian**

| | |
|---|---|
| **From:** | Amber Hatcher <amberh720@hotmail.com> |
| **Sent:** | Friday, April 13, 2012 6:34 PM |
| **To:** | Cline, Adrian |
| **Subject:** | FW: [Urgent] National Day Of Silence |
| **Importance:** | High |

From: amberh720@hotmail.com
To: adrian.cline@desoto.k12.fl.us
Subject: [Urgent] National Day Of Silence
Date: Thu, 12 Apr 2012 11:23:54 +0000

From: amberh720@hotmail.com
To: adrian.cline@desoto.k12.fl.us
Subject: National Day Of Silence
Date: Tue, 10 Apr 2012 11:36:47 +0000

Dear Mr. Cline,

This year, the National Day Of Silence (DOS), an anti-bullying campaign and peaceful protest, falls on April 20th, 2012. I, despite being a student (and a Freshman at that!), have been attempting to organize the DOS with Mrs. Fusco for about a week. Unfortunately, Mrs. Fusco informed me that peaceful protests are against District Policy and that you denied permission for us to participate at DHS. Thankfully, I've been able to find out District Policy, which specifically *gives us the right to peacefully assemble.*

According to Student Rights And Responsibilities (http://desotoschools.com/Home/school_info/Student%20Rights%20and%20Responsibilities.pdf), students have the right to " Hear, examine, and express divergent points of view, including freedom of speech, written expression, and symbolic expression," granted that we, "consider and respect the divergent point of view of others," and," Be sure that personal expressions (speech, written, or symbolic) do not infringe on the rights of others." We also have the right to, "assemble peacefully on school grounds," as long as we," assemble do as not to disrupt the educational process." Also, According to Lambada Legal (The attorney's office that has dealt with the legal side of DOS)," Under the Constitution, public schools must respect students' right to free speech. The right to speak includes the right not to speak, as well as the right to wear buttons or T-shirts expressing support for a cause.
This does not mean students can say—or not say—anything they want at all times. There are some limits on free speech rights at school. For example, schools have some control over students' speech in the classroom or during other supervised, school-sponsored activities. If a teacher tells a student to answer a question during class, the student generally doesn't have a constitutional right to refuse to answer. Students who want to remain silent during class on the Day of Silence are less likely to encounter problems if they seek permission from their teachers beforehand. However, school officials are NOT allowed to discriminate against you based on your message. In other words, school officials may not censor a student just because they disapprove of the student's ideas because the student's speech makes them uncomfortable or because they want to avoid controversy. Outside of the classroom, in areas like hallways and cafeterias, students have a much broader right to free speech. Schools can't censor students unless they use lewd or foul language, promote illegal drug use, harass other students or substantially disrupt the school environment."

Mr. Cline, allowing us to participate in the DOS will do no harm. Our goal is to make students aware of bullying and try to stop it. Here are seven reasons that allowing us the participate in the DOS would be beneficial to you:

1

**EXHIBIT**

*19*

DESOTO/CLINE/FUSCO/JONES000135

1.) Allowing students to participate on April 20th, which coincedentally falls on National Marijuana Appriciation Day, removes the day's theme of drug appriciation and replaces it with a theme of acceptance.

2.) Allowing students to participate will make them more aware of bullying, and also gives a message that *any* type of bullying is unacceptable.

3.) Allowing students to participate gives members of our community a sense that the administration cares.

4.) Allowing students to participate will give the school a sense of unity.

5.) Allowing students to participate on that day will make classes quieter. We may even be able to deter disruption!

6.) Allowing students to participate gives a chance to spread awareness.

7.) Participants may be a "sounding board," a non-judgemental party for students to relate to and speak out against their antagonists.

Honestly, we aren't asking for much. All that we desire is the cooperation of administration and to be allowed to put up posters. Many of the students who plan to participate will do so, whether administration approves or not. I just want to save myself and my peers from disciplinary action and help our school. Thank you for your time.

Sincerely, Amber Hatcher,
A hopeful student.

*(I apologize for sending this email multiple times, but April 20th is approaching fast. Considering that this will be the third time I've sent this email, the next logical step would be to set up an appointment at your offices. I can only do this as a last resort, but rest assured with the knowledge that I will do all I can to organize this event.)*

2

DESOTO/CLINE/FUSCO/JONES000136



:naking the case for equality

April 19, 2012

*Sent by electronic mail and facsimile transmission*
(866) 370-2471
(863) 494-7867
adrian.cline@desoto.k12.fl.us

Adrian H. Cline, Superintendent
Desoto County School District
Post Office Drawer 2000
Arcadia, FL 34266

Re:   Day of Silence and allegations of unlawful interference with student speech

Dear Adrian H. Cline:

We have been advised by several students who seek to participate in Day of Silence activities at Desoto
County High School tomorrow, April 20, 2012, that they have been severely hampered by your
administration in their efforts to do so.  In particular, it is our understanding that students have been
informed that they may not distribute materials, wear T-shirts or otherwise participate in the national
Day of Silence, which is a day designed to show support for lesbian, gay, bisexual and transgender
(LGBT) students.  As the oldest and largest national legal organization committed to achieving full
recognition of the civil rights of LGBT people and their allies, Lambda Legal has extensive experience
with issues related to students' rights, including their right to free speech. We write on behalf of students
in your school wishing to participate in Day of Silence, to put the school on notice that failure to allow
these students to exercise their right to free speech and equal treatment implicates constitutional
violations that can create both individual and institution liability.

Protection of Students Rights to Freedom of Expression
The Supreme Court has long recognized that public school students do not "'shed their constitutional
rights to freedom of speech or expression at the schoolhouse gate.'"[1]  Under the First Amendment,
schools may not restrict student speech merely to avoid controversy or to avoid the "discomfort and
unpleasantness that always accompany an unpopular viewpoint."[2]  Nor may schools suppress or
discriminate against student speech simply because they disapprove of or disagree with the speaker's
ideas.[3]  The Constitution allows schools to control student speech only in very narrow circumstances,

---

[1] *Morse v. Frederick,* 127 S. Ct. 2618, 2622 (2007) (quoting *Tinker v. Des Moines Indep. Cmty. Sch. Dist.,* 393 U.S. 503, 506 (1969)).

[2] *Tinker,* 393 U.S. at 509; *see also Colin ex rel. Colin v. Orange Unified Sch. Dist.,* 83 F. Supp. 2d 1135, 1141 (C.D. Cal. 2000); *Morrison v. Bd. of Educ.,* 419 F. Supp. 2d 937, 941 (E.D. Ky. 2006) ("The private, noncurricular speech of students is entitled to almost blanket constitutional protection.") affirmed by *Morrison v. Bd. of Educ.,* 521 F.3d 602 (6th Cir. 2008).

[3] *See Rosenberger v. Rector and Visitors of Univ. of Va.,* 515 U.S. 819, 828 (1995) ("Discrimination against speech because of its message is presumed to be unconstitutional."); *see also Prince v. Jacoby,* 303 F.3d 1074, 1091 (9th Cir. 2002).

