# 6B-1.0006 Principles of Professional Conduct for the Education Profession in Florida

(1) The following disciplinary rule shall constitute the Principles of Professional Conduct for the Education Profession in Florida.

(2) Violation of any of these principles shall subject the individual to revocation or suspension of the individual educator's certificate, or the other penalties as provided by law.

(3) Obligation to the student requires that the individual:
- (a) Shall make reasonable effort to protect the student from conditions harmful to learning and/or to the student's mental and/or physical health and/or safety.
- (b) Shall not unreasonably restrain a student from independent action in pursuit of learning.
- (c) Shall not unreasonably deny a student access to diverse points of view.
- (d) Shall not intentionally suppress or distort subject matter relevant to a student's academic program.
- (e) Shall not intentionally expose a student to unnecessary embarrassment or disparagement.
- (f) Shall not intentionally violate or deny a student's legal rights.
- (g) Shall not harass or discriminate against any student on the basis of race, color, religion, sex, age, national or ethnic origin, political beliefs, marital status, handicapping condition, sexual orientation or social and family background and shall make reasonable effort to assure that each student is protected from harassment or discrimination.
- (h) Shall not exploit a relationship with a student for personal gain or advantage.
- (i) Shall keep in confidence personally identifiable information obtained in the course of professional service, unless disclosure serves professional purposes or is required by law.

(4) Obligation to the public requires that the individual:
- (a) Shall take reasonable precautions to distinguish between personal views and those of any educational institution or organization with which the individual is affiliated.
- (b) Shall not intentionally distort or misrepresent facts concerning an educational matter in direct or indirect public expression.
- (c) Shall not use institutional privileges for personal gain or advantage.
- (d) Shall accept no gratuity, gift, or favor that might influence professional judgment.
- (e) Shall offer no gratuity, gift or favor to obtain special advantages.

(5) Obligation to the profession of education requires that the individual:
- (a) Shall maintain honesty in all professional dealings.
- (b) Shall not on the basis of race, color, religion, sex, age, national or ethnic origin, political beliefs, marital status, handicapping condition if otherwise qualified, or social and family background deny to a colleague professional benefits or advantages or participation in any professional organization.
- (c) Shall not interfere with a colleague's exercise of political or civil rights and responsibilities.
- (d) Shall not engage in harassment or discriminatory conduct which unreasonably interferes with an individual's performance of professional or work responsibilities or with the orderly processes of education or which creates a hostile, intimidating, abusive, offensive or oppressive environment; and, further, shall make reasonable effort to assure that each individual is protected from such harassment or discrimination.
- (e) Shall not make malicious or intentionally false statement about a colleague.
- (f) Shall not use coercive means or promise special treatment to influence professional judgments of colleagues.
- (g) Shall not misrepresent one's own professional qualifications.
- (h) Shall not submit fraudulent information on any document in connection with professional activities.
- (i) Shall not make any fraudulent statement or fail to disclose a material fact in one' own or another's application for a professional position.
- (j) Shall not withhold information regarding a position from an applicant or misrepresent an assignment or conditions of employment.
- (k) Shall provide upon the request of the certificated individual a written statement of specific reason for recommendations that lead to the denial of increments, significant changes in employment or termination of employment.
- (l) Shall not assist entry into or continuance in the profession of any person known to be unqualified in accordance with these Principles of Professional Conduct for the Education Profession in Florida and other applicable Florida Statutes and State Board of Education Rules.
- (m) Shall report to appropriate authorities any known allegation of a violation of the Florida School Code or State Board of Education Rules as defined in Section 231.28 (1), Florida Statutes.
- (n) Shall seek no reprisal against any individual who has reported any allegation of a violation of the Florida School Code or School Board of Education Rules as defined in Section 231.28(1), Florida Statutes.
- (o) Shall comply with the conditions of an order of the Education Practices Commission imposing probation, imposing a fine, or restricting the authorized scope of practice.
- (p) Shall, as the supervising administrator, cooperate with the Education Practices Commission in monitoring the probation of a subordinate.

Specific Authority 1001.02 (1), 231.546 (2)(b)FS. Law Implemented 231.546(2),231.28 FS History – New 7-6-82, Amended 12-20-83, Formerly 6B-01.06, Amended 8-10-92.

PLAINTIFF'S EXHIBIT
20
FUSD    10-9-13



DESOTO/CLINE/FUSCO/JONES001105



## OATH OF LOYALTY
### As required by Section 876.05, Florida Statutes

STATE OF FLORIDA

COUNTY OF DESOTO

I, _SHANNON FUSCO_ , a citizen of the State of Florida and of

the United States of America and being employed by or an officer of The

School District of DeSoto County and a recipient of public funds as such

employee or officer, do hereby solemnly swear or affirm that I will support

the Constitution of the United States and of the State of Florida.

Signature

Sworn to and subscribed before me this ___ day of ___ , 20___ By

_Shannon Fusco_ , who is personally known to me or who provided

___ as identification.

VICKI ANN MCCORQUODALE
MY COMMISSION # DD 868180
EXPIRES: May 13, 2013
Bonded Thru Budget Notary Services

Signature of Notary Public

Notary Stamp/Commission Expiration Date

DIS-ADO-1-2-041-R07/01



PLAINTIFF'S
EXHIBIT JS
21
10-9-13 FUSCO

DESOTO/CLINE/FUSCO/JONES001268

# DeSoto County High School

### Discipline Incident

**Incident Date and Time:**
Monday, April 23, 2012 at 1:23 PM

**Location:**
Classroom
**Type:**
RB - Refusal to follow directions
**Action:**
Sent to Admin

**One student was involved in this incident:**
Hatcher, Amber 403720

**Referred by:**
E. Jones

**Incident Notes:**
Student refused to follow class rules when given by
teacher. Student was then sent to the Dean's office where
she continued to be insubordinate and willful disobedient.

**Administrative Comments and Followup:**
An attempt to notify parent were made. Student was
NOT suspended but would have been allowed to be
checked out by parent. However, student spent all day in
IR which will serve as her completed consequence.

This report was generated on Monday, April 23, 2012 at 1:51 PM.



HATCHER000002

 Lorraine Fontana/Lambda  
Lambda Legal  05/09/2012 08:05 AM

To  adrian.cline@desoto.k12.fl.us  
cc  shannon.fusco@desoto.k12.fl.us  
bcc  Beth Littrell/Lambda  
Subject  Public Records Act Request

History:  ⊠ This message has been forwarded.

Dear Superintendent Cline,

Attached please find an Public Records Act Request for your response.

Sincerely,  
Lorraine Fontana

p.s. I attempted to fax a copy to Ms. Fusco at 863-494-7867, but the fax repeatedly failed. If there is a different number to fax a copy to, for her review, please let us know.



2012.05.08 ORA faxed+emailed.pdf

Lorraine Fontana  
Legal Assistant  
Lambda Legal  
Southern Regional Office  
730 Peachtree Street N.E. Suite 1070  
Atlanta, GA 30308  
Phone: (404) 897-1880 ext 233  
Fax: (404) 897-1884  
lfontana@lambdalegal.org  
http://www.lambdalegal.org

Lambda Legal - Making the Case for Equality

CONFIDENTIALITY NOTICE: This email transmission from Lambda Legal Defense and Education Fund, Inc., and any documents, files or previous email messages attached to it, may contain confidential information that is legally privileged. If you are not the intended recipient, or a person responsible for delivering it to the intended recipient, you are hereby notified that any disclosure, copying, distribution or use of any of the information contained in or attached to this transmission is STRICTLY PROHIBITED. If you have received this transmission in error, please immediately notify us by reply mail or by telephone at 404-897-1880 ext. 233, and destroy the original transmission and its attachments without reading or saving it in any manner.


