UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

AMBER HATCHER, by and through her
next friend, GREGORY HATCHER,

      Plaintiff,

v.                                                      Case No: 2:13-cv-138-FtM-38DNF

DESOTO COUNTY SCHOOL
DISTRICT BOARD OF EDUATION
and ADRIAN CLINE, as
Superintendent of DeSoto County
School District, SHANNON FUSCO,
as DeSoto County High School
Principal, and ERMATINE JONES,
as DeSoto County High School Dean
of Students, in their personal and
official capacities, and their
successors in office,

      Defendants.
_____/

### **ORDER**[1]

This matter comes before the Court on Plaintiff Amber Hatcher's, by and through her next friend, Gregory Hatcher, Unopposed Motion to Dismiss With Prejudice (Doc. #175) filed on July 21, 2014. Plaintiff brings this Motion pursuant to Rule 41(a)(2) of the Federal Rules of Civil Procedure.

---

[1] Disclaimer: Documents filed in CM/ECF may contain hyperlinks to other documents or Web sites. These hyperlinks are provided only for users' convenience. Users are cautioned that hyperlinked documents in CM/ECF are subject to PACER fees. By allowing hyperlinks to other Web sites, this Court does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites. Likewise, the Court has no agreements with any of these third parties or their Web sites. The Court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the Court.

"Generally, a plaintiff may ask the court to dismiss an action at any time." Anago Franchising, Inc. v. Shaz, LLC, 677 F.3d 1272, 1276 (11th Cir. 2012) (citing Fed. R. Civ. P. 41(a)(2)). Rule 41(a)(2) permits a plaintiff to voluntarily dismiss an action "only by court order, on terms that the court considers proper." Fed. R. Civ. P. 41(a)(2). "The district court enjoys broad discretion in determining whether to allow a voluntary dismissal under Rule 41(a)(2)." Pontenberg v. Boston Scientific Corp., 252 F.3d 1253, 1255 (11th Cir. 2001) (citation omitted). "[I]n most cases a dismissal should be granted unless the defendant will suffer clear legal prejudice, other than the mere prospect of a subsequent lawsuit, as a result." McCants v. Ford Motor Co., Inc., 781 F.2d 855, 856-57 (11th Cir. 1986).

In this case, the parties previously advised they had reached a tentative settlement and requested the Court to stay proceedings until they finalized a settlement agreement. (Doc. #169 at ¶¶ 1, 4). The Court granted the parties' request and stayed the case until July 28, 2014. (Doc. #171). Plaintiff now advises the Court that all conditions of the settlement agreement have been met, leaving only Plaintiff's dismissal of this case to finalize the agreement. Under these circumstances, the Court finds that dismissing the case with prejudice is warranted.

Accordingly, it is now

**ORDERED:**

(1) Plaintiff Amber Hatcher's, by and through her next friend, Gregory Hatcher, Unopposed Motion to Dismiss With Prejudice (Doc. #175) is **GRANTED**. The case is **DISMISSED with prejudice**.

(2) The Clerk of the Court is directed to lift the stay flag, enter judgment accordingly, terminate any pending motions, and close the case.

**DONE** and **ORDERED** in Fort Myers, Florida this 22nd day of July, 2014.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies: All Parties of Record