SOUTHERN REGIONAL OFFICE  740 PEACHTREE STREET SUITE 1040, ATLANTA GA  T: 404-897-1880  F: 404-897-1884 WWW.LAMBDALEGAL.ORG



20

DESOTO/CLINE/FUSCO/JONES000021


making the case for equality

Page 2
April 19, 2012
Dr. Frost, Superintendent

none of which are present here.[4]

With respect to any justifications to censor the pro-gay speech at issue here based on "distraction" or "disruption," the Supreme Court has allowed restrictions on student speech only where school officials have *reasonably* concluded that the speech will "'<u>materially</u> and <u>substantially</u> disrupt the work and discipline of the school.'"[5] A school may not simply assume, however, that disruptions will occur; rather, the school must justify restrictions on speech by showing *facts* that reasonably lead it "to forecast substantial disruption of or material interference with school activities."[6] Accordingly, the school may not censor a student simply because it believes that some students or community members hearing the speech will respond in a disruptive manner.[7] If students who oppose the speaker's message disrupt the school, the school must direct its disciplinary measures at those students, not at the speaker.[8] In the words of one federal court, the First Amendment "does not tolerate mob rule by unruly school children."[9]

As the Supreme Court explained, the mere fact that a particular issue may be controversial or politically sensitive does not permit school authorities to censor "silent, passive expression of opinion, unaccompanied by any disorder or disturbance on the part of [the speakers themselves]."[10] In an educational environment, student expression that does not disrupt school activities should be a subject of discussion and debate, not censorship. Indeed, where school officials in a school for grades six through twelve had prohibited students from wearing messages at school such as "Gay? Fine by Me," "I Support My Gay Friends," and "I Support Equal Marriage Rights."[11] the court held that the restrictions violated the Constitution and the federal judged wrote that it was "extraordinary" that the school would ban

---

[4] For example, the Constitution allows schools to censor speech expressed in an obscene, lewd or profane manner, as well as speech encouraging illegal drug use. *Morse*, 127 S. Ct. at 2629 (2007); *Barr v. Lafon*, 538 F.3d 554, 564 (6th Cir. 2008).

[5] *Morse*, 127 S. Ct. at 2626 (quoting *Tinker*, 393 U.S. at 513); *Barr*, 538 F.3d at 564; *Morrison*, 419 F. Supp. 2d at 941 ("Further limiting the restriction of speech is the requirement that the there be a specific fear of significant disruption.").

[6] *Pinard v. Clatskanie School Dist.*, 61, 467 F.3d 755, 768 (9th Cir. 2006) (citation and internal quotation marks omitted).

[7] See *Morrison v. Bd. of Educ.*, 521 F.3d 602, 623 (6th Cir. 2008)

[8] See *Forsyth County, Ga. v. Nationalist Movement*, 505 U.S. 123, 134-35 (1992) ("Speech cannot be . . . punished or banned, simply because it might offend a hostile mob."); see also *Boyd County High Sch. Gay Straight Alliance v. Bd. of Educ.*, 258 F. Supp. 2d 667, 690 (E.D. Ky. 2003) ("Assuming arguendo that the anti-GSA faction at BCHS was sufficiently disruptive to 'materially and substantially interfere with the requirements of appropriate discipline,' Defendants are not permitted to restrict Plaintiffs' speech and association as a means of preventing disruptive responses to it. The Court further finds that the 'heckler's veto' rule does not limit Defendants' authority to maintain order and discipline on school premises or to protect the well-being of students and faculty. ... *Tinker* and *Terminiello* are designed to prevent Defendants from punishing students who express unpopular views instead of punishing the students who react to those views in a disruptive manner.") (citing *Tinker*, 393 U.S. at 509).

[9] *Fricke v. Lynch*, 491 F. Supp. 381, 387 (D.R.I. 1980).

[10] *Tinker*, at 580; see also *Saxe v. State College Area Sch. Dist.*, 240 F.3d 200, 211 (3rd Cir. 2001)("[T]inker requires a specific and significant fear of disruption, not just some remote apprehension of disturbance.")

[11] *Gillman ex rel. Gillman v. School Bd. for Holmes County, Fla.*, 567 F.Supp.2d 1359, 1362 (N.D. Fla. 2008).

DESOTO/CLINE/FUSCO/JONES000022


Lambda Legal
making the case for equality

Page 3
April 19, 2012
Dr. Frost, Superintendant

speech "that is not vulgar, lewd, obscene, plainly offensive, or violent, but which is pure, political, and expresses tolerance, acceptance, fairness and support for . . . a marginalized group [and] for a fellow student."[12]

Nor does the First Amendment allow the school to dilute or alter the student message. In *Franklin Central Gay/Straight Alliance v. Franklin Tp. Community School*, 2002 WL 32097530, (S.D. Ind. Aug. 30, 2002), an Indiana federal court rejected the school's argument that it could force a GSA to "dilute its message by accommodating others, such as overweight students." The court ruled that forcing the GSA to become a "diversity" club was "not content-neutral. The speaker has the right to tailor his or her own message." *Id.* (citing *Hurley v. Irish-American Gay, Lesbian and Bisexual Group of Boston*, 515 U.S. 557, 573 (1995)). With respect to Day of Silence activities, please be advised that while students understand that failure to verbally respond to a school official's question may have an effect on their class participation grade for the day, any aggressive or disproportionate discipline, or questioning that requires verbal responses from students who have communicated their participation in tomorrow's silent protest, may be viewed as chilling a student's speech and/or as unconstitutional retaliation for the exercise of constitutionally protected rights.

**Additionally, please be advised that any retaliation aimed at students for exercising their rights with respect to expression on campus or contacting organizations to report interference with their rights will subject the school and school officials to additional liability** because the law is clear that school officials may not interfere with students in their pursuit of constitutional rights hinder – through intimidation or otherwise. To be clear, "government action which chills constitutionally protected speech or expression contravenes the First Amendment," *Wolford v. Lasater*,[13] and "threats accompanied by a 'chilling effect' that deny or hinder the exercise of a constitutional right have been deemed cognizable." *Sterling v. Borough of Minersville* 232 F.3d 190 (3rd Cir. 2000) (holding officials liable for threatening to reveal citizen's sexual orientation to family members).[14]

Hopefully, the information contained herein will lead to an immediate resolution of these issues so that no further action will be necessary to ensure that students may participate in Friday's Day of Silence activities without further discrimination or censorship. However, please be advised that we are closely monitoring the situation to ensure that these students rights are not further violated and will be discussing with them the possibility of remedial efforts which may include a federal lawsuit.

---

[12] *Id.* at *9.

[13] 78 F.3d 484, 488 (10th Cir.1996)

[14] *See also Citizens Action Fund v. City of Morgan City*, 154 F.3d 211, 216 (5th Cir.1998) ("Threats of unconstitutionally enforcing laws against individuals can lead to a chilling effect upon speech, silencing voices and opinions which the First Amendment was meant to protect.").



Lambda Legal
making the case for equality

Page 4
April 19, 2012
Dr. Frost, Superintendant

Should you wish to discuss this matter, please do not hesitate to contact us directly.