EXHIBIT JJ  
24  
10-9-13  FUSCO


**Lambda Legal**
making the case for equality

Page 1
May 8, 2012
Adrian H. Cline, Superintendant

*Sent by electronic mail and facsimile transmission*
(866) 370-2471
(863) 494-7867
adrian.cline@desoto.k12.fl.us

Adrian H. Cline, Superintendent
DeSoto County School District
Post Office Drawer 2000
Arcadia, FL 34266

    **RE:   Public Records Act Request**

Dear Adrian H. Cline:

Pursuant to the Florida Public Records Act (FL Stat. §119.07 et. Seq.) ("the Act"), you are hereby requested to make available for review and copying all files, records and other documents in your possession that refer, reflect or relate to documents described in this request. As used in this request, "documents" and "document" shall mean all memoranda, notes, reports, evaluations, assessments, recommendations, plans, correspondence, e-mails, minutes, and statistical data (including enclosures and attachments), regardless of the format in which the information is stored.

Please provide us copies of all documents in your possession that refer, reflect or relate in any manner to "Day of Silence" and/or any silent protests/or student protests of any type that was anticipated, speculated or otherwise communicated and/or understood to take place on DeSoto County High School in the 2011-2012 school year. In particular, please provide us a copy of any e-mail correspondence that was circulated from Principal Fusco, or any other DeSoto County High School District employee, on or about April 19 and/or April 20, 2012 and all responses thereto, relating to student discipline and/or reporting of Day of Silence "protestors" to the Dean of Students or other administrative staff, as well as any other e-mail, memo, letter, or other documents remotely related to Day of Silence, and/or any silent protests and/or student protests of any type that was anticipated speculated or otherwise communicated and/or understood to take place on DeSoto County High School on or about April 20, 2012.

If this request is denied in whole or in part, we ask that you cite in writing the specific statutory exemption upon which you have relied, as required by law. We also ask that you release all separate portions of otherwise exempt material, or redact as necessary. Please waive any costs associated with the request, or first inform of us about such costs as required by Florida law.

As you know, the Act requires a response by you within a reasonable time of your receipt of this letter and provides sanctions for non-compliance. The failure to timely reply is treated as a denial of the request and allows for sanctions. I look forward to hearing from you.

**EXHIBIT** 73

25

10-9-13   FUSCO

DESOTO/CLINE/FUSCO/JONES000146

 Lambda Legal.
making the case for equality

Page 2
May 8, 2012
Adrian H. Cline, Superintendant

Sincerely,

LAMBDA LEGAL DEFENSE AND EDUCATION FUND, INC.

By: /s/ *Beth Littrell*
Beth Littrell
Staff Attorney

cc:    Shannon Fusco, Principal

DESOTO/CLINE/FUSCO/JONES000147

# DeSoto County High School

### Discipline Incident

**Incident Date and Time:**
Monday, April 23, 2012 at 1:23 PM

**Location:**
Classroom
**Type:**
RB - Refusal to follow directions
**Action:**
Sent to Admin

**One student was involved in this incident:**
Hatcher, Amber 403720

**Referred by:**
E. Jones

**Incident Notes:**
Student refused to follow class rules when given by
teacher. Student was then sent to the Dean's office where
she continued to be insubordinate and willful disobedient.

**Administrative Comments and Followup:**
An attempt to notify parent were made. Student was
NOT suspended but would have been allowed to be
checked out by parent. However, student spent all day in
IR which will serve as her completed consequence.

This report was generated on Wednesday, May 9, 2012 at 11:50 AM.



DESOTO/CLINE/FUSCO/JONES000300

# DeSoto County High School

### Discipline Incident

**Incident Date and Time:**
Monday, April 23, 2012 at 1:23 PM

**Location:**
Classroom
**Type:**
RB - Refusal to follow directions
**Action:**
Sent to Admin

**One student was involved in this incident:**
Hatcher, Amber 403720

**Referred by:**
E. Jones

**Incident Notes:**
Student refused to follow class rules when given by
teacher. Student was then sent to the Dean's office where
she continued to be insubordinate and willful disobedient.
Student informed me that she did not have to follow school
rules. She became strongly argumentative and was
instructed at that time to step into my office from the hall.
As she continued to argue, she was placed in IR for
insubordination.

**Administrative Comments and Followup:**
An attempt to notify parent were made. Student was
NOT suspended but would have been allowed to be
checked out by parent. However, student spent all day in
IR which will serve as her completed consequence.

This report was generated on Wednesday, May 9, 2012 at 2:38 PM.



5/9/2012

DESOTO/CLINE/FUSCO/JONES003091

# DeSoto County High School

## Discipline Incident

**Incident Date and Time:**
Monday, April 23, 2012 at 1:23 PM

**Location:**
Classroom

**Type:**
RB - Refusal to follow directions

**Action:**
Sent to Admin

One student was involved in this incident;
Hatcher, Amber 403720.

**Referred by:**
E. Jones

**Incident Notes:**
Student refused to follow class rules when given by
teacher. Student was then sent to the Dean's office where
she continued to be insubordinate and willful disobedient.
Student informed me that she did not have to follow school
rules.

Amendment to 4-23 form. Amber came to the front office as
having been identified as taking part in a protest. She was
silent and wearing a placard. When the Dean began to
speak to her asking why she was at the office, she
became very defensive and loud in the hallway and was
asked to step into the office. She refused to go and so
was placed in IR. She refused this placement. An attempt
to call the parent was made. They could not be reached,
and so Amber remained in IR for the day.

**Administrative Comments and Followup:**
An attempt to notify parent were made. Student was
NOT suspended but would have been allowed to be
checked out by parent. However, student spent all day in
IR which will serve as her completed consequence.

This report was generated on Thursday, May 10, 2012 at 9:17 AM.



PLAINTIFF'S
EXHIBIT JS
10-9-13 FUSCO

DESOTO/CLINE/FUSCO/JONES000041

Printed: 8/28/2013, 12:11:30 PM

## Student Discipline - Summary
### 0031 DeSoto County High

---

**STUDENT: 403720 AMBER HATCHER**                                      **GRADE: 09**

| INCIDENT NUMBER | TYPE | DATE | STAFF | ACTION-ONE ACTION | DATE | DUR | ACTION-TWO ACTION | DATE | DUR | INVOLVEMENT A | D | W | G | H | H |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 00310211 | ZZC | 9/26/2011 | 174 | IR | 9/26/2011 | 1DAY | TRS | 9/26/2011 | 1DAY | N | N | N | N | N | N |
| 00311186 | ZZB | 3/28/2012 | 207 | EXT | 3/28/2012 | | | | | N | N | N | N | N | N |
| 00311337 | ZZB | 4/20/2012 | 130 | IR | 4/20/2012 | 1DAY | | | | N | N | N | N | N | N |



PLAINTIFF'S EXHIBIT JS
29
10-9-13 FUSCO

DESOTO/CLINE/FUSCO/JONES000298

# DeSoto County High School

### Discipline Incident

**Incident Date and Time:**
Monday, April 23, 2012 at 1:23 PM

**Location:**
Classroom
**Type:**
RB - Refusal to follow directions
**Action:**
Sent to Admin

**One student was involved in this incident:**
M, R 403785

**Referred by:**
E. Jones

**Incident Notes:**
Student refused to follow class rules when given by
teacher.

**Administrative Comments and Followup:**
Parent was notified. Student was NOT suspended but
allowed to be checked out by parent after we discussed
the student's issue.

This report was generated on Wednesday, May 9, 2012 at 11:52 AM.



5/9/2012

DESOTO/CLINE/FUSCO/JONES003089

# DeSoto County High School

### Discipline Incident

**Incident Date and Time:**
Monday, April 23, 2012 at 1:23 PM

**Location:**
Classroom
**Type:**
RB - Refusal to follow directions
**Action:**
Sent to Admin

**One student was involved in this incident:**
M████, R████ 403785

**Referred by:**
E. Jones

**Incident Notes:**
Student refused to follow class rules when given by
teacher. He was asked to respond in class and refused to
do so. When he continued to refuse the parent was
notified and asked to pick up student.