Sincerely,

LAMBDA LEGAL DEFENSE AND EDUCATION FUND, INC.

By: _____
     Beth Littrell
     Staff Attorney

cc:   Shannon Fusco, Principal

## Fusco, Shannon

| | |
|---|---|
| **From:** | Fusco, Shannon |
| **Sent:** | Friday, April 20, 2012 8:37 AM |
| **To:** | DHS Teachers; DHS Staff |
| **Subject:** | protesting |
| | |
| **Importance:** | High |

Teachers:
Please note that we have a group of students today who have an intention of protesting. The district has an absolute policy against protesting on school campuses.

If you have students who are wearing placard in protest of an issue or disrupting the hallways or classrooms, please notify the dean or administration, and we will handle it.

If a student refuses to participate in class by taking part in a silent protest, that is considered a disruption. Again, please notify the administration, and we will handle it.

Thank you,
sdf

**Shannon D. Fusco**
**Principal, DeSoto High School**
"To empower all students to become life-long learners able to compete in today's society."

**EXHIBIT**

21

1

**Fusco, Shannon**

| | |
|---|---|
| From: | Fusco, Shannon |
| Sent: | Monday, April 23, 2012 9:56 AM |
| To: | Barnwell, Melba |
| Cc: | Fusco, Shannon |
| Subject: | Friday's protest |

Melba,

On Friday only two students received any consequences from protesting for LGBT day of silence.

Amber Hatcher was dressed in a shirt protesting the occasion. When her teacher sent her up to the office she was belligerent to the Dean. She initially refused to answer then refused to step into IR. She was talked to and did finally give the phone numbers of her parents. She was placed in IR for the day as they could not be reached. That is the extend of her discipline.

The other student, R████ M████, was refusing to talk in class and was sent home for the day on the consent of his grandmother, Linda Howell.

Two other students were asked to comply with removing their protest tags and answer questions. They both did so.

Thank you,
sdf

**Shannon D. Fusco**
**Principal, DeSoto High School**
"To empower all students to become life-long learners able to compete in today's society."

EXHIBIT

22

1

DESOTO/CLINE/FUSCO/JONES000132

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

AMBER HATCHER, and GREGORY
HATCHER, by her next friend
    Plaintiffs,

vs.                                        Case Number: 2:13-cv-138-Ftm-99DNF

DESOTO COUNTY SCHOOL DISTRICT
BOARD OF EDUCATION, SHANNON
FUSCO, ERMATINE JONES and ADRIAN
CLINE,
    Defendants.

---

## AFFIDAVIT OF TIMOTHY WILDER

BEFORE ME, the undersigned notary public, personally appeared Timothy Wilder, who, being duly sworn, deposes and says:

1.    I am over the age of eighteen (18) years of age and have personal knowledge of the matters stated herein.

2.    At all times relevant to these proceedings, I was and am a teacher assigned to Desoto County High School.

3.    I was Amber Hatcher's third period teacher on April 20, 2012. On that date, Ms. Hatcher participated in what I understood to be a "Day of Silence" activity while in my class.

4.    I did not send Ms. Hatcher out of my class on April 20, 2012, nor did I take any action to address her behavior related to her "Day of Silence" activity. I taught my class in the same manner as usual that day, however, I did not call on Ms. Hatcher to participate.

00182998.DOCX





23

5.   Ms. Hatcher was called out of my class during third period on April 23,

2012. I do not know the reason why she was called out of class.


FURTHER AFFIANT SAYETH NOT.


_Timothy Wilder_
Timothy Wilder


STATE OF FLORIDA
COUNTY OF DeSoto

The foregoing instrument was sworn to and subscribed before me by
Timothy Wilder, who is personally known to me, or who has produced the following type
of identification: _____ on this 25th day of March,
2013.


My Commission Expires:

Notary Public State of Florida
Linda W Howell
My Commission EE078241
Expires 06/03/2015

_Linda W. Howell_
Notary Public

_Linda W. Howell_
Printed Notary Name


00182998.DOCX

Legal Discovery

**From:**   Barnwell, Melba
**Sent:**   Monday, April 23, 2012 1:47 PM
**To:**   Fusco, Shannon
**Subject:**   RE: Friday's protest

Thanks Shannon.
Mel

**From:** Fusco, Shannon
**Sent:** Monday, April 23, 2012 9:56 AM
**To:** Barnwell, Melba
**Cc:** Fusco, Shannon
**Subject:** Friday's protest

Melba,

On Friday only two students received any consequences from protesting for LGBT day of silence.

Amber Hatcher was dressed in a shirt protesting the occasion. When her teacher sent her up to the office she was belligerent to the Dean. She initially refused to answer then refused to step into IR. She was talked to and did finally give the phone numbers of her parents. She was placed in IR for the day as they could not be reached. That is the extend of her discipline.

The other student, R███████ M██████ was refusing to talk in class and was sent home for the day on the consent of his grandmother, Linda Howell.

Two other students were asked to comply with removing their protest tags and answer questions. They both did so.

Thank you,
scf

**Shannon D. Fusco**
**Principal, DeSoto High School**
"To empower all students to become life-long learners able to compete in today's society."

EXHIBIT

24

DESOTO/CLINE/FUSCO/JONES000192

Discipline Incident                                                          Page 1 of 1

# DeSoto County High School

### Discipline Incident

**Incident Date and Time:**
Monday, April 23, 2012 at 1:23 PM

**Location:**
Classroom

**Type:**
RB - Refusal to follow directions

**Action:**
Sent to Admin

**One student was involved in this incident:**
Hatcher, Amber 403720

**Referred by:**
E. Jones

**Incident Notes:**
Student refused to follow class rules when given by
teacher. Student was then sent to the Dean's office where
she continued to be insubordinate and willful disobedient.

**Administrative Comments and Followup:**
An attempt to notify parent were made. Student was
NOT suspended but would have been allowed to be
checked out by parent. However, student spent all day in
IR which will serve as her completed consequence.

This report was generated on Monday, April 23, 2012 at 1:51 PM.



EXHIBIT

25

HATCHER000002



**Lambda Legal**
making the case for equality

Page 1
May 8, 2012
Adrian H. Cline, Superintendant

*Sent by electronic mail and facsimile transmission*
(866) 370-2471
(863) 494-7867
adrian.cline@desoto.k12.fl.us

Adrian H. Cline, Superintendent
DeSoto County School District
Post Office Drawer 2000
Arcadia, FL 34266

RE:    **Public Records Act Request**

Dear Adrian H. Cline:

Pursuant to the Florida Public Records Act (FL Stat. §119.07 et. Seq.) ("the Act"), you are hereby
requested to make available for review and copying all files, records and other documents in your
possession that refer, reflect or relate to documents described in this request. As used in this request,
"documents" and "document" shall mean all memoranda, notes, reports, evaluations, assessments,
recommendations, plans, correspondence, e-mails, minutes, and statistical data (including enclosures
and attachments), regardless of the format in which the information is stored.