**Administrative Comments and Followup:**
Parent was notified. Student was NOT suspended but
allowed to be checked out by parent after we discussed
the student's issue.

This report was generated on Wednesday, May 9, 2012 at 2:40 PM.



DESOTO/CLINE/FUSCO/JONES003090

## **National Day of Silence**

Olive, Jami
**Sent:**     Wednesday, May 09, 2012 12:00 PM
**To:**       Cline, Adrian
**Cc:**       Fusco, Shannon
**Attachments:** National Day of Silence.pdf (140 KB) ; Discipline Scans 4-23.pdf (37 KB) ; Amber Hatcher.pdf (101 KB)

Good Morning,

Here is the information regarding the National Day of Silence.

Thank you, .

*Jami Olive*
*DeSoto County High School*
*Principal's Secretary*
*863-494-3434 ext. 203*

*'what a child can do today with assistance, she will be able to do by herself tomorrow'*



DESOTO/CLINE/FUSCO/JONES000164

## Connie Collins

**From:**      Fusco, Shannon
**Sent:**      Thursday, May 10, 2012 9:49 AM
**To:**      Cline, Adrian; Fusco, Shannon
**Subject:**      Day of Silence Scan
**Attachments:**      Discipline Incident.pdf

Mr. Cline,
I have attached the scan for Amber. I updated as an amendment clarifying why Amber was placed in IR- the total cause was for belligerence in the hallway, not being disruptive in the classroom. Her poor behavior began at the Dean's office.

I put this as an amendment so as not to change the initial form- just to clarify.

Please let me know if there is anything else.
Thank you,

**Shannon D. Fusco**
Principal, DeSoto High School
"To empower all students to become life-long learners able to compete in today's society."

1



DISTRICT PPR000360

# DeSoto County High School

### Discipline Incident

**Incident Date and Time:**
Monday, April 23, 2012 at 1:23 PM

**Location:**
Classroom
**Type:**
RB - Refusal to follow directions
**Action:**
Sent to Admin

**One student was involved in this incident:**
Hatcher, Amber 403720

**Referred by:**
E. Jones

**Incident Notes:**
Student refused to follow class rules when given by
teacher. Student was then sent to the Dean's office where
she continued to be insubordinate and willful disobedient.
Student informed me that she did not have to follow school
rules.
Amendment to 4-23 form. Amber came to the front office as
having been identified as taking part in a protest. She was
silent and wearing a plackard. When the Dean began to
speak to her asking why she was at the office, she
became very defensive and loud in the hallway and was
asked to step into the office. She refused to go and so
was placed in IR. She refused this placement. An attempt
to call the parent was made. They could not be reached,
and so Amber remained in IR for the day.

**Administrative Comments and Followup:**
An attempt to notify parent were made. Student was
NOT suspended but would have been allowed to be
checked out by parent. However, student spent all day in
IR which will serve as her completed consequence.

This report was generated on Thursday, May 10, 2012 at 9:17 AM.

DISTRICT PPR000361

School 0031 DeSoto County High

Student Discipline Records / Incidents at This School

Sort by: Stud

| STU - # | STUDENT NAME | | GR | TC## | R | INCIDENTS | CODE DESCRIPTION | WHO | WHERE | WHEN | DATE | ADMD#B | WHO ACTIONS | DATE | DUR |
|---------|---|---|---|------|---|-----------|-----------------|-----|-------|------|------|--------|-------------|------|-----|
| 403720 | HATCHER | AMBER | 09 | 130 | W | 00311337 | ZZ3 | Irresponsible | | DSN | GRD | 04/20/12 | NNZNNN | | 04/20/12 | 1 DAY |

Total Student Discipline Records on Report: 5





PLAINTIFF'S EXHIBIT JS
34
10-9-13 Fusco

DESOTO/CLINE/FUSCO/JONES000039

**Connie Collins**

From: Fusco, Shannon
Sent: Wednesday, February 27, 2013 2:10 PM
To: 'Shannon Fusco (georgiagirl30458@yahoo.com)'
Subject: FW: National Day of Silence
Attachments: National Day of Silence.pdf

From: Olive, Jami
Sent: Wednesday, May 09, 2012 12:00 PM
To: Cline, Adrian
Cc: Fusco, Shannon
Subject: National Day of Silence

Good Morning,

Here is the information regarding the National Day of Silence.

Thank you,

*Jami Olive*
*DeSoto County High School*
*Principal's Secretary*
*863-494-3434 ext. 203*

*'what a child can do today with assistance, she will be able to do by herself tomorrow'*



PLAINTIFF'S EXHIBIT JS
35
10-9-13 Fusco

DISTRICT PPR000317

## Smith requesting permission to release attendance info

Fusco, Shannon
Sent: Tuesday, March 26, 2013 1:53 PM
To: Shannon Fusco (georgiagirl30458@yahoo.com)

---

**From:** Smith, Matt
**Sent:** Monday, March 25, 2013 3:19 PM
**To:** Fusco, Shannon
**Subject:** RE: student 403720

Thanks Shannon – I'm researching now and requesting approval for release of this data, and I will respond to you ASAP.

Thanks,

Matt

---

**From:** Fusco, Shannon
**Sent:** Monday, March 25, 2013 3:12 PM
**To:** Smith, Matt
**Cc:** Fusco, Shannon
**Subject:** student 403720

Matt,
Can you please confirm what where Amber was each period of April 20 and 23 of 2012.
Thank you,
sdf



DESOTO/CLINE/FUSCO/JONES000128

Meet with Amber Hatcher and Rupert Brown

# Meet with Amber Hatcher and Rupert Brown

Olive, Jami                  Sent: Tuesday, January 22, 2013 1:55 PM
**Required:**    Jones, Byron; Fusco, Shannon

**When:**     Tuesday, January 29, 2013 10:30 AM-10:45 AM.
**Location:**    Mrs. Fusco's Office

**Show time as:**   Busy
**Meeting status:** Accepted

Description:



https://email.desoto.k12.fl.us/...wOZAACS30&sCUMtRZ/bQjaKBR%2bRAAC&ub7CAAAF&a=Print&papid=_1372957194293_320161463[7/4/2013 1:00:25 PM]

DESOTO/CLINE/FUSCO/JONES000121

**CALL TO ORDER:**     School Board Meeting Room
                      5:30 PM

**PLEDGE OF ALLEGIANCE**  Chairman
**PRAYER**          Chairman
**ROLL CALL**
  **Members**       Allen, Chancey, Hollingsworth, Snyder, Stanko
  **Superintendent**  Dr. Karyn Gary
  **Attorney**      Bucky Waldron
  **Others**        Sue Hoffman/DeSoto Sun, E. Morgan, Dr. M. Ferrer, D. Giacolone, T. Cassels, P. Hillarie, B.
                  Rast, R. Johnson, L. Aument, R. Barnard, L. Albritton, RA Smith, K. Markey, L. Hollingsworth, Mr.
                  and Mrs. Fusco, C. Fuller, M. Perez, H. Prevatt, L. Christ, Mr. and Mrs. Schomburg, S. Giddens,
                  Others

Dr. Gary introduced ESE Director Debra Giacolone to discuss Autism Awareness Week. A wonderful DVD was
viewed. Dr. Manuel Ferrer, a representative from Teach Town curriculum, also spoke on behalf of Autism
Awareness. Overwhelming statistics were presented. Thank you to all the ESE team for a wonderful presentation.