Please provide us copies of all documents in your possession that refer, reflect or relate in any manner to
"Day of Silence" and/or any silent protests/or student protests of any type that was anticipated,
speculated or otherwise communicated and/or understood to take place on DeSoto County High School
in the 2011-2012 school year. In particular, please provide us a copy of any e-mail correspondence that
was circulated from Principal Fusco, or any other DeSoto County High School District employee, on or
about April 19 and/or April 20, 2012 and all responses thereto, relating to student discipline and/or
reporting of Day of Silence "protestors" to the Dean of Students or other administrative staff, as well as
any other e-mail, memo, letter, or other documents remotely related to Day of Silence, and/or any silent
protests and/or student protests of any type that was anticipated speculated or otherwise communicated
and/or understood to take place on DeSoto County High School on or about April 20, 2012.

If this request is denied in whole or in part, we ask that you cite in writing the specific statutory
exemption upon which you have relied, as required by law. We also ask that you release all separate
portions of otherwise exempt material, or redact as necessary. Please waive any costs associated with
the request, or first inform of us about such costs as required by Florida law.

As you know, the Act requires a response by you within a reasonable time of your receipt of this letter
and provides sanctions for non-compliance. The failure to timely reply is treated as a denial of the
request and allows for sanctions. I look forward to hearing from you.

**EXHIBIT**

26

DESOTO/CLINE/FUSCO/JONES000146


making the case for equality

Page 2
May 8, 2012
Adrian H. Cline, Superintendant


Sincerely,

LAMBDA LEGAL DEFENSE AND EDUCATION FUND, INC.

By: ___/s/ Lorraine Farkas___
        Beth Littrell
        Staff Attorney



cc:     Shannon Fusco, Principal

DESOTO/CLINE/FUSCO/JONES000147

Discipline Incident

# DeSoto County High School

### Discipline Incident

**Incident Date and Time:**
Monday, April 23, 2012 at 1:23 PM

**Location:**
Classroom
**Type:**
RB - Refusal to follow directions
**Action:**
Sent to Admin

**One student was involved in this incident:**
Hatcher, Amber 403720

**Referred by:**
E. Jones

**Incident Notes:**
Student refused to follow class rules when given by
teacher. Student was then sent to the Dean's office where
she continued to be insubordinate and willful disobedient.

**Administrative Comments and Followup:**
An attempt to notify parent were made. Student was
NOT suspended but would have been allowed to be
checked out by parent. However, student spent all day in
IR which will serve as her completed consequence.

This report was generated on Wednesday, May 9, 2012 at 11:50 AM.



27

file://C:\Documents and Settings\jonese\Local Settings\Temp\PNU67X7K.HTM       5/9/2012

DESOTO/CLINE/FUSCO/JONES000300

Discipline Incident                                          Page 1 of 1

# DeSoto County High School

### Discipline Incident

**Incident Date and Time:**
Monday, April 23, 2012 at 1:23 PM

**Location:**
Classroom
**Type:**
RB - Refusal to follow directions
**Action:**
Sent to Admin

**One student was involved in this incident:**
Hatcher, Amber 403720

**Referred by:**
E. Jones

**Incident Notes:**
Student refused to follow class rules when given by
teacher. Student was then sent to the Dean's office where
she continued to be insubordinate and willful disobedient.
Student informed me that she did not have to follow school
rules. She became strongly argumentative and was
instructed at that time to step into my office from the hall.
As she continued to argue, she was placed in IR for
insubordination.

**Administrative Comments and Followup:**
An attempt to notify parent were made. Student was
NOT suspended but would have been allowed to be
checked out by parent. However, student spent all day in
IR which will serve as her completed consequence.

This report was generated on Wednesday, May 9, 2012 at 2:38 PM.



28

DESOTO/CLINE/FUSCO/JONES003091

**Connie Collins**

| | |
|---|---|
| From: | Fusco, Shannon |
| Sent: | Thursday, May 10, 2012 9:49 AM |
| To: | Cline, Adrian; Fusco, Shannon |
| Subject: | Day of Silence Scan |
| Attachments: | Discipline Incident.pdf |

Mr. Cline,

I have attached the scan for Amber. I updated as an amendment clarifying why Amber was placed in IR- the total cause was for belligerence in the hallway, not being disruptive in the classroom. Her poor behavior began at the Dean's office.

I put this as an amendment so as not to change the initial form- just to clarify.

Please let me know if there is anything else.
Thank you,

Shannon D. Fusco
Principal, DeSoto High School
"To empower all students to become life-long learners able to compete in today's society."

1

**EXHIBIT**

29

DISTRICT PPR000360

Discipline Incident

# DeSoto County High School

### Discipline Incident

**Incident Date and Time:**
Monday, April 23, 2012 at 1:23 PM

**Location:**
Classroom
**Type:**
RB - Refusal to follow directions
**Action:**
Sent to Admin

**One student was involved in this incident:**
Flatcher, Amber 403720

**Referred by:**
E. Jones

**Incident Notes:**
Student refused to follow class rules when given by
teacher. Student was then sent to the Dean's office where
she continued to be insubordinate and willful disobedient.
Student informed me that she did not have to follow school
rules.
Amendment to 4-23 form. Amber came to the front office as
having been identified as taking part in a protest. She was
silent and wearing a plackard. When the Dean began to
speak to her asking why she was at the office, she
became very defensive and loud in the hallway and was
asked to step into the office. She refused to go and so
was placed in IR. She refused this placement. An attempt
to call the parent was made. They could not be reached,
and so Amber remained in IR for the day.

**Administrative Comments and Followup:**
An attempt to notify parent were made. Student was
NOT suspended but would have been allowed to be
checked out by parent. However, student spent all day in
IR which will serve as her completed consequence.

This report was generated on Thursday, May 10, 2012 at 9:17 AM.

DISTRICT PPR000361

A W. Amber Hatcher

## FW: Amber Hatcher

**Barnwell, Melba**
**Sent:** Thursday, May 10, 2012 3:46 PM
**To:** Cline, Adrian
**Attachments:** Amber Hatcher.doc (24 KB)

Mr. Cline,
Please see the attached.
Melba

**From:** Jones, Ermatine
**Sent:** Thursday, May 10, 2012 2:47 PM
**To:** Barnwell, Melba; Fusco, Shannon; Jones, Ermatine; Curtis, Paul; Pella, Karen
**Subject:** Amber Hatcher



*30*

DESOTO/CLINE/FUSCO/JONES000104

May 10, 2012

Amber Hatcher

Mr. Curtis and Mrs. Pella met with Amber Hatcher this morning regarding the incident on April 23rd to determine why Amber was at the dean's office. Amber says that she was called out of 3rd period and was sent to the discipline office. When she arrived at the dean's office she claims that she was sent to the Intervention Room by the dean for participating in the National Day of Silence. Amber also stated to Mr. Curtis and Mrs. Pella that she came to the attendance/discipline office earlier in the day to request a bus pass. She was told that she would be called to the office later in the day to pick up the bus pass. No one from the discipline/dean's office called Amber out of 3rd period. It is possible that she was called to pick up a bus pass at that time, but she did not receive it. She received the bus pass at the end of the school day while she was in IR.