## Approval of Minutes --

### Minutes
On motion by William Stanko and second by Karen Chancey, the Board unanimously approved the
following:
Regular minutes of 4.09.13

### Supplemental Minutes Warrants
On motion by Ronny R. Allen and second by Deborah D. Snyder, the Board unanimously approved
the following:
Check Register

## Reports --

### Attorney
No report at this time.

### Board Members
No reports at this time.

### Staff
No staff report given.

### Monthly Financial Report
Monthly Financial Report

### Public Presentations
No public presentations were given.

## Routine Business --
On motion by Karen Chancey and second by Deborah D. Snyder, the Board unanimously approved the
following unless otherwise noted:
Personnel Action Summary
Temporary Duty Leave Requests
Leave of Absences Request

DESOTO/CLINE/FUSCO/JONES000806

**New Business --**

On motion by Deborah D. Snyder and second by William Stanko, the Board unanimously approved the following unless otherwise noted:

Added as a separate item: Assistant Superintendent Position with salary schedule.

On motion by Deborah Snyder and second by William Stanko, Attachment B/Assistant Superintendent Job Description, tabled last board meeting for further discussion, was taken off the table. On motion by Deborah Snyder and second by William Stanko, motion was amended to accept the assistant superintendent job description and salary schedule as presented at the workshop. Motion passed unanimously.

### Administrative

A. Payroll Calendars for 2013,2014

B. Budget Amendment Summary

C. Fixed Asset Removal Action Report

D. Job Description/Math Coach

E. Revised Summer Calendar

F. School Financial Report

G. Transportation Letters Regarding Courtesy Stops

H. Transportation Policy 113.04 Permission to Advertise

### Grant Apps/Agreements/Contracts/Plans/Resolutions

I. Stipend Requests

### Student Services

J. Out of District Student Reassignment Request Summary

**Public Presentations --**

### Public Presentations

Community Member Mark Fusco approached the podium to speak. He discussed bullying of both students and employees by name, which he indicated he has investigated and verified, asking the board to address the culture of fear that many are feeling within the district.

Ernest Morgan approached the podium to speak.

Aida Schomburg approached the podium with an invitation to attend many of the upcoming events including the NES spring fling celebration in May. Handouts were provided.

**Superintendent --**

### Superintendent Information

Dr. Gary addressed all the concerns raised by community member Mark Fusco. A copy of the completed reports verifying the outcome of the investigations mentioned by Mr. Fusco will be sent to board members. Dr. Gary attended the recent JROTC celebration and expressed how proud she was of all the recipients. The Day of Silence at the high school went extremely well. Upcoming events were announced including the memorial service for former student, SS Christopher Ward recently killed in Afghanistan.

DESOTO/CLINE/FUSCO/JONES000807

**Board Presentations --**

<u>Board Member Presentations</u>

Mr. Stanko attended the ESE Autism Awareness day at DMS. It was very exciting and heartwarming. Also attended was the JROTC award ceremony; well represented and very nice.

Mr. Allen thanked the ESE department for the awesome presentation and for what they are doing for our students. Takes a lot of patience and courage. Mr. Allen stated that he feels communication is an issue at the high school. Letters that were received by employees should have been sent by the principal, not the superintendent. This shows a breakdown in communication. The board did turn in the Trey Jennings letter as per board policy and is expecting a report which should have been given in the 30 day turn around. Dr. Gary indicated that it had not been thirty days, and that a copy will be sent tomorrow. Mr. Allen expressed his concern over the high school investigation.

Dr. Gary indicated that the investigation is cumbersome and very large. With something this big there is no way to know how long it will take for the investigation to be completed. Dr. Gary assured board members as soon as the investigation is complete, a report will be shared with the board members. As of right now, operations are continuing to run in a normal fashion. Dr. Gary thanked the board for approving the assistant superintendent position.

Mr. Allen reiterated that the investigation is taking too long. He feels the individual doing the investigation is either incompetent or needs assistance. He does not understand the delay.

Mrs. Snyder commented on the payroll calendars indicating the approval to go to a four day work week, hopeful that cost savings will be substantial. She is working, through the Homeless Coalition, with Lisa Norris and Aida Schomburg on feeding the homeless through the high school. An update will be given at the next meeting.

Mrs. Chancey thanked the ESE department and their quality staff. She is happy to see the wonderful changes going on and is pleased with the improvements that have been made.

Mr. Hollingsworth thanked everyone for their prayers and support.

**Adjournment --**

<u>Adjournment</u>

On motion by Deborah D. Snyder and second by Karen Chancey, the Board unanimously approved the following:
Adjourned 6:18 PM

DESOTO/CLINE/FUSCO/JONES000808

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

AMBER HATCHER, and GREGORY
HATCHER, by her next friend
    Plaintiffs,

vs.                           Case Number: 2:13-cv-138-Ftm-99DNF

DESOTO COUNTY SCHOOL DISTRICT
BOARD OF EDUCATION, SHANNON
FUSCO, ERMATINE JONES and ADRIAN
CLINE,
    Defendants.

## DEFENDANT'S, SHANNON FUSCO, DISPOSITIVE MOTION TO DISMISS

COMES NOW, Defendant, SHANNON FUSCO, by and through her undersigned counsel and files her Dispositive Motion to Dismiss, and as good cause in support thereof, Defendant would show:

1. Plaintiff has brought a § 1983 claim against SHANNON FUSCO in her individual and official capacity.

2. The allegations of the Complaint do not state a cause of action upon which relief can be granted, and should be dismissed pursuant to Rule 12(b)(6).

3. Insofar as SHANNON FUSCO has been sued in her official capacity, the claim is duplicitous of the claim against her governmental employer, DESOTO COUNTY SCHOOL DISTRICT.

4. Insofar as SHANNON FUSCO has been sued in her individual capacity, this Defendant is entitled to qualified immunity.

00189468.DOCX



5. Insofar as SHANNON FUSCO has been sued in her individual capacity,

injunctive relief is not available to Plaintiff.

WHEREFORE, Defendant, SHANNON FUSCO, respectfully requests that this

Honorable Court enter an Order dismissing her as a defendant in this action, along with

such other relief as the Court deems just and proper.

## INCORPORATED MEMORANDUM OF LAW

For the reasons set forth below, Defendant, SHANNON FUSCO, respectfully

requests that she be dismissed from this action with prejudice.

### I.   Standard of Review for Motion to Dismiss

The standard for review of a motion to dismiss is discussed by this District in the

case of Rosy Blue, NV v. Davis, 2007 WL 1247154 (M.D. Fla. 2007):

> In ruling on a motion to dismiss, this Court must view the complaint in the light
> most favorable to the Plaintiff.  Scheuer v. Rhodes, 416 U.S. 232, 94 S.Ct. 1683,
> 40 L. Ed. 2d 90 (1974), and must limit its consideration to the pleadings and any
> exhibits attached thereto.  Fed. R. Civ. P. 10(c); see also GSW, Inc. v. Long
> County, Ga., 999 F.2d 1508, 1510 (11th Cir. 1993).  The Court will liberally
> construe the complaint's allegations in the Plaintiff's favor.  Jenkins v.
> McKeithen, 395 U.S. 411, 421, 89 S.Ct. 1843, 23 L.Ed.2d 404 (1969).  Plaintiff
> must plead "enough facts to raise a reasonable expectation that discovery will
> reveal evidence of illegal [conduct]."  Bell Atlantic Corp. v. Twombly, 550
> U.S. ----, ---, 127 S.Ct. 1955, 1965, 167 L. Ed. 2d 929 (2007).  In ruling on a
> motion to dismiss, "conclusory allegations, unwarranted factual deductions or
> legal conclusions masquerading as facts will not prevent dismissal."  Davila v.
> Delta Air Lines, Inc., 326 F.3d 1183, 1185 (11th Cir. 2003).

Id.