Ermatine Jones ~ Dean

According to the dean and the discipline secretary, Amber arrived at the dean's office and took a seat outside. When the dean arrived at her office, she asked the students (including Amber) who were sitting outside of the office if they were waiting to see her. At that point Amber became argumentative stating no one has the right to keep her from participating in the National Day of Silence. The dean had no idea why Amber was at the discipline office. She asked Amber to settle down, but Amber continued to be argumentative. Amber told the dean she was sent to the discipline office because of participating in the National Day of Silence, however, her 3rd period teacher did not send her out for this purpose. She asked Amber to step into the IR room until the dean was able to sit down and discuss her situation/concerns. Amber said that she couldn't be made to go to the IR room and refused to go. The dean then stated that it did not matter what else Amber may have been sent to the discipline office, now she was being willful disobedient in following a directive from the dean. It was for this willful disobedience that Amber spent the remainder of the day in IR in lieu of sending her home as a parent could not be reached to pick her up.

Mrs. Pella

Amber approached me on April 22nd after school and wanted to discuss her suspension. I told her that she was not suspended and there was no intent to suspend her. She said that she planned on participating in the National Day of Silence and if we planned on suspending her, then let's go ahead and talk about it. I once again told her that there was no intent to suspend her.

According to her behavior that day and her behavior with the dean the following day, it appears that Amber was looking to get in trouble or draw attention to the cause.

**Legal Discovery**

From:        Amber Hatcher <amberh720@hotmail.com>
Sent:        Saturday, February 02, 2013 11:06 AM
To:          Cline, Adrian; Main Lawyer
Subject:     RE: National Day Of Silence

From: amberh720@hotmail.com
To: adrian.cline@desoto.k12.fl.us
Subject: National Day Of Silence
Date: Tue, 10 Apr 2012 11:36:47 +0000

Dear Mr. Cline,

This year, the National Day Of Silence (DOS), an anti-bullying campaign and peaceful protest, falls on April 20th, 2012. I, despite being a student (and a Freshman at that!), have been attempting to organize the DOS with Mrs. Fusco for about a week. Unfortunately, Mrs. Fusco informed me that peaceful protests are against District Policy and that you denied permission for us to participate at DHS. Thankfully, I've been able to find out District Policy, which specifically *gives us the right to peacefully assemble*.

According to Student Rights And Responsibilities (http://desotoschools.com/Home/school_info/Student%20Rights%20and%20Responsibilities.pdf): students have the right to " Hear, examine, and express divergent points of view, including freedom of speech, written expression, and symbolic expression," granted that we, "consider and respect the divergent point of view of others," and," Be sure that personal expressions (speech, written, or symbolic) do not infringe on the rights of others." We also have the right to, "assemble peacefully on school grounds," as long as we," assemble do as not to disrupt the educational process." Also, According to Lambda Legal (The attorney's office that has dealt with the legal side of DOS): "Under the Constitution, public schools must respect students' right to free speech. The right to speak includes the right not to speak, as well as the right to wear buttons or T-shirts expressing support for a cause.

This does not mean students can say—or not say—anything they want at all times. There are some limits on free speech rights at school. For example, schools have some control over students' speech in the classroom or during other supervised, school-sponsored activities. If a teacher tells a student to answer a question during class, the student generally doesn't have a constitutional right to refuse to answer. Students who want to remain silent during class on the Day of Silence are less likely to encounter problems if they seek permission from their teachers beforehand. However, school officials are NOT allowed to discriminate against you based on your message. In other words, school officials may not censor a student just because they disapprove of the students' ideas because the students' speech makes them uncomfortable or because they want to avoid controversy. Outside of the classroom, in areas like hallways and cafeterias, students have a much broader right to free speech. Schools can't censor students unless they use lewd or foul language, promote illegal drug use, harass other students or substantially disrupt the school environment."

DESOTO/CLINE/FUSCO/JONES000227

EXHIBIT
31

Mr. Cline, allowing us to participate in the DOS will do no harm. Our goal is to make students aware of bullying and try to stop it. Here are seven reasons that allowing us the participate in the DOS would be beneficial to you.

1.) Allowing students to participate on April 20th, which coincedentally falls on National Marijuana Appriciation Day, removes the day's theme of drug appriciation and replaces it with a theme of acceptance.

2.) Allowing students to participate will make them more aware of bullying, and also gives a message that _any_ type of bullying is unacceptable.

3.) Allowing students to participate gives members of our community a sense that the administration cares.

4.) Allowing students to participate will give the school a sense of unity.

5.) Allowing students to participate on that day will make classes quieter. We may even be able to deter disruption!

6.) Allowing students to participate gives a chance to spread awareness.

7.) Participants may be a "sounding board," a non-judgemental party for students to relate to and speak out against their antagonists.

Honestly, we aren't asking for much. All that we desire is the cooperation of administration and to be allowed to put up posters. Many of the students who plan to participate will do so, whether administration approves or not. I just want to save myself and my peers from disciplinary action and help our school. Thank you for your time.

Sincerely, Amber Hatcher,
A hopeful student.

DESOTO/CLINE/FUSCO/JONES000228

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

AMBER HATCHER, and GREGORY
HATCHER, by her next friend
     Plaintiffs,

vs.                      Case Number: 2:13-cv-138-Ftm-99DNF

DESOTO COUNTY SCHOOL DISTRICT
BOARD OF EDUCATION, SHANNON
FUSCO, ERMATINE JONES and ADRIAN
CLINE,
     Defendants.

_____

## AFFIDAVIT OF ADRIAN CLINE

BEFORE ME, the undersigned notary public, personally appeared Adrian Cline, who, being duly sworn, deposes and says:

1.    I am over the age of eighteen (18) years of age and have personal knowledge of the matters stated herein.

2.    I was the School Superintendent for the Desoto County School District during the 2012 school year.

3.    My duties as School Superintendent are accurately described by the Desoto County School Board Policy manual, and consistent with the Florida Constitution and Florida Statutes.

4.    I received an e-mail from Ms. Hatcher, who requested permission to participate in a day long protest. It was my understanding that this protest would involve in-class conduct which could disrupt the educational process.

00182726.DOCX

EXHIBIT

32

5.     I did not approve her request, however, I did not instruct Ms. Fusco or any other employee to deviate from established school policy, which is codified in the Student's Rights and Responsibilities and Section 210.03 of the School Board Policy Manual.

6.     No disciplinary action would have been taken for conduct consistent with the District's written policies, nor did I direct such action.   To my knowledge, no such action was taken or threatened.

7.     I no longer hold the office of School Superintendent, nor did I hold the office when I was served with the Complaint in this matter.


FURTHER AFFIANT SAYETH NOT.


_____
ADRIAN CLINE


STATE OF FLORIDA
COUNTY OF _DESOTO_

The foregoing instrument was sworn to and subscribed before me by _____ who is personally known to me, or who has produced the following type of identification: _____ on this _18TH_ day of March, 2013.