Under the federal rules, while notice pleading may not require the pleader to

allege a specific fact to cover every element or allege with precision each element of a

claim, it is necessary that a complaint contain either direct or inferential allegations

00182468.DOCX

respecting the material elements to sustain a recovery under some viable theory. Fed.R.Civ.P. 8(a); Roe v. Aware Woman Center for Choice, Inc., 253 F.3d 678, 684 (11th Cir. 2001). In addition, a defendant is entitled to know the extent of the claim being made against it, as well as the nature. United States v. Classified Parking System, 213 F.2d 631, 633 (5th Cir. 1954).

Therefore, in order to survive a motion to dismiss, a plaintiff may not merely label his claims, but at a minimum, is required to provide a short and plain statement that will give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests. Mayle v. Felix, 545 U.S. 644 (2005); Lamar Advertising of Mobile, Inc. v. City of Lakeland, Florida, 980 F. Supp. 1455, 1455-1457 (N.D. Fla. 1997). In addition, a court should not accept conclusory allegations or legal conclusions masquerading as factual conclusions. Desai v. Tire Kingdom, Inc., 944 F. Supp. 876, 878 (M.D. Fla. 1996).

## II.    Factual Allegation of Complaint

Plaintiff asserts a § 1983 claim against SHANNON FUSCO in her official and individual capacities. (Complaint, ¶ 9). FUSCO is the Principal of Desoto County High School. (Id., ¶ 6). HATCHER provided information to FUSCO and asked permission to participate in the "Day of Silence" event. (Id., ¶ 19). FUSCO refused to provide HATCHER with "assurances," informed her that protests were against District policy, and that the School Superintendent "denied permission" to students to participate. (Id., ¶ 20). HATCHER appealed an unspecified decision of FUSCO to the Superintendent. (Id., ¶ 21). The Superintendent informed FUSCO that he would not approve the activity on the District's campuses. (Id. ¶ 26). FUSCO relayed to

00182468.DOCX

HATCHER that the Superintendent denied permission for students to participate in the Day of Silence. (Id., ¶ 27). FUSCO informed the Superintendent that she had relayed the message to HATCHER. (Id., ¶ 28). FUSCO informed the Superintendent that HATCHER had twice provided "documentation" on why the Day of Silence should be allowed, and that FUSCO would clarify the matter with her in the morning." (Id., ¶¶ 29-30). FUSCO informed HATCHER of disciplinary consequences if HATCHER "was quiet" the next day. (Id., ¶ 32). FUSCO discussed the matter with HATCHER's parents. (Id., ¶ 33). FUSCO sent an email informing teachers that if there was disruptive activity, to inform administration, which would handle the matter. (Id., ¶ 39). HATCHER was sent to the Dean of Student's office because she wore a shirt promoting Day of Silence, kept silent, passed out information, and communicated via a dry-erase board. (Id., ¶¶ 40, 41, 43). HATCHER became belligerent and refused to answer questions. (Id., Exhibit G). Hatcher received an in school suspension. (Id., ¶ 46).

Paragraph 52 indicates that Exhibit H indicates that HATCHER was disciplined for wearing a shirt, however, this is a conclusion unsupported by Exhibit H.

### III.   Argument

#### A. The Official Capacity Claim is Duplicitous

Plaintiff has sued FUSCO in her official capacity. Lawsuits against a government official in their official capacity are suit against the governmental entities they represent. Kentucky v. Graham, 473 U.S. 159, 165 (1985). See also Howell v. Douglas County School District, 2008 WL 1815587 at *3 (N.D. Ga. 2008) ("Where, as here, a government employee is sued in his official capacity and the government entity is

also a named defendant, courts have held that a plaintiff should name the entity itself, rather than an individual official in his official capacity"). The official capacity claim against FUSCO should be dismissed as duplicitous of the claim against the DESOTO COUNTY SCHOOL DISTRICT.

## B. Plaintiff's Fourteenth Amendment Claim

Because the Supreme Court has "always been reluctant to expand the concept of substantive due process" it has held that "where a particular Amendment provides an explicit textual source of constitutional protection against a particular sort of governmental behavior, that Amendment, not the more generalized notion of substantive due process, must be the guide for analyzing" a claim. County of Sacramento v. Lewis, 523 U.S. 833, 841 (1998). Plaintiff's alleged cause of action is clearly within the realm of the First Amendment.

Plaintiff, in Counts VIII and IX, attempts to assert an equal protection claim, however, the allegations of the Complaint fall short of a cognizable claim. The Complaint fails to demonstrate that Plaintiff was subjected to unequal treatment by the Defendants. There is no allegation that Defendants permitted protests of causes that Defendants supported while suppressing protests of causes Defendants disfavored, as suggested in Paragraph 135. Plaintiff has failed to demonstrate that others were allowed opportunities to express themselves that she was denied. In any event, it is well established that schools have some control over the speech rights of its students on campus during school hours. In Heinkel v. School Board of Lee County, Florida, 194 Fed. Appx. 604 (11th Cir. 2006), the Eleventh Circuit decided a case strikingly similar to

00182468.DOCX

the instant matter. Heinkel wanted to commemorate a "Day of Remembrance" which had been "set aside to remember the 40 million children who have been lost to elective abortion." Id. at 605. "To observe the 2004 Day of Remembrance, Heinkel wished to wear a Day of Remembrance t-shirt, take a vow of silence during non-instructional time, and distribute materials about abortion and abortion alternatives to her classmates during non-instructional time." Id. at 606. Heinkel's request was denied. Id. In finding for the School Board, the Eleventh Circuit held "the balancing of expression and discipline is an exercise in judgment for school administrations and school boards, subject only to the constitutional requirement of reasonableness under the circumstances." Id. at 610.

Because Plaintiff's alleged claim is textually supported by the First Amendment and no cognizable equal protection claim has been made, Fourteenth Amendment analysis is not appropriate.

### C. Injunctive Relief is not Appropriate Against this Defendant

Injunctive relief against a government official defendant in their individual capacity is inappropriate with regard to that defendant's official duties. Evans v. Bayer, 684 F.Supp.2d 1365, 1369 (S.D. Fla. 2010). The present case is indistinguishable from Bayer, injunctive relief is not available against FUSCO in her individual capacity, and the request for injunctive relief in her official capacity is duplicitous of the injunction sought against the School District.

00182468.DOCX

### D. FUSCO is Entitled to Qualified Immunity

FUSCO is entitled to qualified immunity because she was operating in her discretionary capacity and she did not violate a clearly established constitutional right of the Plaintiff. Id. at 1369. FUSCO acted within her discretionary capacity if she was "performing a legitimate job related function...through a means that were within [her] power." Id. As Evans instructs, a principal's duties include the administration of discipline; and suspending a student falls within a principal's "arsenal of powers" in the administration of discipline. Id.

Having established that FUSCO was acting in her discretionary capacity, the burden has shifted to HATCHER to demonstrate that FUSCO violated a clearly established right. Id. She cannot do so.

Heinkel instructs that "the balancing of expression and discipline is an exercise in judgment for school administrations and school boards subject only to the constitutional requirement of reasonableness under the circumstances." Heinkel, 194 Fed. Appx at 610. Whether a topic is "a very emotional issue" or can "create some anger" or "become disruptive to the educational setting" are valid considerations. Id. The Eleventh Circuit has previously held that the expression of sexuality is one of the issues that a school may constitutionally regulate. Virgil v. School Board of Columbia County, 862 F. 2d 1517, 1523 (11th Cir 1989). HATCHER's representation that students may "speak out" against their antagonists creates valid concerns of anger. Furthermore, as this was an in-classroom protest during instructional time, refusing to speak or communicating through a dry erase board is disruptive to the educational setting.