My Commission Expires:

_____
Notary Public

_____
Printed Notary Name

00182726.DOCX


LINDA L. QUEZADA
Commission # EE 025604
Expires November 30, 2014
Bonded Thru Troy Fain Insurance 800-385-7019

## STUDENT'S RIGHTS AND RESPONSIBILITIES

| STUDENTS HAVE THE RIGHT TO: | STUDENTS HAVE THE RESPONSIBILITY TO: |
| --- | --- |
| 1. be informed of all school rules and the consequences of breaking those rules. | 1. observe all school rules or suffer the consequences of unacceptable behavior. Students will be familiar with the District Code of Student Conduct and the school Student Handbook. |
| 2. be shown personal respect by all other students and school personnel. | 2. show respect to all other students and school personnel. |
| 3. make appropriate use of school facilities, properties, and materials. | 3. respect and protect school facilities, properties, and materials. |
| 4. attend school and benefit from quality educational opportunities. | 4. attend school and all classes on a regular basis. |
| 5. have access to an appropriate education, including instruction and use of materials and tests, at a level which allows an opportunity for success. | 5. participate in educational opportunities, completing classroom assignments and homework to the best of their ability. |
| 6. hear, examine, and express divergent points of view, including freedom of speech, written expression and symbolic expression. | 6. consider and respect the divergent point of view of others. Be sure that personal expressions (speech, written or symbolic) do not infringe on the rights of others. |
| 7. know in advance how grades in a class will be determined. | 7. understand the teachers' grading systems, monitoring their own progress in each class. |
| 8. enjoy a reasonable degree of personal privacy. | 8. keep their persons and property free of dangerous or illegal objects, materials and substances. |
| 9. participate in extracurricular activities and clubs if they qualify academically. Students may not be excluded on the basis of sex (except as allowed under Title IX), color, race, ethnic origin, religion or handicap. | 9. abide by the rules of extracurricular activities - display school spirit and good sportsmanship. |

# STUDENT'S RIGHTS AND RESPONSIBILITIES CONTINUED:

| STUDENTS HAVE THE RIGHT TO: | STUDENTS HAVE THE RESPONSIBILITY TO: |
|---|---|
| 10. choose whether or not to participate in patriotic or religious activities. | 10. respect the rights of others to participate in patriotic or religious activities. |
| 11. receive personal, academic, and vocational counseling. | 11. seek personal, academic, and vocational counseling. |
| 12. receive due process in all disciplinary actions, including an appeal procedure. | 12. cooperate with school personnel in cases involving disciplinary actions, following prescribed steps for an appeal and accepting final decisions. |
| 13. dress comfortably in a manner appropriate to a school setting. | 13. dress in a way not offensive to others. |
| 14. assemble peacefully on school grounds. | 14. assemble so as not to disrupt the educational process. |
| 15. participate in school government based on a democratic process. | 15. take an active interest in student government. |
| 16. remain in the school program if married, if a parent, or if pregnant. | 16. seek regular medical advice regarding school attendance. |
| 17. have access to records and/or transcripts as provided by statute. | 17. provide the school with all information relevant to making educational decisions. |
| 18. be free from all forms of sexual harassment by any person at school or school-sponsored activities. | 18. avoid making unwelcome and inappropriate verbal, written or physical conduct of a sexual nature. |
| 19. attend a school that is safe and free from unlawful drugs and alcohol. | 19. not possess or use any unlawful drugs and/or alcohol at school or school-sponsored activities. |
| 20. attend a school that is safe and free from weapons and weapon look-a-likes. | 20. not possess or use weapons or weapon look-a-likes at school or school-sponsored activities. |

13

## 210.03 STUDENT DISTRIBUTION OF LITERATURE AND MATERIALS.

District schools are nonpublic forums. Only students enrolled at a specific school shall be permitted to distribute material under this rule. Students have the right to express their opinion and points of view subject to reasonable time, place and manner limitations consistent with law. Students shall obtain prior approval from the Principal to distribute material.

(A) Approval for distribution of material shall be granted unless the Principal determines that the material is lewd or obscene, promotes disruption of the orderly operation of the school, contains statements which may be libelous or slanderous, contains statements which invade personal rights of privacy, may cause embarrassment or ridicule to students or others and/or advocates violence or illegal activity. Nothing in this provision shall be interpreted to prohibit the distribution of religious or political literature, provided such material does not otherwise violate the limitations contained herein.

(B) Approval shall be granted or denied within a reasonable time of submittal of the material for approval.

(C) Material shall only be distributed prior to the beginning of the school day, during the student's school lunch period, during class change time or following the end of the student's school day. Distribution location(s) on the campus shall be designated by the Principal. Distribution shall be permitted prior to the beginning of the student attendance day following the end of the student attendance day and during the student's school lunch period.

(D) Distribution shall be conducted in an orderly manner and shall not disrupt school operation.

(E) Students who distribute material without prior approval at time(s) or location(s) other than authorized herein may be disciplined in accordance with procedures as stated in the Student Conduct and Discipline Code.

(F) Students shall not bring printed material on campus which is lewd or obscene, promotes disruption of the orderly operation of the school, contains statements which may be libelous or slanderous, contain statements which invade personal rights of privacy, may cause personal embarrassment or ridicule to students, school faculty and/or staff or that advocates violence or illegal activity.
(SBP KJA, passed 2-24-1998; Am. 3-23-1999)
*School code reference:*
  *General authority, see F.S. § 1001.41*

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

AMBER HATCHER, and GREGORY
HATCHER, by her next friend
     Plaintiffs,

vs.                       Case Number: 2:13-cv-138-Ftm-99DNF

DESOTO COUNTY SCHOOL DISTRICT
BOARD OF EDUCATION, SHANNON
FUSCO, ERMATINE JONES and ADRIAN
CLINE,
     Defendants.

_____

## AFFIDAVIT OF SHANNON FUSCO

  BEFORE ME, the undersigned notary public, personally appeared Shannon Fusco,

who, being duly sworn, deposes and says:

1.     I am over the age of eighteen (18) years of age and have personal

knowledge of the matters stated herein.

2.     At all times relevant to these proceedings, I was and am an employee of the

Desoto County School District.

3.     I was the Principal of Desoto County High School during the 2012 school

year.

4.     As part of my duties as an employee of the Desoto County School District, I

am familiar with the policies of my employer.

5.     My position as principal did not give me final policymaking authority at

Desoto County High School.   My decisions were always subject to review

by the School Superintendent or the School Board.

00182724.DOCX

**EXHIBIT**

*33*

6.   It is the policy of the Desoto County School District that students have a right to "hear, examine, and express divergent points of view, including freedom of speech, written expression and symbolic expression." This is codified by the District in the publication "Student's Rights and Responsibilities," which is attached to this affidavit.

7.   Section 210.03 of the School Board Policy manual also provides that students have the right to express their opinion and points of view, although the distribution of printed material shall be subject to prior approval.

8.   I was approached by Amber Hatcher regarding her desire to organize a "Day of Silence" event at the School. She wanted this event to take place at Desoto County High School and her planned event would include participation in the class room during instructional time. Ms. Hatcher did not provide any printed material to me for approval.