00182468 DOCX

Plaintiff's claim is about more than the mere wearing of an expressive shirt.   The exhibits to the Complaint reveal that Plaintiff was attempting to organize an on-campus protest involving numerous students (Complaint, Exhibit A).   The participants planned to hang posters on walls, regardless of whether the posters were approved by the school administration.   (Id.).   Plaintiff anticipated that students would "speak out" against other students.   (Id.).   Plaintiff was also belligerent to the Dean of Students and refused to answer questions or follow directions.   (Complaint, Exhibit G).

A school administrator has the right to maintain order on a campus, which includes guarding against a disruption caused by student speech.  Heinkel, 194 Fed. Appx at 610.  "The educational process is thwarted by the milling, mooing, and haranguing, along with the aggressiveness that often accompanies a constitutionally-protected exchange of ideas on the street corner."   Shaney, v. Northeastern Independent School District, 462 F.2d 960, 968 (5th Cir. 1972).  "Because high school students and teachers cannot easily disassociate themselves from expressions directed towards them on school property and during school hours...the exercise of rights of expression in the high schools...is subject to reasonable constraints more restrictive than those constraints that can normally limit First Amendment freedoms."  Id. at 968-969.  "[E]xpression by high school students can be prohibited altogether if it materially and substantially interferes with school activities or with the rights of other students or teachers, or if the school administration can demonstrate reasonable cause to believe that the expression would engender such material and substantial interference."

Id. at 970. "[E]xpression by high school students may be limited in manner, place, or time by means of reasonable and equally-applied regulations." Id.

The Desoto School District administration can reasonably believe that an organized school protest, which would take place in the classroom while the teacher instructs, regarding a topic related to human sexuality could disrupt the educational process. Further disruption can reasonably be predicted if, as Plaintiff suggested to the Superintendent, students began speaking out against other students in the school. (Complaint, Exhibit B). When there is a reasonable basis to infer that a disruption of the educational process could be caused by the expressive act, qualified immunity is appropriate. See Denno v. School Board of Volusia County, 218 F.3d 1267 (11th Cir. 2000)(holding that school administrator who prohibited student from displaying Confederate flag was entitled to qualified immunity).

According to the allegations of the Complaint, FUSCO did nothing more than explain a policy to HATCHER and relay messages between HATCHER and the School Superintendent. There is no allegation that FUSCO personally took any action against HATCHER which caused her claimed damages. A clearly established right of a student is not violated by a principal merely explaining a policy to a student and warning that the student may be disciplined for violating the policy. Similarly, no constitutional violation occurs when a principal communicates these facts to a student's parents. FUSCO's communications did not prevent Plaintiff from performing her protest, as the Complaint clearly indicates that she observed the "Day of Silence,"

00182468.DOCX

Plaintiff's attempt to impose liability upon FUSCO for failing to supervise Dean JONES is inadequate. As an initial matter, the Complaint does not allege that FUSCO was even aware of the events between JONES and HATCHER. Even if she were, there is nothing inappropriate in imposing an in school suspension to a belligerent and uncooperative student, as described in Exhibit G.

### IV.   Conclusion

FUSCO should be dismissed from this action. The claims against her in her official capacity are duplicitous of those made against the School Board. FUSCO enjoys qualified immunity against Plaintiff's claim for damages, and injunctive relief is not available against her in her personal capacity.

### CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on March 13, 2013, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to Nancy J. Faggianelli, Esquire (nfaggianelli@carltonfields.com), CARLTON FIELDS, P.A., 4221 West Bay Scout Boulevard, Suite 1000, Tampa, Florida 33601 and Elizabeth Lynn Littrell, Esquire (BLittrell@lambdalegal.org), LAMBDA LEGAL EDUCATION AND DEFENSE FUND, Southern Regional Office, 730 Peachtree Street N.E., Suite 1070, Atlanta, Georgia 30308.

/s/JEFFREY D. JENSEN
T.R. UNICE, JR., ESQUIRE
Florida Bar Number: 358169 -  trunice@unicesalzman.com
JEFFREY D. JENSEN, ESQUIRE
Florida Bar Number: 0021017 - jjensen@unicesalzman.com

00182468.DOCX

UNICE SALZMAN, P.A.
2570 Coral Landings Boulevard, Suite 201
Palm Harbor, Florida 34684
Phone (727)723-3772
Fax (727)723-1421
Attorneys for Defendants

00182468.DOCX


*BOARD APPROVED*
Jul 12, 2011

# Code of Conduct

**DeSoto County High School**


PLAINTIFF'S
EXHIBIT JS
40
10-9-13 FUSCO

41

DESOTO/CLINE/FUSCO/JONES000712

# LEVEL I

DeSoto County School District has developed expectations for students in order to handle classroom related disciplinary offenses. Copies of classroom and/or team disciplinary plans are provided to each student at the beginning of each school year. Additional copies may be obtained from any teacher. Examples of classroom offenses consist of, but are not limited to, the following:

1. Disruptive behavior that affects educational climate;
2. Out of seat when class is scheduled to begin;
3. Off-task behavior;
4. Lack of cooperation;
5. Having/selling candy, gum or beverages in class;
6. Cheating;
7. Tardies;
8. Not doing assigned work/homework;

Teachers may implement some of the following steps in order to intervene and correct student behavior.

Attitude adjustment time
Small disciplinary report
Child Study/team referral
Classroom work details
Guidance referral
Note home
Parent conference

Detention (before/after-school/lunch)
Phone home
Privilege revoked
Extra assignment
Time out in another room
Verbal or written warning

Habitual Level I offenders may receive a large disciplinary referral after at least three of the appropriate interventions have been implemented.



DESOTO/CLINE/FUSCO/JONES000713

# LEVEL II

The offenses that follow are more serious in nature and will result in an automatic large referral possibly resulting in an Intervention Room Placement or Out-of-School Suspension.

### IR - INTERVENTION ROOM

### OSS - OUT-OF-SCHOOL SUSPENSION

## Principals may use ANY step depending on the severity of the offense

Parents may be required to attend a conference prior to a student returning to school after an Out-Of-School Suspension.



43

DESOTO/CLINE/FUSCO/JONES000714

| OFFENSE | MINIMUM CONSEQUENCES |
|---|---|
| **1a. Cutting Class:** Out of class without permission (over 10 minutes and no more than 1 period). | **First Offense**<br>At the discretion of Administrator; 3 detentions, 1 day IR OR 3 days Parking Pass Suspension<br>**Second Offense**<br>5 detentions OR 2 days IR<br>**Third Offense**<br>10 detentions OR 3 days IR |
| **1b. Tardies:** | **First Offense**<br>3 per course /per semester = 1 detention<br>**Second Offense**<br>4 course/per semester = 2 detentions<br>**Third Offense**<br>5 per course/per semester = 3 detentions; parking privileges may be revoked<br>**Repeated Offenses**<br>5 or more tardies/course = 5 detentions |
| **2. Being in areas unauthorized for students:** (This includes, but is not limited to, posted areas and vacant classrooms without adult supervision.) | **First Offense**<br>1 day IR or 3 detentions<br>**Second Offense**<br>2 days IR or 5 detentions<br><br>**Third Offense**<br>1 day OSS |
| **3. Horseplay** (This includes, but is not limited to: simple hitting, shoving, pushing, tripping) which could result in student injury or cause damage to property. | **First Offense**<br>1 day IR or 3 detentions<br><br>**Second Offense**<br>2 days IR or 5 detentions<br><br>**Third Offense**<br>1 day OSS |