9.   I forwarded her request to the School Superintendent, who did not approve the activity. The School Superintendent did not provide me any instructions or guidelines as to what acts would be permitted or not permitted. In absence of instructions to the contrary, I would follow the published school policies in any given situation.

10.  Ms. Hatcher was informed of the Superintendent's decision. Ms. Hatcher decided to contact the Superintendent directly.

11.  I was directed by the Superintendent to inform Ms. Hatcher of his decision. I again explained his decision to Ms. Hatcher.

00182724.DOCX

12.   I informed Ms. Hatcher's father of Ms. Hatcher's plans and the Superintendent's decision.

13.   I would not have taken any action against Ms. Hatcher for any of her activities that were consistent with the Student's Rights and Responsibilities guidelines and with Section 210.03 of the School Board Policy manual.

14.   I did not witness any of Ms. Hatcher's activities relating to the Day of Silence.

15.   I was advised by the Dean of Students that Ms. Hatcher had been belligerent and insubordinate to her and had been disciplined for that behavior.

16.   I am not aware of any disciplinary action that was taken against Ms. Hatcher as it relates to her expressive conduct for her observance of "Day of Silence."

17.   I am not aware of any decisions by the School Superintendent or the School Board to handle this year's "Day of Silence" different from the published school policies.


FURTHER AFFIANT SAYETH NOT.


SHANNON FUSCO


00182724.DOCX

STATE OF FLORIDA
COUNTY OF Desoto

      The foregoing instrument was sworn to and subscribed before me by
_____ who is personally known to me, or who has produced the following type of
identification: _____ on this _18th_ day of March,
2013.

My Commission Expires:

                              _____
                              Notary Public

                              LINDA  L.  QUEZADA
                              Printed Notary Name

LINDA L. QUEZADA
Commission # EE 025604
Expires November 30, 2014
Bonded Thru Troy Fain Insurance 800-385-7019

# STUDENT'S RIGHTS AND RESPONSIBILITIES

| STUDENTS HAVE THE RIGHT TO: | STUDENTS HAVE THE RESPONSIBILITY TO: |
|---|---|
| 1. be informed of all school rules and the consequences of breaking those rules. | 1. observe all school rules or suffer the consequences of unacceptable behavior. Students will be familiar with the District Code of Student Conduct and the school Student Handbook. |
| 2. be shown personal respect by all other students and school personnel. | 2. show respect to all other students and school personnel. |
| 3. make appropriate use of school facilities, properties, and materials. | 3. respect and protect school facilities, properties, and materials. |
| 4. attend school and benefit from quality educational opportunities. | 4. attend school and all classes on a regular basis. |
| 5. have access to an appropriate education, including instruction and use of materials and tests, at a level which allows an opportunity for success. | 5. participate in educational opportunities, completing classroom assignments and homework to the best of their ability. |
| 6. hear, examine, and express divergent points of view, including freedom of speech, written expression and symbolic expression. | 6. consider and respect the divergent point of view of others. Be sure that personal expressions (speech, written or symbolic) do not infringe on the rights of others. |
| 7. know in advance how grades in a class will be determined. | 7. understand the teachers' grading systems, monitoring their own progress in each class. |
| 8. enjoy a reasonable degree of personal privacy. | 8. keep their persons and property free of dangerous or illegal objects, materials and substances. |
| 9. participate in extracurricular activities and clubs if they qualify academically. Students may not be excluded on the basis of sex (except as allowed under Title IX), color, race, ethnic origin, religion or handicap. | 9. abide by the rules of extracurricular activities - display school spirit and good sportsmanship. |

12

# STUDENT'S RIGHTS AND RESPONSIBILITIES CONTINUED:

| STUDENTS HAVE THE RIGHT TO: | STUDENTS HAVE THE RESPONSIBILITY TO: |
|---|---|
| 10. choose whether or not to participate in patriotic or religious activities. | 10. respect the rights of others to participate in patriotic or religious activities. |
| 11. receive personal, academic, and vocational counseling. | 11. seek personal, academic, and vocational counseling. |
| 12. receive due process in all disciplinary actions, including an appeal procedure. | 12. cooperate with school personnel in cases involving disciplinary actions, following prescribed steps for an appeal and accepting final decisions. |
| 13. dress comfortably in a manner appropriate to a school setting. | 13. dress in a way not offensive to others. |
| 14. assemble peacefully on school grounds. | 14. assemble so as not to disrupt the educational process. |
| 15. participate in school government based on a democratic process. | 15. take an active interest in student government. |
| 16. remain in the school program if married, if a parent, or if pregnant. | 16. seek regular medical advice regarding school attendance. |
| 17. have access to records and/or transcripts as provided by statute. | 17. provide the school with all information relevant to making educational decisions. |
| 18. be free from all forms of sexual harassment by any person at school or school-sponsored activities. | 18. avoid making unwelcome and inappropriate verbal, written or physical conduct of a sexual nature. |
| 19. attend a school that is safe and free from unlawful drugs and alcohol. | 19. not possess or use any unlawful drugs and/or alcohol at school or school-sponsored activities. |
| 20. attend a school that is safe and free from weapons and weapon look-a-likes. | 20. not possess or use weapons or weapon look-a-likes at school or school-sponsored activities. |

13

## 210.03 STUDENT DISTRIBUTION OF LITERATURE AND MATERIALS.

District schools are nonpublic forums. Only students enrolled at a specific school shall be permitted to distribute material under this rule. Students have the right to express their opinion and points of view subject to reasonable time, place and manner limitations consistent with law. Students shall obtain prior approval from the Principal to distribute material.

(A) Approval for distribution of material shall be granted unless the Principal determines that the material is lewd or obscene, promotes disruption of the orderly operation of the school, contains statements which may be libelous or slanderous, contains statements which invade personal rights of privacy, may cause embarrassment or ridicule to students or others and/or advocates violence or illegal activity. Nothing in this provision shall be interpreted to prohibit the distribution of religious or political literature, provided such material does not otherwise violate the limitations contained herein.

(B) Approval shall be granted or denied within a reasonable time of submittal of the material for approval.

(C) Material shall only be distributed prior to the beginning of the school day, during the student's school lunch period, during class change time or following the end of the student's school day. Distribution location(s) on the campus shall be designated by the Principal. Distribution shall be permitted prior to the beginning of the student attendance day following the end of the student attendance day and during the student's school lunch period.

(D) Distribution shall be conducted in an orderly manner and shall not disrupt school operation.

(E) Students who distribute material without prior approval at time(s) or location(s) other than authorized herein may be disciplined in accordance with procedures as stated in the Student Conduct and Discipline Code.