DESOTO/CLINE/FUSCO/JONES000715

| OFFENSE | MINIMUM CONSEQUENCES |
|---------|----------------------|
| 4. **Truancy: Skipping School** | **First Offense**<br>3 detentions OR 1 day IR<br>**Second Offense**<br>10 detentions OR 2 days IR<br><br>**Third Offense**<br>10 detentions and referral to Social Services OR 3 days IR |
| 5. **Leaving Campus without Permission:** | **First Offense**<br>3 detentions or 1 day IR AND 10 days suspended parking privilege.<br>**Second Offense**<br>5 detentions or 2 days IR AND 20 days suspended parking privilege.<br>**Third Offense**<br>10 detentions or 3 days IR AND loss of parking privilege for remainder of school year. |
| 6. **Profanity:** (includes obscene gestures)<br>  A. Toward an adult | **First Offense**<br>3 days OSS<br>**Second Offense**<br>5 days OSS<br>**Third Offense**<br><br>10 days OSS (with possible alternative placement) |
|   B. Toward a student | **First Offense**<br>1 day OSS<br>**Second Offense**<br>3 days OSS<br>**Third Offense**<br>5 days OSS |
|   C. Profanity (general not directed at a person). | **First Offense**<br>1 day IR or 3 detentions<br><br>**Second Offense**<br>2 days IR or 5 detentions<br><br>**Third Offense**<br>1 day OSS |

DESOTO/CLINE/FUSCO/JONES000716

| OFFENSE | MINIMUM CONSEQUENCES |
|---|---|
| 7. Verbal Threat to do harm: | **First Offense**<br>3-10 days OSS |
| A. Toward an adult | **Second Offense**<br>10 days OSS with recommendation for expulsion. |
| B. Toward a student | **First Offense**<br>1 day OSS |
| | **Second Offense**<br>2 days OSS |
| | **Third Offense**<br>5 days OSS |
| 8. Battery: by a student, (physical attack of another person). | |
| A. 1. Aggravated (violent physical attack of another person.) | **First Offense**<br>3-10 days OSS<br><br>**Second Offense**<br>10 days OSS, with possible recommendation for expulsion or Administrative Hearing and referral for alternative placement. |
| B. To an adult (attack) Premeditated and/or spontaneous physical abuse. | **First Offense**<br>10 days OSS, with possible recommendation for expulsion, or referral for alternative placement. |

46

DESOTO/CLINE/FUSCO/JONES000717

| OFFENSE | MINIMUM CONSEQUENCES 9-12 |
|---------|---------------------------|
| **9. Sexual Battery:**<br><br>Any sexual act or attempt directed against another person, forcibly and/or against the person's will, including when the victim is incapable of giving consent because of his or her youth, or because of temporarily or permanent mental incapacity. This category includes rape, touching of private body parts of another person (either through human contact or using an object), and/or indecent liberties. | **First Offense**<br>3 -10 days OSS, with possible recommendation for expulsion, or referral for alternative placement. |
| **10. Harassment:**<br><br>**A. Sexual:** Unwelcome conduct of a sexual nature. Conduct of a sexual nature may include verbal sexual advances including subtle pressure for sexual activity; physical contact including touching, pinching, patting or brushing against; comments regarding physical or personality characteristics of a sexual nature; sexually oriented kidding, teasing, jokes, and sexting. Such conduct by a student is specifically prohibited.<br><br>**B. Bullying:** Unwelcome behavior including physical, verbal, or emotional which prompts feelings of embarrassment, anger or fear. | **First Offense**<br>3 -10 days OSS, with possible recommendation for expulsion, or referral for alternative placement |

## ALL VICTIMS OF SEXUAL HARASSMENT ARE REQUIRED TO REPORT SUCH ACTIVITY TO AN ADMINISTRATOR, GUIDANCE COUNSELOR OR TEACHER.

Offenses must be reported to law enforcement authorities if the violation is criminal in nature. Such offenses may result in charges being filed by school officials. In such cases, school officials will make a reasonable effort to contact a parent immediately to enable the parent to be present during the investigation. This does not include questioning concerning any matter pertaining to school or a school related activity or event.

DESOTO/CLINE/FUSCO/JONES000718

| OFFENSE | MINIMUM CONSEQUENCES 9-12 |
|---|---|
| **11. Fighting:** (Includes inciting others to violence or provoking a fight.) At any school location, school board facility, and/or vehicle. | **First Offense**<br><br>3-10 days OSS<br><br>**Second Offense**<br><br>5-10 days OSS, with possible recommendation for alternative placement<br><br>**Third Offense**<br><br>10 days OSS (with recommendation for expulsion) |

 

Repeated offenses may result in referral for alternative placement, or recommendation for expulsion.

**WARNING:** Whenever any student, parent, or other person commits an assault or battery upon any elected official or employee of a school district, regardless of whether he knows or has reason to know the official identity or position or employment of the victim, and the elected official or employee is on school property or is away from school property on official school business, the offense for which the person is charged shall be classified:

1. **ASSAULT** = First degree misdemeanor
2. **BATTERY** = Third degree felony
3. **AGGRAVATED ASSAULT** = Second degree felony
4. **AGGRAVATED BATTERY** = First degree felony

DESOTO/CLINE/FUSCO/JONES000719

| OFFENSE | MINIMUM CONSEQUENCES |
|---------|----------------------|
| 12. Disruption of IR room, discipline office or time-out room. | **First Offense**<br>1 day OSS<br><br>**Second Offense**<br>2 days OSS<br><br>**Third Offense**<br>3 days OSS |
| 13. Disorderly Conduct:<br><br>Behavior that disrupts the overall educational process of school, including loud behavior. | **First Offense**<br>3 days OSS<br><br>**Second Offense**<br>5 days OSS<br><br>**Third Offense**<br>10 days OSS with recommendation for alternative placement or expulsion |
| 14. Insubordination:<br><br>A. Refusal to identify oneself or give false identification<br><br>B. Disrespectful language<br>C. Defiance of authority<br>D. Running from an adult<br>E. Lying to an adult<br>F. Failure to report to the IR room or discipline office when given a referral. | **First Offense**<br>1 day IR or 3 detentions<br><br>**Second Offense**<br>2 days IR or 5 detentions<br><br>**Third Offense**<br>1 day OSS |
| G. Dress Code offenses | **First Offense**<br>Phone parent; Hold student in IR until clothes are changed/warning<br><br>**Second Offense**<br>Ineligible to participate in extracurricular activities for 1-5 days, Call meeting with student's parent or guardian<br><br>**Third Offense**<br>IR 1-3 Days<br>Ineligible to participate in extracurricular activities for 1-30 days<br>Notify parent by phone and written notice of consequences. |
| H. Gum, Candy, Food, Drinks | **First Offense**<br>Administrative Clarification - Warning<br><br>**Second Offense**<br>1 detention<br><br>**Third Offense**<br>2 detentions |

49

DESOTO/CLINE/FUSCO/JONES000720
DESOTO/CLINE/FUSCO/JONES000720

| OFFENSE | MINIMUM CONSEQUENCES (K-8 9-12) |
|---|---|
| 15. Unauthorized presentation and/or distribution of a publication and/or unauthorized assembly. | **First Offense** <br> 1 day IR or 3 detentions <br> **Second Offense** <br> 2 days IR or 5 detentions <br> **Third Offense** <br> 1 day OSS |
| 16. Gang or Cult Related Behavior or Activities including verbal, written or physical acts; | **First Offense** <br> 3-10 days OSS with possible recommendation for expulsion and notification to law enforcement |
| 17. Trespassing/Loitering; <br><br> A. On school property before or after school. | **First Offense** <br> 1 day IR or 3 detentions <br> **Second Offense** <br> 2 days IR or 5 detentions <br> **Third Offense** <br> 1 day OSS |
| B. Being on campus when assigned to OSS. | **First Offense** <br> 1 additional day OSS <br><br> **Second Offense** <br> 2 additional days OSS <br><br> **Third Offense** <br> 3 additional days OSS |
| C. Being on another school campus without permission. <br><br> *Any of these offenses may result in trespass warning from law enforcement. | **First Offense** <br> 1 day IR or 3 detentions <br> **Second Offense** <br> 2 days IR or 5 detentions <br><br> **Third Offense** <br> 1 day OSS |
| 18. Forging, changing, and/or destroying school or parental documents, inappropriate call-in for absence, check-out, tardies, etc. | **First Offense** <br> 1 day IR <br><br> **Second Offense** <br> 2 days IR <br><br> **Third Offense** <br> 1 day OSS |