(F) Students shall not bring printed material on campus which is lewd or obscene, promotes disruption of the orderly operation of the school, contains statements which may be libelous or slanderous, contain statements which invade personal rights of privacy, may cause personal embarrassment or ridicule to students, school faculty and/or staff or that advocates violence or illegal activity.
(SBP KJA, passed 2-24-1998; Am. 3-23-1999)
*School code reference:*
   *General authority, see F.S. § 1001.41*

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

AMBER HATCHER, and GREGORY
HATCHER, by her next friend
    Plaintiffs,

vs.                      Case Number: 2:13-cv-138-Ftm-99DNF

DESOTO COUNTY SCHOOL DISTRICT
BOARD OF EDUCATION and ADRIAN CLINE,
as Superintendent of DeSoto County School District,
SHANNON FUSCO, as DeSoto County High
School Principal, and ERMATINE JONES, as DeSoto
County High School Dean of Students, in their personal
and official capacities, and their successors in office,
    Defendants.

_____

## DEFENDANTS' ANSWER, AFFIRMATIVE DEFENSES AND DEMAND FOR JURY TRIAL TO COMPLAINT

COME NOW, the Defendants, ERMATINE JONES and ADRIAN CLINE, and

hereby file their Answer and Affirmative Defenses to Plaintiff's Complaint, and in support

thereof, state the following:

## PARTIES

1.    Without knowledge, therefore denied.

2.    Admitted.

3.    Admitted.

4.    Denied.

5.    Denied.

6.    Denied.

00182773.DOCX

EXHIBIT

34

7.      Denied.

8.      Denied.

9.      Admit for Jurisdictional purposes only.

10.     Admitted.

## FACTS

11.     Denied.

12.     Denied.

13.     Denied.

14.     Without knowledge, therefore denied.

15.     Without knowledge, therefore denied.

16.     Without knowledge, therefore denied.

17.     Without knowledge, therefore denied.

18.     Without knowledge, therefore denied.

19.     Denied.

20.     Denied.

21.     Denied.

22.     Denied.

23.     Admitted.

24.     Denied.

25.     Denied.

26.     Denied.

27.     Denied.

00182773.DOCX

28.     Denied.

29.     Denied.

30.     Denied.

31.     Denied.

32.     Denied.

33.     Denied.

34.     Denied.

35.     Denied.

36.     Denied.

37.     Denied.

38.     Denied.

39.     Denied.

40.     Denied.

41.     Denied.

42.     Denied.

43.     Denied.

44.     Denied.

45.     Denied.

46.     Denied.

47.     Denied.

48.     Denied.

49.     Denied.

00182773.DOCX

50.     Denied.

51.     Denied.

52.     Denied.

53.     Denied.

54.     Denied.

55.     Denied.

56.     Denied.

57.     Denied.

58.     Denied.

59.     Denied.

60.     Denied.

61.     Denied.

62.     Denied.

## COUNT I

63.     Defendants repeat their responses to 1-62 as previously pled.

64.     Denied.

65.     Denied.

66.     Denied.

67.     Admitted.

68.     Denied.

69.     Denied.

70.     Denied.

00182773.DOCX

71.     Denied.

72.     Denied.

73.     Denied.

74.     Denied.

75.     Denied.

76.     Denied.

77.     Denied.

78.     Denied.

79.     Denied.

80.     Denied.

81.     Denied.

82.     Denied.

83.     Denied.

84.     Denied.

85.     Denied.

86.     Denied.

87.     Denied.

88.     Denied.

89.     Denied.

90.     Denied.

91.     Denied.

92.     Denied.

00182773.DOCX

93.    Denied.

94.    Denied.

## COUNT II

95.    Defendants repeat their responses to 1-62 as previously pled.

96.    Denied.

97.    Denied.

## COUNT III

98.    Defendants repeat their responses to 1-62 as previously pled.

99.    Denied.

100.    Denied.

101.    Denied.

102.    Denied.

103.    Denied.

104.    Denied.

105.    Denied.

106.    Denied.

107.    Denied.

108.    Denied.

109.    Denied.

110.    Denied.

111.    Denied.

00182773.DOCX

## COUNT IV

112.    Defendants repeat their responses to 1-62 as previously pled.

113.    Denied.

114.    Denied.

115.    Denied.

## COUNT V

116.    DEFENDANT, ADRIAN CLINE repeats his responses to 1-62 as previously pled.   DEFENDANT, ERMATINE JONES need not answer the allegations in Count V as they are not directed towards her, however denies same.

117.    Denied.

118.    Denied.

119.    Denied.

120.    Denied.

121.    Denied.

122.    Denied.

123.    Denied.

## COUNT VI

124.    DEFENDANT, ADRIAN CLINE repeats his responses to 1-62 as previously pled.   DEFENDANT, ERMATINE JONES need not answer the allegations in Count VI as they are not directed towards her, however denies same.

125.    Denied.

126.    Denied.

00182773.DOCX

127.   Denied.

## COUNT VII

128.   DEFENDANT, ADRIAN CLINE repeats his responses to 1-62 as previously pled.   DEFENDANT, ERMATINE JONES need not answer the allegations in Count VII as they are not directed towards her, however denies same.

129.   Denied.

130.   Denied.

131.   Denied.

132.   Denied.

## COUNT VIII

133.   Defendants repeat their responses to 1-62 as previously pled.

134.   Denied.

135.   Denied.

136.   Denied.

137.   Denied.

138.   Denied.

139.   Denied.

140.   Denied.

141.   Denied.

## COUNT IX

142.   Defendants repeat their responses to 1-62 as previously pled.

00182773.DOCX

143.    Denied.

144.    Denied.

145.    Denied.

### COUNT X

146.    Defendants repeat their responses to 1-62 as previously pled.

147.    Denied.

148.    Denied.

149.    Denied.

150.    Denied.

151.    Denied.

152.    Denied.

153.    Denied.

154.    Denied.

155.    Denied.

### DEMAND FOR JURY TRIAL

Defendants, ERMATINE JONES and ADRIAN CLINE, demand a trial by jury on all issues so triable.

### AFFIRMATIVE DEFENSES

### First Affirmative Defense

Defendants are entitled to qualified immunity for all claims made against them.

00182773.DOCX

### Second Affirmative Defense

Defendants state that injunctive relief is not available as to claims made against them in their individual capacity.

### CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on March 19, 2013, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to **Nancy J. Faggianelli, Esquire** (nfaggianelli@carltonfields.com), CARLTON FIELDS, P.A., 4221 West Boy Scout Boulevard, Suite 1000, Tampa, Florida 33601 and **Elizabeth Lynn Littrell, Esquire** (BLittrell@lambdalegal.org), LAMBDA LEGAL EDUCATION AND DEFENSE FUND, Southern Regional Office, 730 Peachtree Street N.E., Suite 1070, Atlanta, Georgia 30308.

/s/JEFFREY D. JENSEN
**T.R. UNICE, JR., ESQUIRE**
Florida Bar Number: 358169 -  trunice@unicesalzman.com
**JEFFREY D. JENSEN, ESQUIRE**
Florida Bar Number: 0021017 - jjensen@unicesalzman.com
**UNICE SALZMAN, P.A.**
2570 Coral Landings Boulevard, Suite 201
Palm Harbor, Florida 34684
Phone (727)723-3772
Fax (727)723-1421
Attorneys for Defendants

00182773.DOCX