DESOTO/CLINE/FUSCO/JONES000721

| OFFENSE | MINIMUM CONSEQUENCES |
|---|---|
| **19. Electronic Devices**<br><br>A. **Cell phones,**<br>(Wearing or use of cell phone during the school day, during school functions, or while on a school bus.) | **First Offense**<br>Device confiscated and held at school for 24 hrs; Parent notified to pick up phone<br><br>**Second Offense**<br>Device confiscated and held for a minimum of 1 week; Parent notified to pick up phone<br><br>**Third offense**<br>Device confiscated and held for a minimum of 30 days; Parent notified to pick up phone<br><br>**ELECTRONIC DEVICES MAY ONLY BE PICKED UP BETWEEN 8 AM AND 4 PM DAILY** |
| B. **CD players, IPOD, MP3 players, PSP, etc. (Possession or use of during school hours.)** | **First Offense**<br>Student is warned; Parent called to pick up item.<br><br>**Second Offense**<br>1 day IR or 3 detentions; Parent called to pick up item.<br><br>**Third Offense**<br>2 days IR or 5 detentions; Parent called to pick up item.<br><br>NOTE: For a minimum of consequences, student must cooperate by turning over item. |
| C. **Laser Pointers** | **First Offense**<br>Student is warned; Parent called to pick up item.<br><br>**Second Offense**<br>1 day IR or 3 detentions; Parent called to pick up item.<br><br>**Third Offense**<br>1 day OSS; Parent must pick up item.<br><br>NOTE: For a minimum of consequences, student must cooperate by turning over item. |

> **STUDENT USE OF CELL PHONES IS STRICTLY PROHIBITED AT ANY TIME DURING THE SCHOOL DAY, DURING SCHOOL FUNCTIONS OR WHILE ON A SCHOOL BUS.**

DESOTO/CLINE/FUSCO/JONES000722

| OFFENSE | MINIMUM CONSEQUENCES 9-12 |
|---|---|
| **20. Weapons:** | |
| A. Guns | **First Offense**<br>10 days OSS, with recommendation for expulsion and referral to law enforcement. |
| B. Dangerous instruments and contraband, weapon look-a-like. | **First Offense**<br>3-10 days OSS, possible recommendation for expulsion or alternative placement. |
| C. Using staples, broken pencils, and projectiles which causes harm to another person. | **First Offense**<br>3 days OSS<br><br>**Second Offense**<br>5 days OSS<br><br>**Third Offense**<br>10 days OSS, with possible recommendation for expulsion or alternative placement. |
| D. Using staples, broken pencils, or other objects that could cause physical harm as projectiles. | **First Offense**<br>1 day IR or 3 detentions<br><br>**Second Offense**<br>2 days IR or 5 detentions<br><br>**Third Offense**<br>1-10 days OSS |



DESOTO/CLINE/FUSCO/JONES000723

| OFFENSE | MINIMUM CONSEQUENCES 9-12 |
|---|---|
| **21. Damage or destruction of school property or other school board facilities:** | |
| **A. Defacing school property. (i.e. graffiti)** | **First Offense**<br>Full payment for replacement or repairs; possible loss of privileges; 2 days IR.<br><br>**Second Offense**<br>Full payment for replacement or repairs; possible loss of privileges; 1 day OSS.<br><br>**Third Offense**<br>Full payment for replacement or repairs; possible loss of privileges; 3 days OSS. |
| **B. Deliberate destruction, breaking, or vandalizing of school property.** | **First Offense**<br>Full payment for replacement or repairs; 10 days OSS, possible expulsion and/or prosecution; administrative hearing and recommendation for alternative placement. |
| **C. Losing or damaging textbooks or other instructional materials** | **First Offense**<br>Full payment for replacement of lost or damaged instructional materials; possible loss of privileges.<br><br>**Second Offense**<br>Full payment for replacement of lost or damaged instructional materials; possible assignment to on-campus community services chores.<br><br>**Third Offense**<br>Full payment for replacement of lost of damaged instructional materials; issued texts for class use only; barred from all extracurricular activities including all sports, band, etc., and denial or revocation of on-campus parking privilege. |

DESOTO/CLINE/FUSCO/JONES000724

| OFFENSE | MINIMUM CONSEQUENCES 9-12 |
|---|---|
| 22. Tobacco Products:  Use, possession, and/or transmission of tobacco or look-a-like tobacco products. | **First Offense**  3 days OSS  **Second Offense**  5 days OSS  **Third Offense**  10 days OSS, with recommendation for expulsion or alternative placement. |
| 23. Drugs:  A. Use or possession  B. Selling drugs  C. Possession of paraphernalia normally associated with the use of controlled substances.  D. Possession or selling of look-a-like drug substances.  E. Narcotics  F. Under the Influence of | **First Offense**  10 days OSS; recommendation for expulsion; appropriate Law Enforcement Agency contacted; Administrative Hearing. |
| 24. Alcoholic Beverages (use/possession/under the influence of) | **First Offense**  10 days OSS with referral to School Social Worker.  **Second Offense**  Recommendation for expulsion. |

**386.212**

It is unlawful for any person under the age of 18 years of age to smoke tobacco in, on, or within 1,000 feet of the real property comprising of public or private elementary, middle, or secondary school between the hours of 6:00 a.m. and midnight. This section shall not apply to any person occupying a moving vehicle or within a private residence.

**230.235**

Offenses must be reported to law enforcement authorities if the violation is criminal in nature. Such offenses may result in charges being filed by school officials. In such cases, school officials will make a reasonable effort to contact a parent immediately to enable the parent to be present during the investigation. This does not include questioning concerning any matter pertaining to school or a school related activity or event.

DESOTO/CLINE/FUSCO/JONES000725

| OFFENSE | MINIMUM CONSEQUENCES 9-12 |
|---------|---------------------------|
| 25. Theft:<br><br>Includes school or personal property, media center materials, supplies | **First Offense**<br>3 days OSS/with restitution<br><br>**Second Offense**<br>5 days OSS/with restitution and legal authorities notified<br><br>**Third Offense**<br>10 days OSS/with restitution and authorities notified. |
| 26. False fire alarms, false 911 calls, bomb threats or threats of arson: | **First Offense**<br>10 days OSS, recommendation for expulsion and/or prosecution under Florida Statutes; or referral for alternative placement. |
| 27. Extortion:<br>Obtaining money, goods, or services through threats or intimidation. | **First Offense**<br>Possible 10 day OSS and expulsion and/or prosecution under Florida Statutes; recommendation for alternative placement. |

DESOTO/CLINE/FUSCO/JONES000726

| OFFENSE | MINIMUM CONSEQUENCES (6-12) |
|---------|------------------------------|
| **28. Computer Violations:** Inappropriate use of computer/network system. | **First Offense** 3 days OSS<br><br>**Second Offense** 5 days OSS<br><br>**Third Offense** 10 days OSS with possible recommendation for expulsion. |
| **29. Terrorist Threat:** A general threat to do bodily harm by the use of a personal weapon or a weapon of mass destruction. | **First Offense**<br><br>10 days OSS with possible recommendation for expulsion. |
| **30. Repeated Section I (Minor Offenses):** | **First Offense** 1 day IR or 3 detentions<br><br>**Second Offense** 2 days IR or 5 detentions<br><br>**Third Offense** 1 day OSS |
| **31.** Any action on the part of a student that would jeopardize the health, safety, and welfare of our school community not previously cited. Any action on the part of a student which would allow a fellow student to be in violation of school discipline code. | **Principals may use any step depending on the severity of the offense.** |

56

DESOTO/CLINE/FUSCO/JONES000727